1   MORGAN, LEWIS & BOCKIUS LLP
    JOHN S. BATTENFELD, SBN 119513
2   JILL A. PORCARO, SBN 190412
    300 South Grand Avenue
3   Twenty-Second Floor
    Los Angeles, CA  90071-3132
4   Tel: 213.612.2500
    Fax: 213.612.2501
5   email: jbattenfeld@morganlewis.com
    email: jporcaro@morganlewis.com
6
    MORGAN, LEWIS & BOCKIUS LLP
7   JENNIFER WHITE-SPERLING, SBN 166504
    5 Park Plaza, Suite 1750
8   Irvine, CA  92614
    Tel: 949.399.700
9   Fax: 949.399.7001
    email jwhitesperling@morganlewis.com
10
    Attorneys for Defendants New York Life Insurance
11  Company and New York Life Insurance and
    Annuity Corporation
12

13             UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 15  OLGA ORTMANN, as an individual and on behalf of all others similarly situated, | Case No. 3:07-CV-02506-WHA |
| 17         Plaintiff, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STAY OR TRANSFER THIS ACTION, OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S FIRST, SECOND, FOURTH AND SIXTH THROUGH TWELFTH CAUSES OF ACTION PURSUANT TO "THE FIRST-TO-FILE" RULE** |
| 18         v. | |
| 19  NEW YORK LIFE INSURANCE COMPANY, a corporation; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, a corporation; and DOES 1 through 20, inclusive, | |
| 22         Defendants. | Judge:     Hon. William Alsup<br>Date:      July 5, 2007<br>Time:     8:00 a.m.<br>Courtroom: 9, 19th Floor |

26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION.................................................................................. 1

II.   FACTS IN SUPPORT OF THE MOTION........................................... 2

      A.    The First-Filed Opyrchal Action............................................ 2

      B.    The Overlapping, Second-Filed Ortmann Action.................... 4

III.  ARGUMENT ...................................................................................... 6

      A.    This Court Should Stay or Transfer the Ortmann Action Because The Claims are Duplicative and/or Overlapping of the Claims Asserted in the First-Filed Opyrchal Action – Alternatively the Court Should Dismiss the Duplicative First, Second, Fourth, and Sixth Through Twelfth Causes of Action In the Ortmann Action ....... 6

      B.    The Three Factors Courts Consider In Applying The "First-to-File" Rule Favor a Stay, Transfer or Dismissal of the Ortmann Action ........................................................................................ 9

            1.    The Opyrchal Action Was Chronologically Filed First ............. 9

            2.    The Opyrchal Action Includes the Same Defendants and Putative Class Members as are Included in This Action.......... 10

            3.    The Ortmann Action and the Opyrchal Action Challenge Defendants' Compliance With the Same California Laws Applicable to Payment of Wages, Reimbursement of Business Expenses, Deductions from Wages and Wage Statements Requirements; Thus the Issues Are the Same or Overlapping................................................................ 11

            4.    Applying The "First-to-File" Rule Will Promote Judicial Economy .......................................................................... 19

IV.   CONCLUSION .................................................................................. 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                              i                    MEMORANDUM OF POINTS AND
                                                               AUTHORITIES IN SUPPORT OF MOTION TO
                                                               STAY OR TRANSFER

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Alltrade, Inc. v. Uniweld Products, Inc.*,
  946 F.2d 622 (9th Cir. 1991).......................................................... 6,8

*Barapind v. Reno*,
  72 F. Supp. 2d 1132 (E.D. Cal. 1999)............................................. 2,6,7,21

*BP Chemicals Limited v. Yankuang Group Boyang Foreign Economic &*
  *Trad. Co.*, 2004 U.S. Dist. LEXIS 28822, *2 (C.D. Cal. 2004) ..................... 2

*Bryant v. Oxxford Express, Inc.*,
  181 F. Supp. 2d 1045 (C.D. Cal. 2000) ........................................ 19

*Colorado River Water Conservation District v. United States*,
  424 U.S. 800 (1976) ............................................................ 7, 21

*Curtis v. DiMaio*,
  46 F. Supp. 2d 206 (E.D.N.Y. 1999)............................................ 10, 20

*District Council 37 Health & Security Plan v. McKesson*,
  2006 U.S. Dist. LEXIS 30584 (N.D. Cal. May 11, 2006) ........................ 10

*Fuller v. Abercrombie & Fitch Stores, Inc.*,
  370 F. Supp. 2d 686 (E.D. Tenn. 2005)........................................ 10

*Guthy-Renker Fitness v Icon Health and Fitness, Inc.*,
  179 F.R.D. 264, 270 ........................................................... 8

*Howard v. Klynveld Peat Marwick*,
  977 F. Supp. 654 (S.D.N.Y. 1997)............................................ 7,11

*Nakash v. Marchano*,
  882 F.2d 1411 (9th Cir. 1989)................................................. 7

*National Union Fire Ins. Co. of Pittsburgh, PA. v. Liberty Mutual Fire Ins.*
  *Co.*,
  No. 05 CIV 5262 (DLC), 2005 U.S. Dist. LEXIS 19778 (S.D.N.Y.
  Sept. 7, 2005) ................................................................. 9

*Pacesetter System, Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982)................................................... 7, 20

*Peak v. Green Tree Finance Serv. Corp.*,
  2000 U.S. Dist. LEXIS 9711, 2000 WL 973685 (N.D. Cal. 2000) ........ 6,7,19

*Save Power Ltd. v. Syntek Finance Corp.*,
  121 F.3d 947 (5th Cir. 1997).................................................. 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                    ii                    MEMORANDUM OF POINTS AND
                                                       AUTHORITIES IN SUPPORT OF MOTION TO
                                                       STAY OR TRANSFER

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

*Semmes Motors, Inc. v. Ford Motor Co.*,
    429 F.2d 1197 (2d. Cir. 1970)................................................................. 8

4

*Serlin v. Arthur Andersen & Co.*,
    3 F.3d 221 (7th Cir. 1993)..................................................................... 7

5

6

*Walker v. Progressive Casualty Insurance Company*,
    2003 U.S. Dist. LEXIS 7871............................................................ 11,21

7

*Ward v. Follett Corp.*,
    58 F.R.D. 645, 648 (N.D. Cal. 1994)...................................................... 8

8

9

*WeWee v. United States*,
    2002 U.S. Dist. LEXIS 2959 (D. Ariz. Jan. 31, 2002) ............................. 7,21

10

*Wherry v. All California Funding*,
    No. C 06-4384 SBA, 2006 U.S. Dist. LEXIS 53431 (N.D. Cal. July 20,
    2006)................................................................................................. 9

