Exhibit A

1  A. Mark Pope, Esq. (Cal. State Bar No. 77798)
   Harvey C. Berger, Esq. (Cal. State Bar No. 102973)
2  Aaron A. Hayes, Esq. (Cal. State Bar No. 236122)
   POPE, BERGER & WILLIAMS, LLP
3  550 West "C" Street, Suite 1400
   San Diego, California 92101
4  Telephone: (619) 595-1366
   Facsimile: (619) 236-9677
5
   Douglas J. Campion, Esq. (Cal. State Bar No. 75381)
6  LAW OFFICES OF DOUGLAS J. CAMPION
   411 Camino Del Rio South, Suite 301
7  San Diego, California 92108
   Telephone: (619) 299-2091
8  Facsimile: (619) 858-0034

9       Attorneys for Named Plaintiff JUSTIN OPYRCHAL, individually, and on behalf of all other
        similarly situated current and former employees of Defendants in the State of California
10

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              IN AND FOR THE COUNTY OF LOS ANGELES

13
   JUSTIN OPYRCHAL, individually, and on        )   Case No.  BC363208
14 behalf of all other similarly situated current )  CLASS ACTION
   and former employees of Defendants in the    )
15 State of California,                          )
                                                 )
16      Plaintiffs,                              )
                                                 )
17 v.                                            )   PLAINTIFFS' CLASS ACTION
                                                 )   COMPLAINT
18 NEW YORK LIFE INSURANCE                       )
   COMPANY, INC., a New York corporation;       )   [LABOR CODE VIOLATIONS,
19 NEW YORK LIFE AND HEALTH                      )   UNFAIR COMPETITION]
   INSURANCE COMPANY, INC., a Delaware          )
20 corporation; NEW YORK LIFE                    )
   INSURANCE AND ANNUITY                         )
21 CORPORATION, INC., a Delaware                 )
   corporation; and DOES 1 through 100          )
22 inclusive,                                    )
                                                 )   Complaint Filed: _____
23      Defendants.                              )   Trial Date: Not Set
                                                 )
24

25      Named Plaintiff JUSTIN OPYRCHAL, individually, and on behalf of all other similarly

26 situated current and former employees of Defendants in the State of California (hereinafter,

27 collectively referred to as "Plaintiffs"), allege as follows:

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 1 1 2006

John A. Clark, Executive Officer/Clerk
By _____ , Deputy
      D. Garcia

## I. JURISDICTIONAL AND VENUE ALLEGATIONS

1.    Plaintiffs are informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE COMPANY, INC., is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of New York, with its headquarters and/or principal place of business in New York, New York. Plaintiffs are further informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE COMPANY, INC., is, and at all times relevant hereto was, a foreign corporation qualified to transact and conduct business in the State of California, and that at all times relevant hereto did, and still does, transact and conduct business throughout the State of California, including but not limited to the County of Los Angeles, where Named Plaintiff OPYRCHAL performed work for Defendants. Plaintiffs are further informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE COMPANY, INC., does, and at all times relevant hereto has, sold insurance policies to consumers throughout the State of California and operated offices within the State of California where Plaintiffs have worked. Defendant NEW YORK LIFE INSURANCE COMPANY, INC., is thus alleged to be one of Plaintiffs' "employers" as it relates to the claims in this lawsuit.

2.    Plaintiffs are informed and believe, and thereon allege that Defendant NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its headquarters and/or principle place of business in New York, New York. Plaintiffs are further informed and believe, and thereon allege that Defendant NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., is, and at all times relevant hereto was, a foreign corporation qualified to transact and conduct business in the State of California, and that at all times relevant hereto did, and still does, transact and conduct business throughout the State of California, including but not limited to the County of Los Angeles. Plaintiffs are further informed and believe, and thereon allege that Defendant NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., does, and at all times relevant hereto has, sold insurance policies to consumers throughout the State of California and operated offices within the State of California where Plaintiffs have worked. Defendant NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., is thus alleged to

1    be one of Plaintiffs' "employers" as it relates to the claims in this lawsuit.

2        3.    Plaintiffs are informed and believe, and thereon allege that Defendant NEW YORK

3    LIFE INSURANCE AND ANNUITY CORPORATION, INC., is, and at all times relevant hereto

4    was, a corporation organized and existing under and by virtue of the laws of the State of Delaware,

5    with its headquarters and/or principle place of business in Dallas, Texas.  Plaintiffs are further

6    informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE AND

7    ANNUITY CORPORATION, INC., is, and at all times relevant hereto was, a foreign corporation

8    qualified to transact and conduct business in the State of California, and that at all times relevant

9    hereto did, and still does, transact and conduct business throughout the State of California, including

10   but not limited to the County of San Diego.  Plaintiffs are further informed and believe, and thereon

11   allege that Defendant NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC.,

12   does, and at all times relevant hereto has, sold insurance policies to consumers throughout the State

13   of California and operated offices within the State of California where Plaintiffs have worked.

14   Defendant NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., is thus

15   alleged to be one of Plaintiffs' "employers" as it relates to the claims in this lawsuit.

16       4.    Therefore, Plaintiffs are informed and believe, and thereon allege that Defendants

17   NEW YORK LIFE INSURANCE COMPANY, INC., NEW YORK LIFE AND HEALTH

18   INSURANCE COMPANY, INC., and NEW YORK LIFE INSURANCE AND ANNUITY

19   CORPORATION, INC., (hereinafter, collectively referred to as "Defendants") are each subject to

20   the jurisdiction of the State of California, and specifically may be sued on the causes of action herein

21   in the County of Los Angeles. Plaintiffs are further informed and believe, and thereon allege that this

22   Court is the proper Court, and this action is properly filed in the County of Los Angeles, because:

23   for part or all of the "Class Period" that Plaintiffs will seek certification of in this case, some or all

24   of Defendants' and/or DOES 1 through 100's obligations and liabilities to Plaintiffs arose in the

25   State of California, and within the County of Los Angeles; for part or all of the Class Period that

26   Plaintiffs will seek certification of in this case, Defendants and/or DOES 1 through 100 maintained

27   offices and transacted business in the State of California, and within the County of Los Angeles; and

28   for part or all of the Class Period that Plaintiffs will seek certification of in this case, work was

1  performed by Plaintiffs and made the subject of this action in the State of California, and within the

2  County of Los Angeles.

3                              II.  FACTUAL ALLEGATIONS

4          5.      Plaintiffs hereby reallege, and incorporate by reference in this Section as though set

5  forth fully herein, the allegations contained in Paragraphs 1 through 4, above.