11

12

*Carey v. Hillsborough County Department of Corrections*,
    2006 WL 758311, 2006 U.S. Dist. LEXIS 23515 (D.N.H. March 6,
    2006)................................................................................................. 7

13

14

*Centocor, Inc. v. MedicalImmune, Inc.*,
    2002 WL 31465299  2002 U.S. Dist. LEXIS 21109 (N.D. Cal. Oct.
    22, 2002)........................................................................................... 11

15

16

*Hahn v. Tarnow*,
    2006 WL 2160934, 2006 U.S. Dist. LEXIS 52383 (E.D. Mich. July
    31, 2006)............................................................................................ 7

17

18

*VISX, Inc. v. Garabet*,
    2000 WL. 1929328, 2000 U.S. Dist. LEXIS 19063 (N.D. Cal. Dec. 22,
    2000)................................................................................................. 7

19

20

*Weinstein v. Metlife Inc., et al.*,
    2006 WL 3201045 (N.D. Cal. Nov. 6, 2006)...................................... 2,10

21

22

## STATE STATUTES

23

Cal. Bus. & Prof. Code § 17200 ............................................................ 17

24

Labor Code §§ 201-203 .................................................................... 5,11

25

Labor Code § 226 ............................................................................. 4,5

26

Labor Code § 226(a) ......................................................................... 4,11

27

Labor Code § 226(e) ........................................................................... 15

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                                  iii                   MEMORANDUM OF POINTS AND
                                                                    AUTHORITIES IN SUPPORT OF MOTION TO
                                                                    STAY OR TRANSFER

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    Labor Code § 226.7 ..................................................................... 6,13

4    Labor Code § 1194 ...................................................................... 4,11

5    Labor Code § 1194.2 ................................................................... 4,5

6    Labor Code § 2802 ...................................................................... 4,11

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

## I.    **INTRODUCTION**

A civil action against Defendants New York Life Insurance Company and New York Life Insurance and Annuity Corporation ("Defendants") entitled *Opyrchal v. New York Life Insurance Company, Inc., et al.* Case No. CV 07-518-VBF (VBKx) is currently pending in the U.S. District Court for the Central District of California before the Honorable Valerie Baker Fairbank ("*Opyrchal* Action"). The *Opyrchal* Action was filed on December 11, 2006. More than three months later, on March 26, 2007, Plaintiff Olga Ortmann filed the instant action against Defendants ("*Ortmann* Action").

The plaintiffs in both the *Opyrchal* Action and the *Ortmann* Action claim to have been employed by Defendants as insurance agents in California. They both seek to bring their claims on behalf of a proposed class of Defendants' current and former insurance agents in California within the four years preceding the filing of their complaints. Both Opyrchal and Ortmann purport to allege nearly identical class claims under the Labor Code for (1) failure to pay minimum wages, (2) failure to reimburse for business expenses; (3) unlawful deductions from wages; (4) failure to provide itemized wage statements; and (5) failure to pay all wages owed at the time of termination; and for violation of Business & Professions Code sections 17200 *et al.* ("UCL"). In addition, Ortmann alleges several duplicative common law claims for declaratory relief, unjust enrichment, conversion, and for an accounting, all of which arise out of her claims concerning the alleged violations of the Labor Code.[1]

The only claims alleged by Ortmann that are unique to the *Ortmann* Action is a claim for failure to pay overtime and a claim for failure to pay compensation for denied meal and rest breaks. These claims, however, like Ortmann's claim for

---

[1] As is discussed fully in Defendants' Motion to Dismiss, filed concurrently herewith, Ortmann's common law claims are not viable as a matter of law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                    1                    MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

1  "failure to pay minimum wages" are premised upon Ortmann's theory that she and

2  the class members were misclassified as exempt employees.  Of course, Opyrchal's

3  minimum wage claim is also premised on this same misclassification theory.

4      The well established "first-to-file" rule allows a district court to dismiss, stay

5  or transfer an action when a similar complaint has already been filed in another

6  federal court. "It is universally recognized that a 'litigant has no right to maintain a

7  second action duplicative of another.'"[2]  This principle applies where causes of

8  action are duplicative, even if other parts of the case are not duplicative.[3]

9      Pursuant to the "first-to-file" rule, Defendants request that this Court stay or

10 transfer this action to the Central District Court where the *Opyrchal* Action is

11 pending.  Alternatively, Defendants request that the Court dismiss the *Ortmann*

12 Action's duplicative first, second, fourth, and sixth through twelfth causes of action

13 because they concern rights and remedies that are substantially similar, if not

14 identical, to those asserted in the first-filed *Opyrchal* Action.  The *Opyrchal* Action

15 - now pending in the Central District - will fully protect the rights, if any, of the

16 putative class members.  Application of the first-to-file rule here will promote

17 judicial efficiency, and avoid duplication, wasted resources, the risk of inconsistent

18 decisions and unnecessary expense.

19 **II.    FACTS IN SUPPORT OF THE MOTION**

20     **A.    The First-Filed Opyrchal Action.**

21     On or about December 11, 2006, Opyrchal, a former insurance agent of

22 Defendants, filed suit in the California Superior Court, County of Los Angeles

23 entitled: *Justin Opyrchal v. New York Life Insurance Company, Inc.; New York Life*

---

[2] *See BP Chemicals Limited v. Yankuang Group Boyang Foreign Economic & Trad. Co.*, No. CV-04-02946 PA, 2004 U.S. Dist. LEXIS 28822 at *2 (C.D. Cal. 2004) (citing *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)).

[3] *See, e.g., Weinstein v. MetLife Inc.*, 2006 WL 3201045 (N.D. Cal. 2006) (Third Cause of Action stayed on motion that addressed only that count under the first-to-file rule because it was duplicative of an earlier filed suit).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                2                MEMORANDUM OF POINTS AND
                                              AUTHORITIES IN SUPPORT OF MOTION TO
                                              STAY OR TRANSFER

1   *and Health Insurance Company, Inc.; New York Life Insurance and Annuity*

2   *Corporation, Inc.,* Case No. CV 07-518-VBF (VBKx). (*See* Declaration of Jill A.