6          6.      Plaintiffs bring this employment Class Action against Defendants and DOES 1

7  through 100 (herein, collectively referred to as "Defendants") to recover for their wage claims,

8  including: unpaid wages and wage benefits; violations of minimum wage, unreimbursed business

9  expenses; statutory penalties; waiting time penalties; restitution and/or disgorgement related to

10  Defendants' unlawful and unfair business practices arising from the Plaintiffs' wage and business

11  expense claims; interest, attorneys' fees, costs and expenses; nominal, compensatory, punitive and

12  exemplary damages; and injunctive relief.  Plaintiffs reserve the right to name additional potential

13  Class Representatives.

14          7.      Plaintiffs are informed and believe, and thereon allege that Defendants' primary

15  business activity in the State of California is as an insurance company selling insurance policies and

16  financial products to consumers using Plaintiffs, employed as agents, through offices in the State of

17  California. Principally, Defendants market and sell insurance policies to their customers and through

18  agents.  Therefore, for Plaintiffs' wage and expense reimbursement claims as alleged herein,

19  Defendants are obligated to comply with certain portions of the California Industrial Welfare

20  Commission Wage Order No. 4-2001, originally and as amended.  Further, for Plaintiffs' wage

21  claims and expense reimbursement claims as alleged herein, Defendants are obligated to comply

22  with applicable provisions of the California Labor Code.

23          8.      Plaintiffs are informed and believe, and thereon allege that Named Plaintiff JUSTIN

24  OPYRCHAL was employed by Defendants in the State of California within the four (4) years before

25  the filing of this Complaint as an "Agent" for Defendants. Plaintiffs generally are current and former

26  employees of Defendants throughout the State of California, who have been employed by Defendants

27  in the State of California within the four (4) years before the filing of this Complaint – and

28  continuing to trial or until an appropriate ending date for a Class Period – as Agents for Defendants

1  (and/or in similar positions and/or with similar job titles, duties, and responsibilities) working under

2  a "TSA Plan Agreement" which defines them as employees of Defendants.

3      9.    Plaintiffs are informed and believe, and thereon allege that as Agents for Defendants

4  (and/or in similar positions and/or with similar job titles, duties, and responsibilities), Plaintiffs do

5  work and have worked for Defendants throughout the State of California within the four (4) years

6  before the filing of this Complaint, to conduct and transact Defendants' insurance and financial

7  products business. Specifically, Agents act as salespersons to Defendants' customers and potential

8  customers. Agents are based out of one of Defendants' offices in cities throughout California. The

9  job requirements of all Agents are the same or substantially similar, and they are principally to sell

10  Defendant's insurance policies or other financial products. Named Plaintiff JUSTIN OPYRCHAL

11  was employed by Defendants in the State of California within the four (4) years before the filing of

12  this Complaint as an Agent for Defendants.

13      10.    Plaintiffs are informed and believe, and thereon allege that all Agents are typically

14  required to attend a mandatory three-month training class at the beginning of their employment, in

15  which they attend class for eight hours per day, three days per week. After the initial three month

16  training period, Plaintiffs are required to attend training for eight hours per day, two days per week.

17  While the Agents are engaged in and attending such orientation training classes, Agents are not

18  engaged in any activities directly related to marketing or selling policies or products to Defendants'

19  customers; such training classes are, however, intended to educate and train Agents how to act as

20  salespeople to sell the products and policies marketed by Defendants. Plaintiffs end up without any

21  payment for the time spent in training classes, and/or with payment less than the legal minimum

22  wage.

23      11.    Plaintiffs are informed and believe, and thereon allege that during the first three years

24  of performing work for Defendants, Agents are employed pursuant to a written contract, the TSA

25  Plan Agreement, which declares that Plaintiffs are employees of Defendants, and that they must

26  devote their "entire time to the business of this employment."

27      12.    Plaintiffs are informed and believe, and thereon allege that during their course of the

28  first three years of their employment with Defendants, Agents are unlawfully not paid all earned

1    wages as required by California law, are not provided itemized paychecks as required by California

2    law, are not guaranteed payment of minimum wage as required by California law, and are not

3    reimbursed for business expenses as required by California law and/or are improperly charged for

4    business expenses in contravention of California law. Therefore, Plaintiffs have been, for a period

5    of time within the four (4) years before the filing of this Complaint, improperly deprived of wages

6    and benefits of employment as described herein.

7         13.    Plaintiffs are informed and believe, and thereon allege, that at all relevant times

8    herein, DOES 1 - 50, are individuals who are/were citizens and residents of the State of California.

9    Plaintiffs are further informed and believe, and thereon allege, that at all relevant times herein DOES

10   1 - 50 owned, controlled, and/or managed the corporate affairs of Defendants and other of the DOE

11   Defendant business entities, and/or directly or indirectly exercised operational control over the

12   wages, hours, and working conditions of Plaintiffs, and/or engaged in fraudulent and/or tortious

13   activity to the detriment of Plaintiffs. As such, DOES 1 - 50 are "employers" as a matter of law for

14   purposes of imposing personal liability for the Labor Code violations alleged herein, pursuant to

15   California wage and hour laws.

16        14    Plaintiffs are informed and believe, and thereon allege that Defendants DOES 1 - 100

17   are, and at all times relevant hereto were, persons, corporations or other business entities, and

18   are/were qualified to transact and conduct business in the State of California, and did and do transact

19   and conduct business in the State of California, and are thus subject to the jurisdiction of the State

20   of California. Specifically, DOES 1 - 100 maintain offices, operate businesses, employ persons,

21   conduct business in, and illegally pay employees by illegal payroll practices and policies described

22   herein, throughout the State of California.

23        15.    Plaintiffs are informed and believe, and thereon allege that at all relevant times herein

24   DOES 1 - 100 are/were the officers, owners, executives, directors, partners, or shareholders of

25   Defendants and of one another, who were acting on behalf of Defendants and each other in the

26   establishment of, ratification of, and/or execution of the illegal payroll practices and policies

27   described herein. Plaintiffs are further informed and believe, and thereon allege that at all times

28   relevant hereto DOES 1 - 100 have held ownership, officer, director and/or executive positions with

- 6 -

1   Defendants and with one another, which included decision-making responsibility for, and

2   establishment and execution of, illegal payroll practices and policies for Defendants and each other,

3   and Defendants and DOES 1 - 100 are, therefore, liable on the causes of action alleged herein

4   pursuant to California wage and hour laws. Plaintiffs are further informed and believe and thereon

5   allege that Defendants and DOES 1 - 100 are Plaintiffs' joint employers by virtue of a joint

6   enterprise; Plaintiffs perform, and have performed, services for each and every of Defendants, and

7   to the mutual benefit of all Defendants, and all Defendants share control of Plaintiffs as employees,

8   either directly or indirectly, and the manner in which Defendants' business is conducted.

9       16.    Plaintiffs are informed and believe and thereon allege that there exists such a unity

10  of interest and ownership between and among all Defendants that the individuality and separateness

11  of those Defendants have ceased to exist. The business affairs of Defendants are, and at all times

12  relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and

13  the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used

14  by DOES 1 - 100 as a mere shell and conduit for the conduct of certain of Defendants' affairs. The

15  recognition of the separate existence of Defendants would not promote justice, in that it would

16  permit Defendants to insulate themselves from liability to Plaintiffs. Accordingly, Defendants and

17  DOES 1 - 100 constitute the alter egos of each other, and the fiction of their separate existence must

18  be disregarded at law and in equity, because such disregard is necessary to avoid fraud and injustice

19  to Plaintiffs herein.

20      17.    Plaintiffs are informed and believe and thereon allege (unless otherwise alleged in

21  this Complaint), that at all relevant times herein, Defendants and DOES 1 - 100 were the agents,

22  employees and/or servants, masters or employers of each other and of the remaining DOES 1 - 100,

23  and in doing the things herein alleged, were acting within the course and scope of such agency or

24  employment, and with the approval and ratification of each of the other Defendants.