3   Porcaro Decl." ¶2, Exhibit A). Defendants removed the case to the Central District

4   on January 22, 2007. (*See* Porcaro Decl. ¶3, Exh. B). Defendant New York Life

5   and Health Insurance Company, Inc. was subsequently dismissed. Opyrchal filed a

6   First Amended Complaint on or about May 11, 2007. (*See* Porcaro Decl. ¶5, Exh.

7   D). Opyrchal's first through fifth causes of action allege that he was not paid

8   minimum wages in violation of Labor Code § 1194 and the Wage Orders (First

9   Cause of Action), was not reimbursed for business expenses in violation of Labor

10  Code § 2802 (Second Cause of Action), was subjected to unlawful deductions from

11  wages in violation of Labor Code §§ 221, 223, 451 and/or 2802 (Second and Fifth

12  Causes of Action), was not provided with properly itemized wage statements in

13  violation of Labor Code § 226 (Third Cause of Action), and was not timely paid his

14  final wages in violation of Labor Code §§ 201 through 203 (Fourth Cause of

15  Action). Opyrchal's Sixth and Seventh Causes of Action contend these alleged

16  violations of the Labor Code constitute "unlawful" and "unfair" business practices

17  in violation of the UCL. (*See* Porcaro Decl. ¶ 5, Exh. D) (*Opyrchal* Action Amend.

18  Compl. ¶¶ 29-31, 34-36, 39-40, 44-45, 48-49, 53 and 58).

19          Opyrchal seeks to bring a class action on behalf of:

20

21          [C]urrent and former employees of Defendants

22          throughout the State of California, who have been

23          employed by Defendants in the State of California within

            the four (4) years preceding the filing of this Complaint –

24          and continuing to trial or until an appropriate ending date

25          for a Class Period – as Agents for Defendants (and/or in

26          similar positions and/or with similar job titles, duties and

27          responsibilities) working under a 'TSA [sic] Plan

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                           3                MEMORANDUM OF POINTS AND
                                                         AUTHORITIES IN SUPPORT OF MOTION TO
                                                         STAY OR TRANSFER

1      Agreement [Training Allowance Subsidy Plan

2      Agreement]' which defines them as employees of

3      Defendants.

4    (*Opyrchal* Action, Amend. Compl. ¶ 7).

5         In connection with his claims, Opyrchal seeks to recover on behalf of himself

6    and the putative class members he purports to represent, (1) "restitution of all

7    monies, wages, expenses and benefits" allegedly due, (2) liquidated damages under

8    Labor Code § 1194.2, (3) interest, (4) nominal, actual, and compensatory damages,

9    (5) waiting time penalties under Labor Code § 203, (6) penalties under Labor Code

10   § 226, (7) equitable and declaratory relief, (8) attorney's fees, and (9) costs of suit.

11   (*See Opyrchal* Action, Amend. Compl., Prayer ¶¶ 1-14).

12        **B.**    **The Overlapping, Second-Filed Ortmann Action.**

13        On March 26, 2007, more than three months after the *Opyrchal* Action was

14   filed, Ortmann filed her putative class action suit against the same Defendants in

15   the Superior Court of the State of California for the County of Alameda. (*See*

16   Porcaro Decl., ¶ 6, Exh. E). Defendants removed this action to this Court on May

17   10, 2007. (*See* Porcaro Decl. ¶ 6). Like Opyrchal, Ortmann alleges that

18   Defendants failed to pay their insurance agents minimum wages in violation of

19   Labor Code § 1194 (Second Cause of Action), failed to reimburse their agents for

20   business expenses in violation Labor Code § 2802 (Fourth Cause of Action); failed

21   to timely pay its former agents all wages due at termination in violation of Labor

22   Code § 203 (Sixth Cause of Action); and failed to provide them with accurate

23   itemized wage statements in violation of Labor Code § 226(a) (Seventh Cause of

24   Action) and violated the UCL (Twelfth Cause of Action). (*See* Porcaro Decl. ¶ 6,

25   Exh. E).[4]

26

27   [4] Ortmann's Complaint further alleges that Defendants failed to pay their agents overtime wages
     (Third Cause of Action) and denied them meal and rest breaks required by California law (Fifth
     Cause of Action).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                4         MEMORANDUM OF POINTS AND
                                       AUTHORITIES IN SUPPORT OF MOTION TO
                                       STAY OR TRANSFER

1    In addition, Ortmann alleges related common law claims for declaratory

2  relief (First Cause of Action), an accounting (Eighth Cause of Action), unjust

3  enrichment (Ninth Cause of Action), conversion (Tenth Cause of Action), and

4  injunctive relief (Eleventh Cause of Action) arising out of the alleged violations of

5  the Labor Code that serve as the basis for her other causes of action.

6    Ortmann seeks to represent a class of "all persons who are or have been

7  employed by [Defendants] as insurance agents, in any of the Defendants' offices in

8  the State of California during the Class Period." (*Ortmann* Compl. ¶ 1.)

9    Plaintiff defines "insurance agent" as:

10    any individual whose primary assigned duties included or

11    included, but [sic] neither were nor are limited to,

12    insurance sales carried out pursuant to the  "Training

13    Allowance Subsidiary Plan Agreement" and/or the

14    "Agent's Contract"….

15  (*Ortmann* Compl. ¶ 15).

16    Ortmann further seeks to represent a subclass consisting of:

17    [A]ll persons whose employment with Defendants has

18    terminated and who did not receive all of the wages owed

19    to them at the time of termination, and/or who did not

20    receive their final wages in a timely matter as mandated

21    by California law.  The named Plaintiff is a member of

22    this sub-class.

23  (*Ortmann* Compl. ¶ 15).

24    Similar to the *Opyrchal* Action, Ortmann seeks to recover (1) wages and "all

25  monies owed" to the putative class members, (2) interest accrued to date, (3)

26  penalties under Labor Code § 226, (4) liquidated damages under Labor Code §

27  1194.2, (5) waiting time penalties under Labor Code § 203 for failure to timely pay

28  all wages due at termination, (6) injunctive relief, (7) declaratory relief, (8)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                    5                    MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

1   attorney's fees, (9) nominal damages, and (10) costs of suit. (See *Ortmann* Compl.,

2   Prayer ¶¶ 3-9, 11-12). Ortmann further seeks an accounting, punitive damages and

3   penalties under Labor Code §§ 226.7 and 558 for alleged denial of meal and rest

4   breaks provided under California law.[5] (*See Ortmann* Amend. Compl., Prayer ¶¶ 6,

5   10, 13).