25      18.    Plaintiffs are informed and believe and thereon allege that each and every one of the

26  acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each

27  acting as agents and/or employees, and/or under the direction and control of each of the other

28  Defendants, and that said acts and failures to act were within the course and scope of said agency,

- 7 -

1   employment and/or direction and control, and were committed willfully, maliciously, oppressively,

2   and fraudulently.

3       19.   The true names and capacities, whether individual, corporate, associate, or otherwise,

4   of DOES 1 - 100, inclusive, are unknown to Plaintiffs, who therefore sue the DOE Defendants by

5   fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when

6   they have been ascertained.

7       20.   At all relevant times alleged herein Plaintiffs were employed by Defendants under

8   a written employment agreement, the TSA Plan Agreement. In perpetrating the acts and omissions

9   alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy and

10  practice of not paying Plaintiffs wages owed for certain work performed, of not reimbursing

11  Plaintiffs' business expenses and/or improperly charging Plaintiffs for business expenses, of not

12  providing Plaintiffs with properly itemized wage statements, and of failing to pay Plaintiffs all wages

13  owed at the time of termination, all in violation of certain provisions of the California Industrial

14  Welfare Commission Wage Order No.4-2001, originally and as amended, and certain provisions of

15  the California Labor Code, as described herein, and in violation of the California Business and

16  Professions Code, sections 17200, *et. seq.*

17      21.   As a direct and proximate result of the unlawful actions of Defendants, Plaintiffs have

18  suffered and continue to suffer from loss of wages, expenses, and earnings in amounts as yet

19  unascertained, but subject to proof at trial in amounts in excess of the minimum jurisdiction of this

20  Court.

21                    III. CLASS ACTION ALLEGATIONS

22      22.   Plaintiffs hereby reallege, and incorporate by reference in this Section as though set

23  forth fully herein, the allegations contained in Paragraphs 1 through 21, above.

24      23.   This action is appropriately suited for a Class Action because:

25          a.   The potential class is a significant number because Plaintiffs are

26               informed and believe, and thereon allege, that within the past four (4) years

27               Defendants employed, at any one time, hundreds of Agents throughout the

28               State of California, believed to be well in excess of five hundred (500)

employees. There also are numerous former employees who were subjected to the same or similar illegal payroll practices and policies. Joinder of all current and former employees individually would be impractical;

b.    This action involves common questions of law and fact to the potential class because the action focuses on the Defendants' systematic course of illegal payroll practices and policies throughout the State of California, which was applied to all Agents and others similarly situated in violation of the California Industrial Welfare Commission Wage Order No. 4-2001, originally and as amended, the California Labor Code, and the California Business and Professions Code (which prohibits unfair and unlawful business practices arising from such violations).

c.    The claims of the Named Plaintiff (and as yet other unnamed Class Representatives) are typical of the class because Defendants subjected all of their Agents to similar and/or identical violations of the California Industrial Welfare Commission Wage Order No. 4-2001, originally and as amended, the California Labor Code, and the California Business and Professions Code (which prohibits unfair and unlawful business practices arising from such violations), and because all members of the class were employed pursuant to the same (or similar) TSA Plan Agreement.

d.    The Named Plaintiff (and as yet other unnamed Class Representatives) is able to fairly and adequately protect the interests of all members of the class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

24.    This suit seeks only recovery for economic injury on behalf of all Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definitions, and add Subclass definitions as necessary, to seek recovery on behalf of additional persons as warranted as facts are learned in further

1   investigation and discovery.

2       25.    The joinder of the Class Members is impractical and the disposition of their claims

3   in the class action will provide substantial benefits both to the parties and to the court. The Class

4   Members can be easily identified through Defendants' records.

5       26.    Plaintiff Opyrchal will fairly and adequately represent and protect the interests of the

6   Class in that he has no interests antagonistic to the Class.  Plaintiffs have retained counsel competent

7   and experienced in the prosecution of class action litigation.

8       27.    Plaintiffs and the members of the Class have all suffered irreparable harm as a result

9   of the defendants' unlawful and wrongful conduct.  Absent a class action, the Class and Subclass

10  members will continue to suffer losses and the potential for irreparable harm.  In addition, these

11  violations of law will be allowed to proceed without remedy and the Defendants will likely retain

12  the substantial sums received as a result of their wrongdoing.  Because of the size of the individual

13  Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs

14  complained of herein.

15              IV.  PLAINTIFFS' CAUSES OF ACTION

16      28.    Plaintiffs hereby reallege, and incorporate by reference in this Section as though set

17  forth fully herein, the allegations contained in Paragraphs 1 through 27, above.

18                  FIRST CAUSE OF ACTION:

19              FAILURE TO PAY MINIMUM WAGE,

20          UNDER THE LAWS OF THE STATE OF CALIFORNIA,

21      BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA

22              (By All Plaintiffs, Against All Defendants)

23      29.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

24  though set forth fully herein, the allegations contained in Paragraphs 1 through 27, above. This cause

25  of action is plead by all Plaintiffs, against all Defendants.

26      30.    Within the four (4) years before the filing of this Complaint, Defendants have

27  employed Plaintiffs as Agents (and/or in similar positions and/or with similar job titles, duties, and

28  responsibilities) throughout the State of California, to conduct and transact Defendants' insurance

1   and financial products business. Defendants have unlawfully denied Plaintiffs wages and other

2   benefits of employment, when as a matter of fact and law, Plaintiffs are Defendants' "employees"

3   pursuant to contract. As a result, Plaintiffs are, and have been, entitled to the protections of the

4   California Industrial Welfare Commission Wage Order No. 4-2001, originally and as amended, and

5   the California Labor Code, with regard to the payment of minimum wages for hours worked during

6   each Plaintiffs' mandatory training period at the beginning of their employment, for that period of

7   time that they were required to be in class three (3) days per week. Classes during these training

8   periods are intended to educate and train Agents on how to act as salespeople to sell the insurance

9   policies and financial products marketed by Defendants; however, during such training classes,

10  Agents are not engaged in any sales activities directly related to marketing or selling products and

11  service to Defendants' customers. Plaintiffs end up without any payment for the time spent in

12  training classes, and/or with payment less than the legal minimum wage.

13        31.    The benefits and protections of the California Industrial Welfare Commission Wage

14  Order No. 4-2001, originally and as amended, and the California Labor Code, with regard to the

15  payment of minimum wages for hours worked during each Plaintiffs' mandatory training period at

16  the beginning of their employment (for the period that they are required to be in class three (3) days

17  per week), provide that for the four (4) years preceding the filing of this action, Plaintiffs should have

18  been paid minimum wages for all such hours worked, because as employees during such mandatory

19  training periods they were not and are not subject to the exclusion of Labor Code section 1171 as

20  outside salespersons.