6 **III.**   **ARGUMENT**

7     **A.**    **This Court Should Stay or Transfer the *Ortmann* Action Because**

8               **The Claims are Duplicative and/or Overlapping of the Claims Asserted in the First-Filed *Opyrchal* Action – Alternatively the**

9               **Court Should Dismiss the Duplicative First, Second, Fourth, and**

10               **Sixth Through Twelfth Causes of Action In the *Ortmann* Action.**

11     There is a strong federal policy to avoid duplicative and inefficient litigation.

12           The principles of comity allow a district court to decline

13           jurisdiction over an action where a complaint involving

14           the same parties and issues has already been filed in

15           another district. "[W]hile no precise rule has evolved, the

16           general principle is to avoid duplicative litigation," and

17           promote judicial efficiency.

18 *Barapind v. Reno,* 225 F.3d 1100, 1109 (9th Cir. 2000) (citations omitted). When

19 cases involving the same parties and issues have been filed in two different

20 districts, the second district court has discretion to dismiss, stay or transfer the

21 second case in the interest of efficiency and judicial economy. *See Alltrade, Inc. v.*

22 *Uniweld Products, Inc.,* 946 F.2d 622, 625, 628-629 (9th Cir. 1991); *Peak v. Green*

23 *Tree Fin. Serv. Corp.,* 2000 U.S. Dist. LEXIS 9711, *4, 2000 WL973685, *2 (N.D.

24 Cal. 2000) (citing *Alltrade,* 946 F.2d at 623).

25

26       [5] Defendants concurrently move to strike Plaintiff's request for punitive damages. *See*

27 Defendants' Motion to Strike filed concurrently herewith. The *Opyrchal* Court struck
Opyrchal's request for punitive damages by Order filed on February 12, 2007. *See* Porcaro

28 Decl. ¶ 4, Exh. C.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2          6          MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

1   This rule has been dubbed the "first-to-file" rule, and is well established in

2   the Ninth Circuit. "In the Ninth Circuit, the 'first-to-file' rule embodies the

3   principles of federal comity." *Peak* 2000 WL 973685 at \*2 (*citing Pacesetter Sys.,*

4   *Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). *See also e.g.*, *Carey v.*

5   *Hillsborough County Dept. of Corrections*, 2006 WL 758311, 2006 U.S. Dist.

6   LEXIS 23515 (D.N.H. March 6, 2006) (second-filed complaint dismissed where the

7   claims, parties and available relief did not significantly differ from the first-filed

8   complaint pending in the same district); *Hahn v. Tarnow*, 2006 WL 2160934, 2006

9   U.S.Dist.LEXIS 52383 (E.D. Mich. July 31, 2006) (same); *Howard v. Klynveld*

10  *Peat Marwick*, 977 F. Supp. 654, 664 (S.D.N.Y. 1997) (same). District courts are

11  accorded "a great deal of latitude and discretion" in determining whether a claim is

12  duplicative, but generally a "suit is duplicative, and thus subject to dismissal, if the

13  claims, parties and available relief do not significantly differ between the two

14  actions." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D.Cal. 1999); *Serlin v.*

15  *Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993). [6]

16      The "first-to-file" rule has been expressly applied in the class action context.

17  *See, e.g., Peak*, 2000 WL 973685, 2000 U.S. Dist. LEXIS 9711 (N.D. Cal July 7,

18  2000) (holding that even though the named plaintiffs were different in two class

19  actions, the issues that were presented sufficiently duplicated one another to justify

20  dismissing the second filed case).

21      Indeed, the Ninth Circuit Court of Appeals has expressly noted that "[t]he

22

---

23  [6] *See also, Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)
    wherein the United States Supreme Court recognized that the general principle is to avoid

24  duplicative litigation, and that a district court's authority to dismiss or stay duplicative claims
    operates to conserve scarce judicial resources and promote efficient and comprehensive

25  disposition of cases. *Id.* at 817. *Colorado River* is widely cited in cases, such as this, where a
    district court exercises its discretion to dismiss or stay a duplicative claim filed in the same or

26  different judicial district. *See Nakash v. Marchano*, 882 F.2d 1411 (9th Cir. 1989); *Hahn v.*
    *Tarnow*, 2006 U.S. Dist. LEXIS 52383 at \*22-26; *WeWee v. United States*, 2002 U.S. Dist.

27  LEXIS 2959, \*5 (D. Ariz. Jan. 31, 2002); *VISX, Inc. v. Garabet*, 2000 WL 1929328, 2000 U.S.
    Dist. LEXIS 19063, \*6 (N.D. Cal. Dec. 22, 2000) (applying the first-to-file rule).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                7                MEMORANDUM OF POINTS AND
                                             AUTHORITIES IN SUPPORT OF MOTION TO
                                             STAY OR TRANSFER

1    first-to-file rule was developed to 'serve [ ] the purpose of promoting efficiency

2    well and should not be disregarded lightly.'" *Alltrade, Inc. v. Uniweld Prod., Inc.*,

3    946 F.2d 622, 625 (9th Cir. 1991). In fact, "unless compelling circumstances

4    justify departure from this rule," the first-filed case "should be permitted to proceed

5    without concern about a conflicting order being issued in the later filed action."

6    *Ward v. Follett Corp.*, 158 F.R.D 645, 648-650 (N.D. Cal. 1994) (district court

7    dismissed action to allow first-filing party to proceed without concern of a

8    conflicting order being issued by the court in the second-filed action). *See also*

9    *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202-03 (2d. Cir. 1970)

10   (reversing district court's refusal to stay second-filed action pursuant to general rule

11   that the first of two duplicative actions should take precedence).

12          Under the first-to-file rule, a district court may, in its discretion, dismiss, stay

13   or transfer a later-filed case once three simple requirements, all present here, are

14   met:

15          (1)    Chronology (i.e., the case that will be dismissed, stayed or transferred

16   must be the second case filed);

17          (2)    Similarity of parties; and

18          (3)    Similarity of issues.

19   *Alltrade, Inc.*, 946 F.2d at 625-626; *Guthy-Renker Fitness v Icon Health and*

20   *Fitness, Inc.*, 179 F.R.D. 264, 270; *Ward v. Follett Corp.*, 58 F.R.D. 645, 648 (N.D.