21        32.    In addition, Defendants have not paid Plaintiffs the minimum wage for all hours

22  worked during the period that they were in training for three (3) days per week. In violation of state

23  law, Defendants have refused to perform their obligations to properly compensate Plaintiffs at the

24  minimum wage for such hours worked. As a direct and proximate result, Plaintiffs have suffered,

25  and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost

26  interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully

27  perform their obligation under state law, all to their respective damage in amounts according to proof

28  at time of trial, but in amounts in excess of the minimum jurisdiction of this Court. As Defendants'

1   conduct described herein violates the provisions of the California Industrial Welfare Commission

2   Wage Order No. 4-2001, originally and as amended, and the California Labor Code regarding the

3   payment of minimum wages to employees, Plaintiffs are thus entitled to recover all amounts for all

4   such hours worked, penalties pursuant to Labor Code section 203, liquidated damages, interest,

5   attorneys' fees, and court costs and expenses of suit, pursuant to Labor Code sections 1194 and

6   1194.2, according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of

7   this Court. Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such wages

8   and benefits, nominal, actual and compensatory damages in amounts according to proof at time of

9   trial, but in amounts in excess of the minimum jurisdiction of this Court.

10      33.    Defendants' failure to properly compensate Plaintiffs at the minimum wage for all

11  hours worked, in violation of California law, was knowing and intentional. Defendants have refused

12  to pay the minimum wages properly due each Plaintiff for false and fraudulent reasons. All such acts

13  were committed willfully, maliciously, oppressively, and fraudulently, with the wrongful and

14  deliberate intention of injuring Plaintiffs, and with a conscious disregard for Plaintiffs' rights and

15  Defendants' obligations under California wage and hour laws, all of which has deprived Plaintiffs

16  of their property and legal rights. Therefore, in addition to all other types of relief requested herein,

17  Plaintiffs are entitled to recover punitive and exemplary damages in amounts according to proof at

18  time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

19      34.    Defendants have applied, continue to apply the foregoing policies and practices,

20  including their failure to properly compensate Plaintiffs at the minimum wage for such hours worked

21  during each Plaintiffs' mandatory training period in accordance with California law, to Plaintiffs who

22  remain employed by Defendants, Plaintiff formerly employed by Defendants, and to certain

23  individuals who will in the future become employed by Defendants. Such employees have been

24  injured and damaged, and are threatened with further injury and damage, by Defendants' unlawful

25  actions as alleged, and are thus threatened with immediate irreparable harm by the continuation of

26  Defendants' unlawful actions as alleged, and have no complete, adequate remedy at law. Therefore,

27  Plaintiffs request the Court enter an order reflecting appropriate injunctive relief to prevent

28  Defendants from committing such acts in the future.

1    35.    WHEREFORE, Plaintiffs request relief as herein provided.

2    <u>SECOND CAUSE OF ACTION:</u>

3    FAILURE TO INDEMNIFY AND REIMBURSE FOR BUSINESS EXPENSES,

4    AND UNLAWFUL DEDUCTIONS FROM WAGES,

5    UNDER THE LAWS OF THE STATE OF CALIFORNIA,

6    BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA

7    **(By All Plaintiffs, Against All Defendants)**

8    36.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

9    though set forth fully herein, the allegations contained in Paragraphs 1 through 35, above. This cause

10    of action is plead by all Plaintiffs, against all Defendants.

11    37.    Within the four (4) years before the filing of this Complaint, Defendants have

12    employed Plaintiffs as Agents (and/or in similar positions and/or with similar job titles, duties, and

13    responsibilities), pursuant to the TSA Plan Agreement, throughout the State of California, to conduct

14    and transact Defendants' insurance and financial products business. Defendants have unlawfully

15    denied Plaintiffs wages and other benefits of employment, when as a matter of fact and law, Agents

16    are Defendants' employees pursuant to contract. As a result, Plaintiffs are and have been entitled to

17    the protections of the California Labor Code, including but not limited to sections 2802, et al., with

18    regard to indemnification for expenditures and losses in discharge of their duties for Defendants.

19    Furthermore, Defendants were not permitted to make deductions or set-offs from Plaintiffs' earned

20    wages for items including but not limited to expenses incurred in the performance of their duties,

21    accidents, and/or damages caused while discharging their duties. Pursuant to California Labor Code

22    section 2804, Defendants cannot ask or require Plaintiffs to waive the benefits of California Labor

23    Code section 2802. The benefits and protections of such statutes extend to Plaintiffs, even if they

24    were and are otherwise subject to the exclusion of Labor Code section 1171 as outside salespersons.

25    38.    Within the four (4) years before the filing of this Complaint, as Agents (and/or in

26    similar positions and/or with similar job titles, duties, and responsibilities) employed pursuant to the

27    TSA Plan Agreement throughout the State of California, Plaintiffs have been required to, among

28    other items: pay monthly rent on a cubicle in Defendants' offices; pay monthly telephone service

- 13 -

1    charges for a phone line run into their cubicle; pay copy charge fees; and pay for required,

2    specialized software and technical support for that software as a monthly charge. Defendants have

3    also charged Plaintiffs a "commission administration fee" for each policy on which Defendants paid

4    Plaintiffs a commission. These unlawful deductions and/or charges violate California Labor Code

5    §§ 221, 223, 451 and/or 2802.

6        39.    In violation of state law, Defendants have refused to perform their obligations to

7    properly indemnify and reimburse Plaintiffs for such items, and avoid making deductions or set-offs

8    from Plaintiffs' earned wages. As a direct and proximate result, Plaintiffs have suffered, and

9    continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest

10   on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform

11   their obligation under state law, all to their respective damage in amounts according to proof at time

12   of trial, but in amounts in excess of the minimum jurisdiction of this Court. As Defendants' conduct

13   described herein violates the provisions of the California Labor Code regarding indemnification,

14   reimbursement, and unlawful deductions from wages, Plaintiffs are thus entitled to recover all

15   amounts for all such expenses, penalties pursuant to Labor Code section 203, interest, attorneys'

16   fees, and court costs and expenses of suit, pursuant to Labor Code sections 218.6 and 2802,

17   according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this

18   Court. Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such expenses and

19   benefits, nominal, actual and compensatory damages in amounts according to proof at time of trial,

20   *but in amounts in excess of the minimum jurisdiction of this Court.*

21       40.    Defendants' failure to properly indemnify and reimburse Plaintiffs for such items, and

22   avoid making deductions or set-offs from Plaintiffs' earned wages, in violation of California law,

23   was knowing and intentional. Defendants have refused to pay the expenses properly due each

24   Plaintiff for false and fraudulent reasons. All such acts were committed willfully, maliciously,

25   oppressively, and fraudulently, with the wrongful and deliberate intention of injuring Plaintiffs, and

26   with a conscious disregard for Plaintiffs' rights and Defendants' obligations under California wage

27   and hour laws, all of which have deprived Plaintiffs of their property and legal rights. Therefore, in

28   addition to all other types of relief requested herein, Plaintiffs are entitled to recover punitive and

1  exemplary damages in amounts according to proof at time of trial, but in amounts in excess of the

2  minimum jurisdiction of this Court.