21   Cal. 1994). If these requirements are met, as is clearly the case here, the court may

22   then apply equitable considerations to determine whether "wise judicial

23   administration" warrants relief, or whether concurrent litigation should proceed. *Id.*

24   at 627.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                               8                    MEMORANDUM OF POINTS AND
                                                                AUTHORITIES IN SUPPORT OF MOTION TO
                                                                STAY OR TRANSFER

B.   **The Three Factors Courts Consider In Applying The "First-to-File" Rule Favor a Stay, Transfer or Dismissal of the *Ortmann* Action.**

As shown below, the three requirements of the first-to-file rule in *Alltrade* are satisfied, and the equitable considerations militate strongly in favor of staying or transferring the entire *Ortmann* Action to the Central District.  The *Ortmann* Complaint alleges virtually the same or overlapping legal claims (relating to failure to pay wages, failure to reimburse business expenses, unlawful deductions from wages, failure to provide proper itemized wage statements, failure to timely pay all wages due at termination and unfair competition) on behalf of a purported class of Defendants' current and former insurance agents that is essentially same as the class the plaintiff in *Opyrchal* purports to represent.  Because the *Opyrchal* Action was filed before the *Ortmann* Action, the *Opyrchal* Action "should have priority." *National Union Fire Ins. Co. of Pittsburgh, PA. v. Liberty Mutual Fire Ins. Co.*, No. 05 CIV 5262 (DLC), 2005 U.S. Dist. LEXIS 19778, *2 (S.D.N.Y. Sept. 7, 2005) ("where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances").

1.   **The *Opyrchal* Action Was Chronologically Filed First.**

The *Opyrchal* Class Action was filed on December 11, 2006, prior to the *Ortmann* Action's filing on March 26, 2007.  Thus, the first element, chronology of the actions, is met.  *See Wherry v. All California Funding*, No. C 06-4384 SBA, 2006 U.S. Dist. LEXIS 53431, *5, fn.3 (N.D. Cal. July 20, 2006) (declining jurisdiction where the same property was at issue in a pending Bankruptcy Court action, and noting dismissal was also proper under the first-to-file rule because the Bankruptcy Court action was filed prior to the instant action and involved the same parties and issues).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2

9

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

2.     **The *Opyrchal* Action Includes the Same Defendants and Putative Class Members as are Included in This Action.**

"The parties and issues need not be identical" for the first-to-file rule to apply. *See Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) (*citing Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997)). "Rather, the crucial inquiry is whether the parties and issues substantially overlap." *Id.* at 688. *See also Peak*, 2000 WL 973685, at *2 (applying "first-to-file" rule where "[t]he proposed class in both cases is identically defined" and the alleged offending behavior "is the same in both cases"); *Dist. Council 37 Health & Sec. Plan v. McKesson*, 2006 U.S. Dist. LEXIS 30584, *2-3 (N.D. Cal. May 11, 2006) (under the first-to-file rule, the court found the parties substantially similar because although the named plaintiffs in the two cases were different, they were members of classes which were defined identically in the two actions).

Also, in applying the "first-to-file" rule to a class action, the fact that the class representatives are different and no class has yet been certified is irrelevant to the analysis. Instead, courts consider whether the putative classes are similar. *Id.* *See also e.g.*, *Weinstein v. Metlife Inc., et al.*, 2006 WL 3201045 (N.D. Cal Nov. 6, 2006) ("In a class action, it is the class, not the representative, that is compared" in analyzing whether the parties are sufficiently similar"); *District Council 37 Health & Security Plan v. McKesson*, 2006 U.S. Dist. LEXIS 30584 *2-3 (N.D. Cal. May 11, 2006) ("The Court finds that the parties to the two cases are substantially similar"); *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 215-16 (E.D.N.Y. 1999) (dismissing suit as duplicative after finding that although parties were not identical, their interests were sufficiently aligned).

Here, the Defendants in the *Ortmann* Action are identical to the Defendants named in the *Opyrchal* Action. In addition, Ortmann proposes to represent a class of Defendants' current and former insurance agents in California, which are entirely

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                                    10                    MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

1   encompassed within the class that Opyrchal seeks to represent in the first-filed

2   action. In fact, Plaintiff Ortmann herself is a putative member of the class that

3   Opyrchal seeks to represent. Thus, the parties here "substantially overlap," if not

4   <u>fully</u> overlap for purposes of the first-to-file rule, and the rule's second element is

5   met. *See Centocor, Inc. v. MedImmune, Inc.*, 2002 WL 31465299 *3 2002 U.S.

6   Dist. LEXIS 21109 (N.D. Cal. Oct. 22, 2002) ("Courts generally do not require

7   identical issues or parties so long as the actions involve closely related questions or

8   common subject matter."). The parties need only "represent the same interests" to

9   be duplicative. *Howard v. Klynveld Peat Marwick*, 977 F. Supp. 654, 664

10  (S.D.N.Y. 1997) (finding an action duplicative even though the later lawsuit named

11  additional individual defendants).

> 3.  **The *Ortmann* Action and the *Opyrchal* Action Challenge
> Defendants' Compliance With the Same California Laws
> Applicable to Payment of Wages, Reimbursement of
> Business Expenses, Deductions from Wages and Wage
> Statements Requirements; Thus the Issues Are the Same or
> Overlapping.**

15  "The issues in the two actions need not be identical for purposes of the first-

16  to-file rule but must only be substantially similar." *See Walker*, 2003 U.S. Dist.

17  LEXIS 7871 at *7. "Accordingly, slight differences in the claims asserted do not

18  prevent application of the rule where the underlying complained-of conduct is

19  almost identical." *Id.* at *7-8.

20      Here, Ortmann seeks to bring multiple claims, duplicative of those asserted

21  in the *Opyrchal* Action, based on Defendants' purported failure to pay minimum

22  wages for all hours worked under Labor Code § 1194, failure to reimburse

23  employees for business expenses in violation of Labor Code § 2802, unlawful wage

24  deductions, failure to timely pay employees their final wages at the time of

25  termination in violation of Labor Code §§ 201-203, failure to provide wage

26  statements that comply with the requirements of Labor Code § 226(a), and unfair

27  competition in violation of the UCL. The substantial similarity of Ortmann's

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2

11

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

1    claims to those brought by Opyrchal is apparent from a comparison of their

2    allegations below:

3        **The Wage Claims**:

4        *Opyrchal* Action:  In his First Cause of Action (for alleged "Failure to Pay

5    Minimum Wage, Under the Laws of the State of California"), Opyrchal alleges in

6    pertinent part that "Defendants have unlawfully denied Plaintiffs [sic] wages and

7    other benefits of employment, when as a matter of fact and law, Plaintiffs are

8    Defendants' 'employees' pursuant to contract." Opyrchal further alleges that

9    "Defendants have not paid Plaintiffs the minimum wage for all hours worked

10   during the period that they were in training for three (3) days per week." (*See*

11   *Opyrchal* Amend. Compl. ¶¶ 29 and 31).  Opyrchal premises his minimum wage

12   claim on his theory that Defendants misclassified their insurance agents as exempt

13   employees while in training.  He alleges "[w]hile the Agents are engaged in

14   attending such orientation and training classes, Agents are not engaged in any

15   activities directly related to marketing or selling polices or products to Defendants'

16   customers" and that "Plaintiffs end up …with payment less than the minimum

17   wage." (*Opyrchal* Amend. Compl. ¶ 9).