3      41.    Defendants have applied, continue to apply the foregoing policies and practices to

4  Plaintiffs who remain employed by Defendants, Plaintiff formerly employed by Defendants, and to

5  certain individuals who will in the future become employed by Defendants. Such employees have

6  been injured and damaged, and are threatened with further injury and damage, by Defendants'

7  unlawful actions as alleged, and are thus threatened with immediate irreparable harm by the

8  continuation of Defendants' unlawful actions as alleged, and have no complete, adequate remedy

9  at law. Therefore, Plaintiffs request the Court enter an order reflecting appropriate injunctive relief

10  to prevent Defendants from committing such acts in the future.

11      42.    WHEREFORE, Plaintiffs request relief as herein provided.

12  **THIRD CAUSE OF ACTION:**

13  FAILURE TO PROVIDE PROPERLY ITEMIZED WAGE STATEMENTS,

14  UNDER THE LAWS OF THE STATE OF CALIFORNIA,

15  BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA

16  (By All Plaintiffs, Against All Defendants)

17      43.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

18  though set forth fully herein, the allegations contained in Paragraphs 1 through 42, above. This

19  cause of action is plead by all Plaintiffs, against all Defendants.

20      44.    Within the four (4) years before the filing of this Complaint, Defendants have

21  employed Plaintiffs as Agents (and/or in similar positions and/or with similar job titles, duties,

22  and responsibilities) throughout the State of California, to conduct and transact Defendants'

23  insurance and financial products business. Defendants have unlawfully denied Plaintiffs wages

24  and other benefits of employment, when as a matter of fact and law, Agents are Defendants'

25  "employees" pursuant to contract. As a result, Plaintiffs are, and remain, entitled to the

26  protections of the California Industrial Welfare Commission Wage Order No. 4-2001, originally

27  and as amended, and the California Labor Code, with regard to the requirements that Defendants

28  provide Plaintiffs with correctly itemized wage statements at each pay period, but in no event

- 15 -

1    fewer than twice monthly, including proper payment of wages and expenses, and proper

2    itemization of employees' pay, and withholding of deductions authorized in writing by

3    employees, among other items.

4        45.    In violation of state law, Defendants have refused to perform their obligations to

5    provide Plaintiffs with properly itemized wage statements, including proper payment of wages

6    and expenses, and proper itemization of employees' pay, and of deductions authorized in writing

7    by employees. As a direct and proximate result, Plaintiffs have suffered, and continue to suffer,

8    substantial losses related to the use and enjoyment of such wages, monies, and wage statements

9    and wage benefits, lost interest on wages and expenses and benefits, and expenses and attorneys'

10    fees in seeking to compel Defendants to fully perform their obligation under state law, all to their

11    respective damage in amounts according to proof at time of trial, but in amounts in excess of the

12    minimum jurisdiction of this Court. Plaintiffs are thus entitled to recover all amounts for all such

13    wages and expenses and benefits on such wage statements, penalties, interest, attorneys' fees,

14    and court costs and expenses of suit, pursuant to Labor Code sections 218.6 and 226, according

15    to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

16    Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such wages and

17    expenses and benefits, nominal, actual and compensatory damages in amounts according to proof

18    at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

19        46.    Defendants' failure to provide Plaintiffs with properly itemized wage statements,

20    including proper payment of wages and expenses, and proper itemization of employees' pay, and

21    proper withholding of payroll taxes, in violation of California law, was knowing and intentional.

22    Defendants have refused to provide the properly itemized wage statements due each Plaintiff for

23    false and fraudulent reasons. All such acts were committed wilifully, maliciously, oppressively,

24    and fraudulently, with the wrongful and deliberate intention of injuring Plaintiffs, and with a

25    conscious disregard for Plaintiffs' rights and Defendants' obligations under California wage and

26    hour laws, all of which have deprived Plaintiffs of their property and legal rights. Therefore, in

27    addition to all other types of relief requested herein, Plaintiffs are entitled to recover punitive and

28    exemplary damages in amounts according to proof at time of trial, but in amounts in excess of

1 | the minimum jurisdiction of this Court.

2 |      47.    Defendants have applied, continue to apply the foregoing policies and practices to

3 | Plaintiffs who remain employed by Defendants, Plaintiff formerly employed by Defendants, and

4 | to certain individuals who will in the future become employed by Defendants. Such employees

5 | have been injured and damaged, and are threatened with further injury and damage, by

6 | Defendants' unlawful actions as alleged, and are thus threatened with immediate irreparable

7 | harm by the continuation of Defendants' unlawful actions as alleged, and have no complete,

8 | adequate remedy at law. Therefore, Plaintiffs request the Court enter an order reflecting

9 | appropriate injunctive relief to prevent Defendants from committing such acts in the future.

10 |      48.    WHEREFORE, Plaintiffs request relief as herein provided.

11 | FOURTH CAUSE OF ACTION:

12 | WAGES UNLAWFULLY WITHHELD AT TERMINATION,

13 | UNDER THE LAWS OF THE STATE OF CALIFORNIA,

14 | BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA

15 | (By All Plaintiffs, Against All Defendants)

16 |      49.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

17 | though set forth fully herein, the allegations contained in Paragraphs 1 through 48, above. This

18 | cause of action is plead by all Plaintiffs, against all Defendants.

19 |      50.    Within the four (4) years before the filing of this Complaint, Defendants have

20 | employed Plaintiffs as Agents (and/or in similar positions and/or with similar job titles, duties,

21 | and responsibilities) pursuant to the TSA Plan Agreement, throughout the State of California, to

22 | conduct and transact Defendants' insurance and financial products business. Defendants have

23 | unlawfully denied Plaintiffs wages and other benefits of employment, when as a matter of fact

24 | and law, Agents are Defendants' employees pursuant to contract. As a result, Plaintiffs are and

25 | have been entitled to the protections of the California Labor Code, with regard to the

26 | requirements that Defendants provide Plaintiffs with all earned wages as of the date of each

27 | former-employee-Plaintiffs' termination of employment with Defendants.

28 |      51    In violation of state law, Defendants have refused to perform their obligations to

1  provide former-employee-Plaintiffs with all earned wages as of the date of each former-

2  employee-Plaintiffs' termination of employment with Defendants. As a direct and proximate

3  result, Plaintiffs have suffered, and continue to suffer, substantial losses related to the use and

4  enjoyment of such compensation, all to their respective damage in amounts according to proof at

5  time of trial, but in amounts in excess of the minimum jurisdiction of this Court. As Defendants'

6  conduct described herein violates the provisions of the California Labor Code regarding proper

7  payment of all earned wages as of the date of each former-employee-Plaintiffs' termination of

8  employment with Defendants, Plaintiffs are thus entitled to recover all amounts for all such

9  compensation plus waiting time penalties pursuant to Labor Code sections 200 - 203, according

10  to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

11  Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such compensation

12  and benefits, nominal, actual and compensatory damages in amounts according to proof at time

13  of trial, but in amounts in excess of the minimum jurisdiction of this Court.

14      52.    Defendants have applied, continue to apply the foregoing policies and practices to

15  Plaintiffs who remain employed by Defendants, Plaintiff formerly employed by Defendants, and

16  to certain individuals who will in the future become employed by Defendants. Such employees

17  have been injured and damaged, and are threatened with further injury and damage, by

18  Defendants' unlawful actions as alleged, and are thus threatened with immediate irreparable

19  harm by the continuation of Defendants' unlawful actions as alleged, and have no complete,

20  adequate remedy at law. Therefore, Plaintiffs request the Court enter an order reflecting

21  appropriate injunctive relief to prevent Defendants from committing such acts in the future.