18       *Opyrchal* seeks to recover "all amounts for all such hours worked, penalties

19   pursuant to Labor Code § 203, liquidated damages, interests, attorneys' fees, costs

20   and expenses of suit, pursuant to Labor Code §§ 1194 and 1194.2, according to

21   proof at time of trial." (*See Opyrchal* Amended Compl. ¶ 31).

22       *Ortmann* Action:  In her Second Cause of Action (for alleged "Failure to Pay

23   Minimum Wages Under California Industrial Welfare Commission Orders and

24   *Labor Code* § 1194"), Ortmann similarly alleges that "Defendants failed to

25   compensate Plaintiff and the members of the Plaintiff Class for hours worked as

26   required under the *California Labor Code* and *Code of Regulations*." Ortmann

27   further alleges that "Plaintiff and members of the Plaintiff Class are entitled to

28   minimum wages for hours worked during the four (4) four years preceding the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                    12

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

filing of this Complaint." (*See Ortmann* Compl. ¶¶ 26-27) (emphasis in original).

Ortmann seeks to recover compensation on behalf of herself and the putative class members for unpaid wages, "plus interest, penalties, attorney's fees, expenses and costs of suit." (*See Ortmann* Compl. ¶ 30). In addition, Ortmann seeks an award of "nominal, actual, compensatory and punitive damages. (*See Ortmann* Compl. ¶ 29).

Ortmann further alleges additional wage and wage-related claims for unpaid overtime (Third Cause of Action) and for compensation for denied meal and rest breaks (Fifth Cause of Action). As with Opyrchal, Ortmann premises each of these claims on the theory that Defendants misclassified their insurance agents as exempt employees. She alleges: "Plaintiff and members of the Plaintiff class previously were, or presently are, insurance agents employed as employees by Defendants in California who were not, and are not, exempt from the payment of minimum wages and overtime under California law." (Ortmann Compl. ¶ 10.). In support of her claim for denied meal and rest breaks, Ortmann further contends that Defendants failed to comply with the California Wage Order and Labor Code § 226.7, which provide for meal and rest breaks for non-exempt employees. (Ortmann Compl. ¶¶ 46-47).[7] Ortmann's claims for overtime and denied meal and rest breaks overlap with Opyrchal's minimum wage claim because they rely on a misclassification theory and therefore present the possibility of inconsistent rulings should they be litigated in different courts.

**Failure to Reimburse/Unlawful Deduction Claims:**

*Opyrchal* Action: In his Second Cause of Action (for alleged "Failure to Indemnify and Reimburse For Business Expenses, and Unlawful Deductions from Wages"), Opyrchal alleges that "Plaintiffs have been required to, among other items: pay monthly rent on a cubicle in Defendants' offices; pay monthly telephone

---

[7] *See Ortmann* Compl. ¶¶ 26, 37, 44; California Wage Order 4-2001 (as amended), California Code of Regulations, Title 8, § 11090, Sections 1, 11 and 12.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                13                MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

1  service charges for a phone line run into their cubicle; pay copy charge fees; and

2  pay for required, specialized software and technical support for that software as a

3  monthly charge" and that "Defendants have also charged Plaintiffs a 'commission

4  administration fee' for each policy on which Defendants paid Plaintiffs a

5  commission." (*See Opyrchal* Amend. Compl. ¶ 35). Opyrchal further alleges that

6  "Defendants have refused to perform their obligations to properly indemnify and

7  reimburse Plaintiffs for such items, and avoid making deductions or setoffs from

8  Plaintiffs' earned wages." (*See Opyrchal* Amend. Compl. ¶ 35).

9     Opyrchal seeks to recover on behalf of himself and the putative class

10  members, "all amounts for all such expenses, penalties pursuant to Labor Code

11  § 203, interest, attorneys' fees, and court costs and expenses of suit, pursuant to

12  Labor Code §§ 218.6 and 2802, according to proof at trial." In addition, Opyrchal

13  seeks "nominal, actual and compensatory damages in amounts according to proof at

14  trial." (*See Opyrchal* Amend. Compl. ¶ 36).

15     *Ortmann* Action: In her Fourth Cause of Action (for alleged "Failure to

16  Indemnify for Expenses and Losses and Illegal Deductions from Wages Under

17  *California Labor Code* §§ 226 and 2802), Ortmann similarly alleges in pertinent

18  part that "Defendants acted wrongfully by: a. Failing to indemnify Plaintiff and

19  members of the Plaintiff Class for office supplies, faxes, rent, software, sales

20  scripts, call leads, insurance, mileage, and other expenses...". Ortmann further

21  alleges that Defendants made "unlawful deductions and/or set-offs from the wages

22  of Plaintiff and members of the Plaintiff class, and failing to properly itemize all

23  deductions from wages." (*See Ortmann* Compl. ¶ 40).

24     Similar to Opyrchal, Ortmann seeks to recover on behalf of herself and the

25  putative class "the unpaid balance of monies Defendants owe, plus interest,

26  penalties, attorney's fees, expenses and costs of suit." (*See Ortmann* Compl. ¶ 44).

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                    14         MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF MOTION TO
                                            STAY OR TRANSFER

**Wage Statement Claims**:

*Opyrchal* Action:  In his Third Cause of Action (for alleged "Failure to Provide Properly Itemized Wage Statements, Under the Laws of the State of California"), Opyrchal alleges in pertinent part that "Defendants have refused to perform their obligations to provide Plaintiffs with properly itemized wage statements, including proper itemization of employees' pay, and of deductions authorized in writing by employees." (*See Opyrchal* Amend. Compl. ¶ 39).

Opyrchal seeks to recover on behalf of himself and the putative class members "all amounts for all such wages and expenses and benefits on such wages statements, penalties, interest, attorneys' fees and court costs and expense of suit pursuant to Labor Code §§ 218.6 and 226, according to proof at time of trial."  In addition, Opyrchal seeks to recover "in addition to or in lieu of some or all such wages and expenses and benefits, nominal, actual and compensatory damages in amounts according to proof at time of trial." (*See Opyrchal* Amend. Compl. ¶ 41).