22      53.    WHEREFORE, Plaintiffs request relief as herein provided.

23              **FIFTH CAUSE OF ACTION:**

24  **VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 221, 450 AND 2802**

25              **(By All Plaintiffs, Against All Defendants)**

26      54.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

27  though set forth fully herein, the allegations contained in paragraphs 1 through 53, above. This

28  cause of action is plead by all Plaintiffs, against all Defendants.

55.     Within the preceding four (4) years, Defendants maintained a scheme by which Plaintiffs have been required to pay Defendants for, among other items: pay monthly rent on a cubicle in Defendants' offices; pay monthly telephone service charges for a phone line run into their cubicle; pay copy charge fees; and pay for required, specialized software and technical support for that software as a monthly charge. Defendants have also charged Plaintiffs a "commission administration fee" for each policy on which Defendants paid Plaintiffs' a commission. Further, upon the end of an Agent's employment with Defendants, Defendants demanded immediate payment of any of these business expenses and/or fees assessed against the Agent by Defendants and remaining unpaid at the end of employment, and threatened the Agent with collections action if the Agent failed to make immediate payment. This Cause of Action seeks recovery of such sums paid by Agents (and/or others in similar positions and/or with similar job titles, duties, and responsibilities) after the end of their employment and in response to such threats of collections activity made by Defendants.

56.     At all times relevant, California Labor Code sections 221, 450 and 2802 were in effect and prohibited Defendants' collection of wages previously paid to employees and/or coercing employees to patronize Defendants by paying rent for cubicles, charges for telephone service, and surcharges for copying, among others. Further, Defendants' attempts to collect these sums from Agents after the end of employment constitutes a further violation of these sections.

57.     Defendants' actions described herein, in violation of California law, were knowing and intentional. All such acts were committed willfully, maliciously, oppressively, and fraudulently, with the wrongful and deliberate intention of injuring Plaintiffs, and with a conscious disregard for Plaintiffs' rights and Defendants' obligations under California wage and hour laws, all of which have deprived Plaintiffs of their property and legal rights. Therefore, in addition to all other types of relief requested herein, Plaintiffs are entitled to recover punitive and exemplary damages in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

58.     Defendants have applied, and continue to apply, the foregoing policies and practices to Plaintiffs who remain employed by Defendants, Plaintiff formerly employed by

- 19 -

1  Defendants, and to certain individuals who will in the future become employed by Defendants.

2  Such employees have been injured and damaged, and are threatened with further injury and

3  damage, by Defendants' unlawful actions as alleged, and are thus threatened with immediate

4  irreparable harm by the continuation of Defendants' unlawful actions as alleged, and have no

5  complete, adequate remedy at law. Therefore, Plaintiffs request the Court enter an order

6  reflecting appropriate injunctive relief to prevent Defendants from committing such acts in the

7  future.

8      59.    WHEREFORE, Plaintiffs request relief as herein provided.

9                              SIXTH CAUSE OF ACTION

10         UNFAIR BUSINESS PRACTICES IN VIOLATION OF

11   CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET. SEQ.,

12            BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA

13                  (By All Plaintiffs, Against All Defendants)

14      60.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

15   though set forth fully herein, the allegations contained in Paragraphs 1 through 59, above. This

16   cause of action is plead by all Plaintiffs, against all Defendants.

17      61.    Defendants engage in business practices, offer their insurance policies and

18   financial products for sale, and advertise their goods and services within the jurisdiction of the

19   State of California. As such, Defendants have a duty to comply with the provisions of the Unfair

20   Business Practices Act as set forth in California Business & Professions Code sections 17200, *et*

21   *seq.*, which Act prohibits, *inter alia*, unlawful, unfair, and/or fraudulent business acts or practices

22   and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or

23   association within the jurisdiction of the State of California.

24      62.    By violating the foregoing provisions of California's labor and employment laws,

25   and by failing to take immediate and appropriate measures to address these violations,

26   Defendants' acts constitute unfair business practices under Business and Professions Code

27   sections 17200, *et. seq.* Defendants' violations of California's labor and employment laws

28   constitute a business practice because they have been done repeatedly over a significant period of

1    time throughout the State of California, and in a systematic manner to the detriment of many

2    Plaintiffs.

3          63.    As a direct, foreseeable, and proximate result of Defendants' acts and omissions

4    alleged herein, for the four (4) years preceding the filing of this action Plaintiffs, including

5    Plaintiff Opyrchal, have lost money and suffered injuries, and Defendants have also been

6    unjustly enriched as a result of unfair competition. Plaintiffs therefore request restitution of all

7    monies paid to Defendants by the Plaintiffs pursuant to the illegal acts alleged herein, and

8    request that profits to be disgorged from Defendants, all in an amount according to proof at time

9    of trial, in lieu of or in addition to other types of relief requested herein, but in excess of the

10   minimum jurisdiction of this Court.

11         64.    Defendants have applied, continue to apply the foregoing policies and practices,

12   including their failure to properly compensate Plaintiffs at the minimum wage for such hours

13   worked, and have unlawfully deducted business expenses from employee's wages, in violation of

14   California law, to Plaintiffs who remain employed by Defendants, Plaintiffs formerly employed

15   by Defendants, and to certain individuals who will in the future become employed by

16   Defendants. Such employees have been injured and damaged, and are threatened with further

17   injury and damage, by Defendants' unlawful actions as alleged, and are thus threatened with

18   immediate irreparable harm by the continuation of Defendants' unlawful actions as alleged, and

19   have no complete, adequate remedy at law. Therefore, Plaintiffs request the Court enter an order

20   reflecting appropriate injunctive relief to prevent Defendants from committing such acts in the

21   future.

22         65.    WHEREFORE, Plaintiffs request relief as herein provided.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

<u>SEVENTH CAUSE OF ACTION:</u>

UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF

CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET. SEQ.,

BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA

(By All Plaintiffs, Against All Defendants)

66.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as though set forth fully herein, the allegations contained in Paragraphs 1 through 65, above. This cause of action is plead by all Plaintiffs, against all Defendants.

67.    Defendants engage in business practices, offer their insurance policies and financial products for sale, and advertise their goods and services within the jurisdiction of the State of California. As such, Defendants have a duty to comply with the provisions of the Unfair Business Practices Act as set forth in California Business & Professions Code sections 17200, *et seq.*, which Act prohibits, *inter alia*, unlawful, unfair, and/or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

68.    By violating the foregoing provisions of California's labor and employment laws, and by failing to take immediate and appropriate measures to address these violations, Defendants' acts constitute unlawful business practices under Business and Professions Code sections 17200, *et. seq.* Defendants' violations of California's labor and employment laws constitutes a business practice because they have been done repeatedly over a significant period of time throughout the State of California, and in a systematic manner to the detriment of scores of Plaintiffs.