*Ortmann* Action:  In her Seventh Cause of Action (for alleged "Failure to Provide an 'Accurate' Itemized Wage Statement Upon Payment of Wages in Violation of Labor Code § 226"), Ortmann similarly alleges that "Defendants failed to accurately record on their wage statements, the hours and overtime hours worked by Plaintiff and the class. (*See Ortmann* Compl. ¶¶ 55-56).  Ortmann further alleges that "Plaintiff and members of the Plaintiff class were damaged by these failures because, among other things, the failure to accurately record or maintain records of the hours worked hindered Plaintiff and the members of the Plaintiff Class from determining the amounts of wages owed to them." (*See Ortmann* Compl. ¶ 57).

Similar to Opyrachal, Ortmann seeks to recover on behalf of herself and the putative class members, penalties under Labor Code section 226(e), "as well as interest, attorney's fees and costs …". (*See Ortmann* Compl. ¶ 58).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                                         15                    MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

**Waiting Time Penalty Claims:**

*Opyrchal* Action:  In his Fourth Cause of Action (for alleged "Wages Unlawfully Withheld at Termination"), Opyrchal alleges in pertinent part that "Defendants have refused to perform their obligations to provide former employee-Plaintiffs with all earned wages as of the date of each former-employee-Plaintiffs' termination of employment with Defendants." (*See Opyrchal* Amend. Compl. ¶ 45).  Opyrchal seeks to recover on behalf of himself and the putative class members, "all amounts for all such compensation plus waiting time penalties pursuant to Labor Code sections 200-203, according to proof at trial."  In addition, Opyrchal seeks to recover "nominal, actual and compensatory damages in amounts according to proof at trial." (*See Opyrchal* Amend. Compl. ¶ 45).

*Ortmann* Action:  In her Sixth Cause of Action (for alleged "Failure to Pay Compensation at the Time of termination in Violation of Labor Code §§ 201-203"), Ortmann alleges that "Plaintiffs and the members of the terminated subclass were previously employed by Defendants" and that "Defendants failed to pay all wages due to this sub-class at the time of termination, and, in addition failed to pay all wages due in a timely manner as mandated by California Labor Code §§ 201-203." (*See Ortmann* Compl. ¶51).

Similar to Opyrchal, Ortmann seeks to recover on behalf of herself and the putative class, "waiting time wage continuation for the allocable time period prior to filing this complaint, plus costs, interest, disbursements and attorneys fees pursuant to California law, including but not limited to Labor Code §§ 218.5 and 218.6." (*See Ortmann* Compl. ¶ 52).

**Unfair Competition Claims:**

*Opyrchal* Action:  In his Sixth Cause of Action (for alleged "Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200") and his Seventh Cause of Action (for alleged "Unlawful Business Practices in Violation of Bus. & Prof. Code § 17200"), Opyrchal alleges that "[b]y violating the foregoing provisions of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                    16        MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

1  California's labor and employment laws, and by failing to take immediate and

2  appropriate measures to address these violations, Defendants' acts constitute unfair

3  business practices under Business and Professions Code section 17200 *et seq.* (*See*

4  *Opyrchal* Amend. Compl. ¶¶ 53 and 57). Opyrchal seeks to recover on behalf of

5  himself and the putative class "restitution of all monies paid to Defendants to by the

6  Plaintiffs pursuant to the illegal acts alleged herein…". (*See Opyrchal* Amend.

7  Compl. ¶¶ 54 and 59).

8      *Ortmann* Action: In her Twelfth Cause of Action (for alleged Violation of

9  Cal. Bus. & Prof. Code § 17200), Ortmann similarly alleges that "[b]y violating the

10  statutes and regulations set forth hereinabove…failing to pay either minimum

11  wages and/or overtime wages, unfairly deducting wages and charging for expenses

12  and losses incurred by Plaintiff and members of the Plaintiff Class in discharge of

13  their employment duties, and forcing Plaintiffs to purchase supplies and other items

14  from Defendants in violation of *Labor Code* § 450, Defendants acts constitute

15  unfair and unlawful business practices under *Business and Professions Code* §

16  17200." (*See Ortmann* Compl. ¶ 83). Ortmann seeks to recover on behalf of herself

17  and the putative class members, "restitution of all monies and profits to be

18  disgorged from defendants and in amount according to proof at trial." (*See Ortmann*

19  Compl. ¶ 85).[8]

20      **Ortmann's Duplicative Common Law Claims:**

21      Duplicative of her UCL claim and her statutory claims, Ortmann attempts to

22  assert several common law claims arising out of Defendants' alleged violations of

23  the Labor Code, including claims for declaratory relief (First Cause of Action),

24  accounting (Eighth Cause of Action), unjust enrichment (Ninth Cause of Action),

25  conversion (Tenth Cause of Action) and injunctive relief (Eleventh Cause of

26

27  [8] As discussed in Defendants' Motion to Strike filed concurrently, Ortmann may not recover the disgorgement of profits under the UCL. The Court in *Opyrchal* struck the plaintiff's claim for disgorgement of profits under the UCL. *See also* Porcaro Decl. ¶4, Exh. C.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                    17

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

1    Action).[9]

2        The remedies of "declaratory relief" and "appropriate equitable relief" –

3    which would encompass Ortmann's equitable claims - are requested in the Prayer to

4    the *Opyrchal* Action. (Opyrchal Amend. Compl., Prayer ¶¶ 12, 13).[10]

5        Further, Ortmann's conversion and unjust enrichment claims are essentially

6    re-pleading her for unpaid wages, failure to reimburse business expenses, and

7    unlawful deductions.  Specifically, in support of her conversion claim, Ortmann

8    alleges "Defendants knowingly and intentionally required Plaintiff and members of

9    the Plaintiff Class to work without pay and overtime pay" and that "[i]n refusing to

10   pay wages and overtime owed to Plaintiff and members of the Plaintiff Class,

11   Defendants knowingly, unlawfully, and intentionally took, appropriated, and

12   converted the property of Plaintiff and members of the Plaintiff Class here alleged

13   for Defendant's own use." (*See Ortmann* Compl. ¶¶ 70, 76).  Ortmann further

14   alleges that "Defendants knowingly and intentionally forced Plaintiff and the

15   members of the Plaintiff Class to pay for expenses and losses incurred in the

16   discharge of their employment and/or made illegal wage deductions and/or wage

17   deductions from the pay of Plaintiff and the members of the Plaintiff Class. (*See*

18   *Ortmann* Compl. ¶ 72).  Although Ortmann further alleges that "Defendants

19   knowingly and intentionally failed to allow and pay for meal and rest breaks" the

20   inclusion of this additional allegation in her claim does not preclude application of

21   the "first-to-file" rule.