69.    As a direct, foreseeable, and proximate result of Defendants' acts and omissions alleged herein, for the four (4) years preceding the filing of this action Plaintiffs, including Plaintiff Opyrchal, have lost money and suffered injuries, and Defendants have also been unjustly enriched as a result of unfair competition. Plaintiffs therefore request restitution of all monies paid to Defendants by the Plaintiffs pursuant to the illegal acts alleged herein, and request that profits to be disgorged from Defendants, all in an amount according to proof at time

1    of trial, in lieu of or in addition to other types of relief requested herein, but in excess of the

2    minimum jurisdiction of this Court.

3         70.    Defendants have applied, continue to apply the foregoing policies and practices,

4    including their failure to properly compensate Plaintiffs at the minimum wage for such hours

5    worked, and have unlawfully deducted business expenses from employee's wages, in violation of

6    California law, to Plaintiffs who remain employed by Defendants, Plaintiff formerly employed by

7    Defendants, and to certain individuals who will in the future become employed by Defendants.

8    Such employees have been injured and damaged, and are threatened with further injury and

9    damage, by Defendants' unlawful actions as alleged, and are thus threatened with immediate

10   irreparable harm by the continuation of Defendants' unlawful actions as alleged, and have no

11   complete, adequate remedy at law.  Therefore, Plaintiffs request the Court enter an order

12   reflecting appropriate injunctive relief to prevent Defendants from committing such acts in the

13   future.

14        71.    WHEREFORE, Plaintiffs request relief as herein provided.

15                          **V.  PRAYER FOR RELIEF**

16        72.    Plaintiffs hereby reallege, and incorporate by reference in this Section as though

17   set forth fully herein, the allegations contained in Paragraphs 1 through 71, above.

18        WHEREFORE, Plaintiffs pray for judgment as follows:

19        1.     For nominal damages;

20        2.     For actual damages;

21        3.     For compensatory damages;

22        4.     For restitution of all monies, wages, expenses and benefits due to Plaintiffs;

23        5.     For disgorged profits from the unfair/unlawful business practices of Defendants;

24        6.     For interest accrued to date;

25        7.     For interest pursuant to Labor Code section 218.6, 1194, and 1194.2;

26        8.     For penalties pursuant to Labor Code sections 203 and 226;

27        9.     For liquidated damages pursuant to Labor Code section 1194.2;

28        10.    For punitive and exemplary damages;

11. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226, 1194, and 2802;

12. For reasonable attorneys' fees pursuant to Labor Code sections 226, 1194, and 2802, and C.C.P. section 1021.5;

13. For appropriate injunctive relief;

14. For appropriate equitable relief;

15. For appropriate declaratory relief;

16. For all such other and further relief that the Court may deem just and proper.

Dated: 12/8/06

POPE, BERGER & WILLIAMS, LLP,
LAW OFFICES OF DOUGLAS J. CAMPION

By:  _Harvey C. Berger_
Harvey C. Berger
Attorneys for Named Plaintiff JUSTIN
OPYRCHAL, individually, and on behalf of all
other similarly situated current and former
employees of Defendants in the State of California

## DEMAND FOR JURY TRIAL

Named Plaintiff JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California, hereby demands a jury trial.

Dated: 12/8/06

POPE, BERGER & WILLIAMS, LLP,
LAW OFFICES OF DOUGLAS J. CAMPION

By:  _Harvey C. Berger_
Harvey C. Berger
Attorneys for Named Plaintiff JUSTIN
OPYRCHAL, individually, and on behalf of all
other similarly situated current and former
employees of Defendants in the State of California

- 24 -

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |
|---|---|---|
| A. Mark Pope / Harvey C. Berger    77798 / 102973<br>POPE, BERGER & WILLIAMS, LLP<br>550 West C Street, Suite 1400<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 595-1366    FAX NO.: (619) 236-9677<br>ATTORNEY FOR *(Name):* PLAINTIFFS | | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>DEC 1 1 2006<br><br>John A. Clark, Executive Officer/Clerk<br>By _____ , Deputy<br>D. Garcia |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

| CASE NAME:  OPYRCHAL v. NEW YORK LIFE | |
|---|---|

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>BC363208 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 1800-1812)** |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | types (41) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [X] Other employment (15) | | |

2. This case [X] is    [ ] is not    complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [X] monetary    b. [X] nonmonetary; declaratory or injunctive relief    c. [X] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [X] is    [ ] is not    a class action suit. *(You may use form CM-015.)*
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 8, 2006

Harvey C. Berger, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2006] | Martin Dean's<br>ESSENTIAL FORMS | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 201.8, 1800-1812;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |
|---|---|---|---|

OPYRCHAL 4901

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice-Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| OPYRCHAL v. NEW YORK LIFE INSURANCE COMPANY, INC. | BC363208 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.   Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 21 [ ] HOURS/ [X] DAYS.

Item II.   Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked.

For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

---
### Applicable Reasons for Choosing Courthouse Location (See Column C below)
---

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in item III; complete item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto (22) | | A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | | A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | | A6070 Asbestos Property Damage | 2. |
| | | A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | | A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | | A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | | A7250 Premises Liability (e.g., slip and fall) | 1., 2. 4. |
| | | A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1. 2. 4. |
| | | A7270 Intentional Infliction of Emotional Distress | 1. 2. 3. |
| | | A7220 Other Personal Injury/Property Damage/Wrongful Death | 1. 2., 4 |
| Business Tort (07) | | A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | | A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | | A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | | A6013 Fraud (no contract) | 1., 2. 3. |
| Intellectual Property (19) | | A6016 Intellectual Property | 2., 3. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved
Martin Dean's Essential Forms ™

CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

OPYRCHAL 4901

| SHORT TITLE | CASE NUMBER |
|---|---|
| OPYRCHAL v. NEW YORK LIFE INSURANCE COMPANY, INC. | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ A6017<br>☐ A6050 | Legal Malpractice<br>Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☒ A6024<br>☐ A6109 | Other Employment Complaint Case<br>Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004<br><br>☐ A6008<br>☐ A6019<br>☐ A6028 | Breach of Rental/Lease Contract (not Unlawful Detainer or<br>wrongful eviction)<br>Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>Negligent Breach of Contract/Warranty (no fraud)<br>Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br><br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐ A6002<br>☐ A6012 | Collections Case-Seller Plaintiff<br>Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009<br>☐ A6031<br>☐ A6027 | Contractual Fraud<br>Tortious Interference<br>Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation        Number of parcels | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018<br>☐ A6032<br>☐ A6060 | Mortgage Foreclosure<br>Quiet Title<br>Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6 |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5 |

CIV 109 03-04 (Rev. 03/06)          CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION          LASC, rule 2.0<br>LASC Approved                                                                                                                    Page 2 of 4<br>Martin Dean's Essential Forms ™