22       Even if there isn't an exact match between the above claims in the *Ortmann*

23   Action and *Opyrchal* Action, it is well-established that the "identity of issues"

24   contemplated by the *Alltrade* court does not require strict identity of issues, but

25   [9] The Court in *Opyrchal* struck the plaintiff's claim for injunctive relief based on lack of Article
26   III standing.  *See* Porcaro Decl. ¶4, Exh. C.  Defendants have moved to dismiss Ortmann's
     injunctive relief claim in this Action on identical grounds.

27   [10] As set forth Defendants' Motion to Dismiss, these claims are barred by the exclusive remedy
     doctrine.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2          18          MEMORANDUM OF POINTS AND
                                   AUTHORITIES IN SUPPORT OF MOTION TO
                                   STAY OR TRANSFER

1  rather, only similarity of issues. *In Peak v. Green Tree Fin. Serv. Corp,* The court

2  stressed that:

3          The rule is not to be mechanically applied, but rather "it is

4          to be applied with a view to the dictates of sound judicial

5          administration," and "should not be disregarded lightly."

6  *Id. at 2000 U.S. Dist. Lexis *4 9711* 2000 WC 973685 at *2 (*quoting Pacesetter*,

7  678 F.2d at 94-95); *see also Bryant v. Oxxford Express, Inc.*, 181 F. Supp. 2d 1045,

8  1048 (C.D. Cal. 2000).

9          In *Bryant v. Oxxford Express, Inc.*, the court enjoined Oxxford's prosecution

10 in the District of New Jersey of an action against Bryant for indemnification. 181

11 F. Supp. 2d at 1048. The indemnification claim arose out of Oxxford's breach of

12 an agreement with a third party arising from Bryant's failure to uphold his

13 contractual obligation with Oxxford. *Id.* An earlier filed declaratory relief claim

14 sought to relieve Bryant of all responsibility under his contract with Oxxford.

15 While these issues clearly were not identical, nevertheless, the court enjoined the

16 later-filed action because they were similar. The court observed: "both actions

17 involve the same issues concerning the parties' respective rights and obligations

18 under the same license agreement." *Id.*

19         The substantial similarity requirement is more than satisfied here because

20 Ortmann's claims are substantially similar to claims alleged in the *Opyrchal*

21 Action.

22         4.    **Applying The "First-to-File" Rule Will Promote Judicial Economy.**

23         The policy promoted by the first-to-file rule is compelling here. First, the

24 prosecution of separate actions, including separate class certification determinations

25 and, if appropriate, class trials in each action, would result in the duplication of time

26 and effort by both the parties and the court. Clearly, judicial efficiency will not be

27 promoted, and inconsistent rulings could result by allowing each action to proceed

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                    19              MEMORANDUM OF POINTS AND
                                                AUTHORITIES IN SUPPORT OF MOTION TO
                                                STAY OR TRANSFER

1  on a class basis. Second, similar facts, documents and testimony will determine be

2  involved in both actions proceeding as putative class actions. For example, the

3  documents, discovery responses and testimony which could be used in the

4  *Opyrchal* Action as to the class certification issue will also be relevant in the

5  *Ortmann* Action.

6  Third, a stay or a transfer of this action will not in any way prejudice

7  Ortmann or deprive her or those she seeks to represent of their day in court. On the

8  other hand, if this case is not stayed or transferred, Defendants will be forced to

9  incur the wasteful expense and time demands associated with litigating virtually

10  identical issues and claims twice, in two separate forums. Thus, Defendants clearly

11  will be prejudiced.

12  Finally, allowing the two putative class actions with identical class members

13  and overlapping issues to proceed simultaneously would be detrimental even to the

14  plaintiffs in that it would increase attorneys' fees, thus reducing any potential

15  recovery. Moreover, if any classes are certified, the two sets of notices, and other

16  duplicative procedures, could easily confuse class members.

17  In sum, it makes no sense for more than one court to examine the issues

18  raised by these two cases. Sound judicial administration requires either a stay of

19  the *Ortmann* Action in favor of allowing the first-filed *Opyrchal* Action to proceed

20  or a transfer of the *Ortmann* Action to the Central District. In the alternative, the

21  First, Second, Third, Fourth, Sixth, and Seventh through Twelfth causes of action in

22  the *Ortmann* Action should be dismissed in favor of the duplicative claims in the

23  first-filed *Opyrchal* Action.

24  A waste of both judicial and the parties' resources would result if these cases

25  were maintained in separate courts when the cases involve the same parties, claims,

26  evidence, damages, and classes. *See e.g., Pacesetter Systems, Inc. v. Medtronic,*

27  *Inc.*, 678 F. 2d 93, 96 (1982) (dismissing second filed action finding that "the goal

28  of judicial efficiency would not be served by accepting jurisdiction"); *Curtis v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
STAY OR TRANSFER

*Dimaio*, 46 F. Supp. 2d 206, 215 (E.D. N.Y., 1999) ("It is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases.") *citing Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).

## IV.    CONCLUSION

Defendants request that the Court either stay the *Ortmann* Action or transfer it to the Central District where the first-filed *Opyrchal* Action is pending.  A stay of duplicative, overlapping causes of action is the correct result when the matters brought to issue are already at issue in prior litigation, as they are here.  It is universally recognized that a "litigant has no right to maintain a second action duplicative of another."[11]  Alternatively, Defendants request that the Court dismiss the first, second, fourth and sixth through twelfth causes of action in this matter in favor of the identical claims at issue in the *Opyrchal* action.

Dated:    May 24, 2007                         MORGAN, LEWIS & BOCKIUS LLP


By /s/ JILL A. PORCARO
Jill A. Porcaro
Attorneys for Defendants
New York Life Insurance Company
and New York Life Insurance and
Annuity Corporation

---

[11] *See Barapind v. Reno*, 72 F. Supp. 2nd 1132, 1145 (E.D. Cal. 1999).  *See also WeWee v. United States*, 2002 U.S. Dist. LEXIS 2959 (Dist. Az. 2002) (Second class action dismissed asserting same underlying basic claims regarding alleged improper disclosure of tax information with insignificant differences in the pleadings as being duplicative under the first-to-file rule) and *Walker v. Progressive Casualty Insurance Company*, 2003 U.S. Dist. LEXIS 7871(Court dismissed under the first-to-file rule an attempt by the plaintiffs to file a class action duplicative of one brought earlier by different named plaintiffs asserting the same failure to pay overtime claims.  The plaintiffs' earlier attempt to file a duplicative case had also been dismissed for the same reasons.).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/939230.2                              21                    MEMORANDUM OF POINTS AND
                                                                AUTHORITIES IN SUPPORT OF MOTION TO
                                                                STAY OR TRANSFER