OPYRCHAL 4901

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| OPYRCHAL v. NEW YORK LIFE INSURANCE COMPANY, INC. | | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Writ of Mandate<br>(02) | ☐ A6151<br>☐ A6152<br>☐ A6153 | Writ - Administrative Mandamus<br>Writ - Mandamus on Limited Court Case Matter<br>Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150 | Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect<br>(10) | ☐ A6007 | Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation<br>(28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8 |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141<br>☐ A6160<br>☐ A6107<br>☐ A6140<br>☐ A6114<br>☐ A6112 | Sister State Judgment<br>Abstract of Judgment<br>Confession of Judgment (non-domestic relations)<br>Administrative Agency Award (not unpaid taxes)<br>Petition/Certificate for Entry of Judgment on Unpaid Tax<br>Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030<br>☐ A6040<br>☐ A6011<br>☐ A6000 | Declaratory Relief Only<br>Injunctive Relief Only (not domestic/harassment)<br>Other Commercial Complaint Case (non-tort/non-complex)<br>Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation<br>Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121<br>☐ A6123<br>☐ A6124<br>☐ A6190<br>☐ A6110<br>☐ A6170<br>☐ A6100 | Civil Harassment<br>Workplace Harassment<br>Elder/Dependent Adult Abuse Case<br>Election Contest<br>Petition for Change of Name<br>Petition for Relief from Late Claim Law<br>Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| OPYRCHAL v. NEW YORK LIFE INSURANCE COMPANY, INC. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: Brea Corporate Plaza 3230 East Imperial Highway |
|---|---|
| ☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | |

| CITY: Brea | STATE: California | ZIP CODE: 92801 | |
|---|---|---|---|

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the  Stanley Mosk courthouse in the  Central District                District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated:  December 8, 2006

Harvey C. Berger
[SIGNATURE OF ATTORNEY/FILING PARTY]

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (Rev. 03/06)
LASC Approved
Martin Dean's Essential Forms ™          CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION          LASC, rule 2.0
Page 4 of 4

OPYRCHAL 4901

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____     BC363208

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. William F. Highberger | 32 | 406 |
| Hon. Alice E. Altoon | 28 | 318 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Morris B. Jones | 48 | 506 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Jon M. Mayeda | 72 | 731 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Rita Miller | 16 | 306 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. David L. Minning | 61 | 632 |
| Hon. James C. Chalfant | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Judith C. Chirlin | 89 | 532 | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Victor H. Person | 39 | 415 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Mel Red Recana | 45 | 529 |
| Hon. James R. Dunn | 26 | 316 | Hon. Andria K. Richey | 31 | 407 |
| Hon. Lee Edmon | 68 | 617 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. William F. Fahey | 78 | 730 | Hon. James E. Satt | 40 | 414 |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Haley J. Fromholz | 20 | 310 | Hon. Mary Thornton House | 17 | 309 |
| Hon. Richard Fruin | 15 | 307 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Terry A. Green | 14 | 300 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. David A. Workman | 19 | 311 |
| Hon. Paul Gutman | 34 | 408 | Hon. George Wu | 33 | 409 |
| Hon. Robert L. Hess | 24 | 314 | | 35 | 411 |
| | 3 | 224 | Other | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk



*from the*
### LOS ANGELES SUPERIOR COURT
### ADR DEPARTMENT

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

### *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

◆ **ENE can reduce litigation time and costs and promote settlement.**

◆ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

◆ **ENE is voluntary and confidential.**

◆ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

◆ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

# PARTICIPATING PILOT COURTHOUSES:

(General Jurisdiction Case Only)

- ▨ **Chatsworth**
- ▨ **Pomona**
- ▨ **Santa Monica**
- ▨ **Van Nuys**
- ▨ **Stanley Mosk** (Departments listed below only.)

    Department 15
    Department 16
    Department 28
    Department 30
    Department 31
    Department 32
    Department 38
    Department 42
    Department 47
    Department 50
    Department 52
    Department 55
    Department 56
    Department 68
    Department 71
    Department 89

LOS ANGELES SUPERIOR COURT
CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 201.9(c) Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

MEDIATION    A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 1620-1622 and 1630-1639, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

ARBITRATION    A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141 10-1141.31, California Rules of Court, Rules 1600-1618, and Los Angeles Superior Court Rules, Chapter 12.

ENE    A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

SETTLEMENT    A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in
CONFERENCE    negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

## JURISDICTIONAL LIMITATIONS

MEDIATION,    Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously
ARBITRATION    referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or
&    ENE by stipulation, election by plaintiff or order of the court.
ENE

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

SETTLEMENT    Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no
CONFERENCE    monetary limit.

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

PARTY PAY PANEL

The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

PRO BONO PANEL

The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

ENE

The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators. The evaluators provide preparation time and three hours hearing time per case at no charge. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing.

PRIVATE NEUTRAL

The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

ADR 005 10-03
LASC Approved
(Rev. 03-06)

Page 2 of 2

## LOS ANGELES COUNTY
## DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

Asian-Pacific American Dispute Resolution Center
(213) 250-8190
(Spanish & Asian languages capability)

California Academy of Mediation Professionals
(818) 377-7250

Center for Conflict Resolution
(818) 380-1840

Inland Valleys Justice Center
(909) 397-5780
(Spanish language capability)

Office of the Los Angeles City Attorney Dispute Resolution Program
(213) 485-8324
(Spanish language capability)

Los Angeles County Bar Association Dispute Resolution Services
toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

Los Angeles County Department of Consumer Affairs
(213) 974-0825
(Spanish language capability)

The Loyola Law School Center for Conflict Resolution
(213) 736-1145
(Spanish language capability)

Martin Luther King Legacy Association Dispute Resolution Center
(323) 290-4132
(Spanish language capability)

City of Norwalk
(562) 929-5603

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to *respond to a summons or appear at any set court date. See the reverse side of this sheet for* information on the mediation process and obtaining legal advice.

---

### THIS IS A TWO-SIDED DOCUMENT.

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties... | A Mediator does not... |
|---|---|
| ♦ Have productive discussions | ♦ Provide advice or opinions |
| ♦ Avoid or break impasses | ♦ Offer legal information |
| ♦ Defuse controversy | ♦ Make decisions for parties |
| ♦ Generate options that have potential for mutual gain | ♦ Represent or advocate for either side |
| ♦ Better understand each other's concerns and goals | ♦ Judge or evaluate anyone or anything |
| ♦ Focus on their interests rather than their positions | ♦ Conduct research |
| | ♦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**Legal Advice/Information**

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
*(213) 738-2621*
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

**THIS IS A TWO-SIDED DOCUMENT.**

ADR 007 07-04
LASC Approved

Page 2 of 2

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

ADR 001 10-04
LASC Approved
(Rev. 03-06)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 201.9
Page 1 of 2

| Short Title | | Case Number |
|---|---|---|
| | | |

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

**STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Arrow

Page 1 of 1

**FedEx** Express

FedEx Revenue Barcode

CAD#: 8318649
SHIP DATE: 22DEC06
WEIGHT: 1 LB

FROM: Geivo Gukasyen (213)337-4615
CT - Los Angeles SOP Team
818 West Seventh Street

Los Angeles, CA 90017

TO:   **Sheila K Davidson (212)576-7000**
**New York Life Insurance Company**
**51 Madison Avenue**

**New York, NY 10010**
Ref: SOP/041390U/New York Life Insurance and

DELIVERY ADDRESS (FedEx-EDR)

TRK# 7985 7225 2368    FORM
0201

** 2DAY **

10010  -NY-US

EWR

WED
A1
Deliver by:
27DEC06

SB NBPA

CLS10036

http://arrow.cch-lis.com/NetworkAccess/SOP_ViewLabel.aspx?DocId=9AEE3EF409674EAB9604991FE82EF081&Type=D...    12/22/2006