Exhibit B

COPY

FILED

MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD, SBN 119513
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
email: jbattenfeld@morganlewis.com

2007 JAN 22  PM 3:11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

MORGAN, LEWIS & BOCKIUS LLP
JENNIFER WHITE-SPERLING, SBN 166504
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001
email: jwhite-sperling@morganlewis.com

Attorneys for Defendants New York Life Insurance
Company and New York Life Insurance and
Annuity Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN OPYRCHAL, individually, and on behalf of all other similarly current and former employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY, INC. a New York corporation; NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., a Delaware corporation; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., a Delaware corporation; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.<br><br>CV07 - 00518 SVW<br><br>**DEFENDANTS NEW YORK LIFE INSURANCE COMPANY AND NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

I-LA/920667.1

NOTICE OF REMOVAL

DEFENDANTS NEW YORK LIFE INSURANCE COMPANY ("NYLIC") and NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION ("NYLIAC") (collectively herein, "NYL Defendants") give notice that this case is hereby removed from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California. NYL Defendants remove this matter pursuant to 28 U.S.C. Section 1332(d), 28 U.S.C. Section 1441, 28 U.S.C. Section 1446, and 28 U.S.C. Section 1453, and state that this Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005. As and for their Notice of Removal, NYL Defendants plead as follows:

1.  This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

2.  Plaintiff Justin Opyrchal instituted this civil action in the Superior Court of the State of California for the County of Los Angeles County, on or about December 11, 2006, against Defendants New York Life Insurance, Inc., New York Life and Health Insurance Company, Inc., and New York Life Insurance and Annuity Corporation, Inc., which action was assigned Case Number BC 363208 in said court.

3.  This action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

4.  The Summons, Complaint, Notice of Case Assignment, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment and ADR Information Package were served upon Defendants on December 22, 2006, by process server. True and correct copies of the documents are attached hereto as Exhibit A.

5.  No other proceedings have been held in this action and the Summons,

Complaint, Notice of Case Assignment, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location and ADR Information Package, (attached hereto as Exhibit A) constitute all process, pleadings and orders filed in this case.

6.    Because this Notice of Removal is filed within thirty days of service of the Summons, Complaint and Civil Case Cover Sheet upon the NYL Defendants, it is timely under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453.

7.    This action was brought by a putative representative person on behalf of a proposed class of individuals. Ex. A, ¶¶ 6, 8. As such, this matter is a purported class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.[1]

8.    This action originally could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter was brought as a class action, complete diversity of citizenship exists between one or more members of the putative class and the Defendants, and the amount in controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

I.    **DIVERSITY OF CITIZENSHIP EXISTS**

9.    NYL Defendants are informed and believe that Plaintiff Justin Opyrchal is, and was at the institution of this civil action, and was at all times intervening, a citizen and resident of California.

10.    Defendant NYLIC is, and was at the time of the institution of this civil action, a mutual life insurance company organized and existing under and by virtue of the laws of the State of New York, having its principal place of business (where

---

1 NYL Defendants dispute, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.

the majority of its executive and administrative functions are performed) in the State of New York, and therefore is a citizen of New York for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

11.    Defendant NYLIAC is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business (where the majority of its executive and administrative functions are performed) in the State of New York, and therefore is a citizen of Delaware and New York for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

12.    The NYL Defendants are informed and believe that Defendant New York Life and Health Insurance Co. ("NYLHIC") was or is incorporated in the State of Delaware, and its principal place of business was or is in Tennessee. NYLHIC was sold in 1998 and has not been affiliated with either NYL Defendant since then. The NYL Defendants are informed and believe that NYLHIC's alleged conduct does not form "a significant basis for the claims asserted by the proposed Plaintiff class." 28 U.S.C. § 1332(d)(4).

13.    The NYL Defendants' business activities do not substantially predominate in any one state, and the amount of Defendants' business activity in California is not significantly larger than in other states in which they conduct business.

14.    As a result, Defendants are not now, and were not at the time of the filing of the Complaint, citizens of the State of California within the meaning of the Acts of Congress relating to the removal of causes.

15.    Based upon information and belief and the allegations in the Complaint, therefore, at least one member of the proposed class of plaintiffs (Opyrchal) is a citizen of a state different from the Defendant.

## II.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

16.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6).

17.    In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." (Senate Judiciary Report, S. REP. 109-14, at 42.)

18.    The Complaint seeks relief on behalf of a putative class of all "current and former employees of Defendants throughout the State of California, who have been employed by Defendants in the State of California within the four (4) years before the filing of this Complaint – and continuing to trial or until an appropriate ending date for a Class Period – as Agents for Defendants (and/or in similar positions and/or with similar job titles, duties, and responsibilities) working under a "TAS Plan Agreement" which defines them as employees of Defendants." Ex. A, ¶ 8. Based on this alleged class definition, NYL Defendants have had relationships with approximately 2,070 putative class members in California from December 1, 2002 to the present.

19.    The Complaint in the instant action purports to allege multiple claims on behalf of each of the putative class members for wages, other damages and penalties under various sections of the California Labor Code ("Labor Code"), and for restitution under Business and Professions Code § 17200. *See, e.g.*, Ex. A., ¶¶ 30-70, and Prayer for Relief, ¶¶ 1-15.

20.    Plaintiff claims that, pursuant to the Labor Code and California Industrial Welfare Commission Wage Order No. 4-2001, Defendants failed to pay

Plaintiff and the putative class minimum wage as required by law. Ex. A, ¶ 30. Specifically, Plaintiff alleges that he and the putative class members were required to attend training classes three days per during the "mandatory training period" during the beginning of their employment with Defendants and that Plaintiff and the putative class members were not paid minimum wage for the time spent in the training classes. Ex. A, ¶ 30.

21. Plaintiff makes this claim on behalf of every employee who worked for Defendants in the four years prior to the filing of the Complaint. Ex. A, ¶ 31.

22. Plaintiff claims that he and the putative class were required to attend training three days per week during the mandatory training period. Ex. A, ¶ 30. Plaintiff further alleges that the classes lasted eight hours per day and the mandatory training period was three months long. Ex, A, ¶10. Therefore, pursuant to these allegations, Plaintiff alleges that he was not paid for approximately 288 hours of time.

23. Under California Industrial Welfare Commission Wage Order No. 4-2001, the minimum wage during the majority of the applicable time period was $6.75 per hour. Thus, according to Plaintiff's theory of damages, his individual claim for unpaid minimum wages amounts to approximately 288 hours x $6.75/hour = $1,944.00.

24. According to Plaintiff's theory of damages, the putative class's claim for unpaid minimum wages amounts to approximately 288 hours x $6.75/hour x 2,070 putative class members = $4,024,080.00.

25. The Complaint also alleges that Plaintiff and the members of the putative class are entitled to liquidated damages for the alleged minimum wage violation pursuant to Labor Code Sections 1194 and 1194.2. Ex. A, ¶ 32. Labor Code Section 1194.2 provides for the possible recovery of liquidated damages equal to the amount of wages that were unpaid. Thus, Plaintiff alleges that he and

the putative class are due an additional $4,024,080.00 in liquidated for the alleged minimum wage violation, for a total of $8,048,160.00 in wages and liquidated damages for that claim alone.

26.    The Complaint also alleges that Defendants violated California Industrial Welfare Commission Wage Order No. 4-2001 by failing to provide him and the putative class with itemized wage statements. Ex. A, ¶ 44. Plaintiff alleges that, as a result, he and the putative class are entitled to various penalties, interest and attorneys' fees pursuant to Labor Code Section 226. Ex. A, ¶ 45.

27.    Labor Code § 226 states that an injured employee can recover up to an aggregate penalty of $4,000. Thus, under Plaintiff's theory of the case, the potential aggregate penalties under Section 226 for 2,070 putative class members could be $8,280,000.00.

28.    Further, Plaintiff seeks to represent putative class members who are former employees of Defendants and who allegedly did not to receive all wages due upon termination of their relationship with Defendants. Ex. A, ¶ 51. Plaintiff alleges claims for "waiting time" penalties pursuant to Labor Code Section 203 on behalf of this putative subclass. Ex. A, ¶ 51. Labor Code Section 203 provides for a penalty of up to 30 days of daily wages. Assuming waiting time penalties based on the minimum wage of $6.75 per hour, at eight hours per day, for thirty days, penalties could be a total of $1,620.00 per former employee, according to Plaintiff's theory of the case.

29.    Plaintiff also seeks recovery for the putative class under Labor Code Section 2802 for reimbursement for necessary expenditures. Ex. A, ¶¶ 38, 55. Plaintiff also seeks exemplary and punitive damages for the putative class members under various laws. Ex. A., Prayer for Relief ¶ 10. Plaintiff also seeks attorneys' fees under various laws. *See, e.g.,* Ex. A, Prayer for Relief, ¶¶ 11, 12.

30.    Thus, although NYL Defendants deny Plaintiff's factual allegations or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

that he or the putative class that he purports to represent are entitled to the relief for which he has prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

## IV.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

31.    As set forth above, this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon NYL Defendants.

32.    NYL Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

33.    NYL Defendants have sought no similar relief.

34.    The prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

35.    Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d), removal of this action is proper pursuant to 28 U.S.C. § 1441.

**WHEREFORE,** NYL Defendants, desiring to remove this case to the United States District Court for the Central District of California, pray that the filing of this Notice of Removal shall effect the removal of the suit to this Court.

Dated:    January 22, 2007

MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD
JENNIFER WHITE-SPERLING

By  _Jennifer White-Sperling_
Jennifer White-Sperling
Attorneys for Defendants
New York Life Insurance Company
and New York Life Insurance and
Annuity Corporation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/920667.1

8

NOTICE OF REMOVAL

Exhibit A

*12/22/06  10 0C*

## SUMMONS
### *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* .
NEW YORK LIFE INSURANCE COMPANY, INC., a New York corporation; NEW
YORK LIFE AND HEALTH INSURANCE COMPANY, INC., a Delaware corporation;
NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., a Delaware
corporation; and DOES 1 through 100 inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)*
JUSTIN OPYRCHAL, individually, and on behalf of all other similarly
situated current and former employees of Defendants in the State of
California,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 1 1 2006

John A. Clark, Executive Officer/Clerk
By _____ , Deputy
D. Garcia

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program  You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* | BC363208 |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA IN AND FOR LOS ANGELES
CENTRAL DISTRICT
111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

A. Mark Pope / POPE, BERGER & WILLIAMS, LLP          Douglas J. Campion / Law Offices of Douglas J. Campion
550 West C Street, Suite 1400, San Diego, CA 92101    411 Camino Del Rio South, #301, San Diego, CA 92108
(619) 595-1366                                        (619) 299-2091

DATE: **DEC 1 1 2006**       **JOHN A. CLARKE, CLERK**                    , Deputy
*(Fecha)*                                                                  *(Adjunto)*

[For proof of service of this summons, use Proof of Service of Summons (form POS-010).]
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1.  [ ] as an individual defendant.
2.  [ ] as the person sued under the fictitious name of *(specify)*

Daniel Garcia

3.  [X] on behalf of *(specify):* NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC, a Delaware CORPORATION
    under:  [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
            [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
            [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
            [ ] other *(specify)*
4.  [X] by personal delivery on *(date)*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms* ™

**SUMMONS**

Code of Civil Procedure §§ 417.10, 465

OPYRCHAL 46   Ex. A 0009

12/22/06    10:00

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 11 2006

John A. Clark, Executive Officer/Clerk

By _____ , Deputy
D. Garcia

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NEW YORK LIFE INSURANCE COMPANY, INC., a New York corporation; NEW
YORK LIFE AND HEALTH INSURANCE COMPANY, INC., a Delaware corporation;
NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., a Delaware
corporation; and DOES 1 through 100 inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
JUSTIN OPYRCHAL, individually, and on behalf of all other similarly
situated current and former employees of Defendants in the State of
California,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a
copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the
court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more
information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse
nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may
lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an
attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services
program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California
Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito
en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por
escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted
pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de
California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no
puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta
su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un
servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios
legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de
California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* BC365208 |
|---|---|

SUPERIOR COURT OF CALIFORNIA IN AND FOR LOS ANGELES
CENTRAL DISTRICT
111 North Hill Street          Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

A. Mark Pope / POPE, BERGER & WILLIAMS, LLP          Douglas J. Campion / Law Offices of Douglas J. Campion
550 West C Street, Suite 1400, San Diego, CA 92101    411 Camino Del Rio South, #301, San Diego, CA 92108
(619) 595-1366                                         (619) 299-2091

DATE: DEC 11 2006          **JOHN A. CLARKE, CLERK** _____          Deputy
*(Fecha)*                                                                         *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [x] on behalf of *(specify)*: NEW YORK LIFE INSURANCE COMPANY, INC., a New York corporation

   under: [x] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [x] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Ex. A 0010

A. Mark Pope, Esq. (Cal. State Bar No. 77798)
Harvey C. Berger, Esq. (Cal. State Bar No. 102973)
Aaron A. Hayes, Esq. (Cal. State Bar No. 236122)
POPE, BERGER & WILLIAMS, LLP
550 West "C" Street, Suite 1400
San Diego, California 92101
Telephone: (619) 595-1366
Facsimile: (619) 236-9677

Douglas J. Campion, Esq. (Cal. State Bar No. 75381)
LAW OFFICES OF DOUGLAS J. CAMPION
411 Camino Del Rio South, Suite 301
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 11 2006

John A. Clark, Executive Officer/Clerk
By _____, Deputy
     D. Garcia

Attorneys for Named Plaintiff JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California, <br><br> Plaintiffs, <br><br> v. <br><br> NEW YORK LIFE INSURANCE COMPANY, INC., a New York corporation; NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., a Delaware corporation; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., a Delaware corporation; and DOES 1 through 100 inclusive, <br><br> Defendants. | Case No. BC363208 <br> CLASS ACTION <br><br><br><br><br> **PLAINTIFFS' CLASS ACTION COMPLAINT** <br><br> [LABOR CODE VIOLATIONS, UNFAIR COMPETITION] <br><br><br><br><br> Complaint Filed: _____ <br> Trial Date: Not Set |

Named Plaintiff JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California (hereinafter, collectively referred to as "Plaintiffs"), allege as follows:

Ex. A 0011

## I. JURISDICTIONAL AND VENUE ALLEGATIONS

1.    Plaintiffs are informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE COMPANY, INC., is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of New York, with its headquarters and/or principal place of business in New York, New York. Plaintiffs are further informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE COMPANY, INC., is, and at all times relevant hereto was, a foreign corporation qualified to transact and conduct business in the State of California, and that at all times relevant hereto did, and still does, transact and conduct business throughout the State of California, including but not limited to the County of Los Angeles, where Named Plaintiff OPYRCHAL performed work for Defendants. Plaintiffs are further informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE COMPANY, INC., does, and at all times relevant hereto has, sold insurance policies to consumers throughout the State of California and operated offices within the State of California where Plaintiffs have worked. Defendant NEW YORK LIFE INSURANCE COMPANY, INC., is thus alleged to be one of Plaintiffs' "employers" as it relates to the claims in this lawsuit.

2.    Plaintiffs are informed and believe, and thereon allege that Defendant NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its headquarters and/or principle place of business in New York, New York. Plaintiffs are further informed and believe, and thereon allege that Defendant NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., is, and at all times relevant hereto was, a foreign corporation qualified to transact and conduct business in the State of California, and that at all times relevant hereto did, and still does, transact and conduct business throughout the State of California, including but not limited to the County of Los Angeles. Plaintiffs are further informed and believe, and thereon allege that Defendant NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., does, and at all times relevant hereto has, sold insurance policies to consumers throughout the State of California and operated offices within the State of California where Plaintiffs have worked. Defendant NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., is thus alleged to

Ex. A 0012

1    be one of Plaintiffs' "employers" as it relates to the claims in this lawsuit.

2         3.    Plaintiffs are informed and believe, and thereon allege that Defendant NEW YORK

3    LIFE INSURANCE AND ANNUITY CORPORATION, INC., is, and at all times relevant hereto

4    was, a corporation organized and existing under and by virtue of the laws of the State of Delaware,

5    with its headquarters and/or principle place of business in Dallas, Texas.  Plaintiffs are further

6    informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE AND

7    ANNUITY CORPORATION, INC., is, and at all times relevant hereto was, a foreign corporation

8    qualified to transact and conduct business in the State of California, and that at all times relevant

9    hereto did, and still does, transact and conduct business throughout the State of California, including

10   but not limited to the County of San Diego.  Plaintiffs are further informed and believe, and thereon

11   allege that Defendant NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC.,

12   does, and at all times relevant hereto has, sold insurance policies to consumers throughout the State

13   of California and operated offices within the State of California where Plaintiffs have worked.

14   Defendant NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., is thus

15   alleged to be one of Plaintiffs' "employers" as it relates to the claims in this lawsuit.

16        4.    Therefore, Plaintiffs are informed and believe, and thereon allege that Defendants

17   NEW YORK LIFE INSURANCE COMPANY, INC., NEW YORK LIFE AND HEALTH

18   INSURANCE COMPANY, INC., and NEW YORK LIFE INSURANCE AND ANNUITY

19   CORPORATION, INC., (hereinafter, collectively referred to as "Defendants") are each subject to

20   the jurisdiction of the State of California, and specifically may be sued on the causes of action herein

21   in the County of Los Angeles. Plaintiffs are further informed and believe, and thereon allege that this

22   Court is the proper Court, and this action is properly filed in the County of Los Angeles, because:

23   for part or all of the "Class Period" that Plaintiffs will seek certification of in this case, some or all

24   of Defendants' and/or DOES 1 through 100's obligations and liabilities to Plaintiffs arose in the

25   State of California, and within the County of Los Angeles; for part or all of the Class Period that

26   Plaintiffs will seek certification of in this case, Defendants and/or DOES 1 through 100 maintained

27   offices and transacted business in the State of California, and within the County of Los Angeles; and

28   for part or all of the Class Period that Plaintiffs will seek certification of in this case, work was

Ex. A 0013

1  performed by Plaintiffs and made the subject of this action in the State of California, and within the

2  County of Los Angeles.

3                                    II. FACTUAL ALLEGATIONS

4         5.     Plaintiffs hereby reallege, and incorporate by reference in this Section as though set

5  forth fully herein, the allegations contained in Paragraphs 1 through 4, above.

6         6.     Plaintiffs bring this employment Class Action against Defendants and DOES 1

7  through 100 (herein, collectively referred to as "Defendants") to recover for their wage claims,

8  including: unpaid wages and wage benefits; violations of minimum wage, unreimbursed business

9  expenses; statutory penalties; waiting time penalties; restitution and/or disgorgement related to

10  Defendants' unlawful and unfair business practices arising from the Plaintiffs' wage and business

11  expense claims; interest, attorneys' fees, costs and expenses; nominal, compensatory, punitive and

12  exemplary damages; and injunctive relief. Plaintiffs reserve the right to name additional potential

13  Class Representatives.

14        7.     Plaintiffs are informed and believe, and thereon allege that Defendants' primary

15  business activity in the State of California is as an insurance company selling insurance policies and

16  financial products to consumers using Plaintiffs, employed as agents, through offices in the State of

17  California. Principally, Defendants market and sell insurance policies to their customers and through

18  agents.  Therefore, for Plaintiffs' wage and expense reimbursement claims as alleged herein,

19  Defendants are obligated to comply with certain portions of the California Industrial Welfare

20  Commission Wage Order No. 4-2001, originally and as amended.  Further, for Plaintiffs' wage

21  claims and expense reimbursement claims as alleged herein, Defendants are obligated to comply

22  with applicable provisions of the California Labor Code.

23        8.     Plaintiffs are informed and believe, and thereon allege that Named Plaintiff JUSTIN

24  OPYRCHAL was employed by Defendants in the State of California within the four (4) years before

25  the filing of this Complaint as an "Agent" for Defendants. Plaintiffs generally are current and former

26  employees of Defendants throughout the State of California, who have been employed by Defendants

27  in the State of California within the four (4) years before the filing of this Complaint – and

28  continuing to trial or until an appropriate ending date for a Class Period – as Agents for Defendants

Ex. A 0014

1   (and/or in similar positions and/or with similar job titles, duties, and responsibilities) working under

2   a "TSA Plan Agreement" which defines them as employees of Defendants.

3          9.     Plaintiffs are informed and believe, and thereon allege that as Agents for Defendants

4   (and/or in similar positions and/or with similar job titles, duties, and responsibilities), Plaintiffs do

5   work and have worked for Defendants throughout the State of California within the four (4) years

6   before the filing of this Complaint, to conduct and transact Defendants' insurance and financial

7   products business. Specifically, Agents act as salespersons to Defendants' customers and potential

8   customers. Agents are based out of one of Defendants' offices in cities throughout California. The

9   job requirements of all Agents are the same or substantially similar, and they are principally to sell

10   Defendant's insurance policies or other financial products. Named Plaintiff JUSTIN OPYRCHAL

11   was employed by Defendants in the State of California within the four (4) years before the filing of

12   this Complaint as an Agent for Defendants.

13         10.     Plaintiffs are informed and believe, and thereon allege that all Agents are typically

14   required to attend a mandatory three-month training class at the beginning of their employment, in

15   which they attend class for eight hours per day, three days per week. After the initial three month

16   training period, Plaintiffs are required to attend training for eight hours per day, two days per week.

17   While the Agents are engaged in and attending such orientation training classes, Agents are not

18   engaged in any activities directly related to marketing or selling policies or products to Defendants'

19   customers; such training classes are, however, intended to educate and train Agents how to act as

20   salespeople to sell the products and policies marketed by Defendants. Plaintiffs end up without any

21   payment for the time spent in training classes, and/or with payment less than the legal minimum

22   wage.

23         11     Plaintiffs are informed and believe, and thereon allege that during the first three years

24   of performing work for Defendants, Agents are employed pursuant to a written contract, the TSA

25   Plan Agreement, which declares that Plaintiffs are employees of Defendants, and that they must

26   devote their "entire time to the business of this employment."

27         12.     Plaintiffs are informed and believe, and thereon allege that during their course of the

28   first three years of their employment with Defendants, Agents are unlawfully not paid all earned

Ex. A 0015

1  wages as required by California law, are not provided itemized paychecks as required by California

2  law, are not guaranteed payment of minimum wage as required by California law, and are not

3  reimbursed for business expenses as required by California law and/or are improperly charged for

4  business expenses in contravention of California law. Therefore, Plaintiffs have been, for a period

5  of time within the four (4) years before the filing of this Complaint, improperly deprived of wages

6  and benefits of employment as described herein.

7       13.    Plaintiffs are informed and believe, and thereon allege, that at all relevant times

8  herein, DOES 1 - 50, are individuals who are/were citizens and residents of the State of California.

9  Plaintiffs are further informed and believe, and thereon allege, that at all relevant times herein DOES

10  1 - 50 owned, controlled, and/or managed the corporate affairs of Defendants and other of the DOE

11  Defendant business entities, and/or directly or indirectly exercised operational control over the

12  wages, hours, and working conditions of Plaintiffs, and/or engaged in fraudulent and/or tortious

13  activity to the detriment of Plaintiffs. As such, DOES 1 - 50 are "employers" as a matter of law for

14  purposes of imposing personal liability for the Labor Code violations alleged herein, pursuant to

15  California wage and hour laws.

16       14     Plaintiffs are informed and believe, and thereon allege that Defendants DOES 1 - 100

17  are, and at all times relevant hereto were, persons, corporations or other business entities, and

18  are/were qualified to transact and conduct business in the State of California, and did and do transact

19  and conduct business in the State of California, and are thus subject to the jurisdiction of the State

20  of California. Specifically, DOES 1 - 100 maintain offices, operate businesses, employ persons,

21  conduct business in, and illegally pay employees by illegal payroll practices and policies described

22  herein, throughout the State of California.

23       15.    Plaintiffs are informed and believe, and thereon allege that at all relevant times herein

24  DOES 1 - 100 are/were the officers, owners, executives, directors, partners, or shareholders of

25  Defendants and of one another, who were acting on behalf of Defendants and each other in the

26  establishment of, ratification of, and/or execution of the illegal payroll practices and policies

27  described herein. Plaintiffs are further informed and believe, and thereon allege that at all times

28  relevant hereto DOES 1 - 100 have held ownership, officer, director and/or executive positions with

- 6 -

Ex. A 0016

1   Defendants and with one another, which included decision-making responsibility for, and

2   establishment and execution of, illegal payroll practices and policies for Defendants and each other,

3   and Defendants and DOES 1 - 100 are, therefore, liable on the causes of action alleged herein

4   pursuant to California wage and hour laws. Plaintiffs are further informed and believe and thereon

5   allege that Defendants and DOES 1 - 100 are Plaintiffs' joint employers by virtue of a joint

6   enterprise; Plaintiffs perform, and have performed, services for each and every of Defendants, and

7   to the mutual benefit of all Defendants, and all Defendants share control of Plaintiffs as employees,

8   either directly or indirectly, and the manner in which Defendants' business is conducted.

9        16.   Plaintiffs are informed and believe and thereon allege that there exists such a unity

10  of interest and ownership between and among all Defendants that the individuality and separateness

11  of those Defendants have ceased to exist. The business affairs of Defendants are, and at all times

12  relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and

13  the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used

14  by DOES 1 - 100 as a mere shell and conduit for the conduct of certain of Defendants' affairs. The

15  recognition of the separate existence of Defendants would not promote justice, in that it would

16  permit Defendants to insulate themselves from liability to Plaintiffs. Accordingly, Defendants and

17  DOES 1 - 100 constitute the alter egos of each other, and the fiction of their separate existence must

18  be disregarded at law and in equity, because such disregard is necessary to avoid fraud and injustice

19  to Plaintiffs herein.

20        17.   Plaintiffs are informed and believe and thereon allege (unless otherwise alleged in

21  this Complaint), that at all relevant times herein, Defendants and DOES 1 - 100 were the agents,

22  employees and/or servants, masters or employers of each other and of the remaining DOES 1 - 100,

23  and in doing the things herein alleged, were acting within the course and scope of such agency or

24  employment, and with the approval and ratification of each of the other Defendants.

25        18.   Plaintiffs are informed and believe and thereon allege that each and every one of the

26  acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each

27  acting as agents and/or employees, and/or under the direction and control of each of the other

28  Defendants, and that said acts and failures to act were within the course and scope of said agency,

1  employment and/or direction and control, and were committed willfully, maliciously, oppressively,
2  and fraudulently.

3      19.    The true names and capacities, whether individual, corporate, associate, or otherwise,
4  of DOES 1 - 100, inclusive, are unknown to Plaintiffs, who therefore sue the DOE Defendants by
5  fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when
6  they have been ascertained.

7      20.    At all relevant times alleged herein Plaintiffs were employed by Defendants under
8  a written employment agreement, the TSA Plan Agreement. In perpetrating the acts and omissions
9  alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy and
10  practice of not paying Plaintiffs wages owed for certain work performed, of not reimbursing
11  Plaintiffs' business expenses and/or improperly charging Plaintiffs for business expenses, of not
12  providing Plaintiffs with properly itemized wage statements, and of failing to pay Plaintiffs all wages
13  owed at the time of termination, all in violation of certain provisions of the California Industrial
14  Welfare Commission Wage Order No.4-2001, originally and as amended, and certain provisions of
15  the California Labor Code, as described herein, and in violation of the California Business and
16  Professions Code, sections 17200, *et. seq.*

17      21    As a direct and proximate result of the unlawful actions of Defendants, Plaintiffs have
18  suffered and continue to suffer from loss of wages, expenses, and earnings in amounts as yet
19  unascertained, but subject to proof at trial in amounts in excess of the minimum jurisdiction of this
20  Court.

21              **III.  CLASS ACTION ALLEGATIONS**

22      22.    Plaintiffs hereby reallege, and incorporate by reference in this Section as though set
23  forth fully herein, the allegations contained in Paragraphs 1 through 21. above.

24      23.    This action is appropriately suited for a Class Action because:

25              a.    The potential class is a significant number because Plaintiffs are
26              informed and believe, and thereon allege, that within the past four (4) years
27              Defendants employed, at any one time, hundreds of Agents throughout the
28              State of California, believed to be well in excess of five hundred (500)

Ex. A 0018

1　employees. There also are numerous former employees who were subjected

2　to the same or similar illegal payroll practices and policies. Joinder of all

3　current and former employees individually would be impractical;

4　　　b.　　This action involves common questions of law and fact to the

5　potential class because the action focuses on the Defendants' systematic

6　course of illegal payroll practices and policies throughout the State of

7　California, which was applied to all Agents and others similarly situated in

8　violation of the California Industrial Welfare Commission Wage Order No.

9　4-2001, originally and as amended, the California Labor Code, and the

10　California Business and Professions Code (which prohibits unfair and

11　unlawful business practices arising from such violations).

12　　　c.　　The claims of the Named Plaintiff (and as yet other unnamed Class

13　Representatives) are typical of the class because Defendants subjected all of

14　their Agents to similar and/or identical violations of the California Industrial

15　Welfare Commission Wage Order No. 4-2001, originally and as amended, the

16　California Labor Code, and the California Business and Professions Code

17　(which prohibits unfair and unlawful business practices arising from such

18　violations), and because all members of the class were employed pursuant to

19　the same (or similar) TSA Plan Agreement.

20　　　d.　　The Named Plaintiff (and as yet other unnamed Class

21　Representatives) is able to fairly and adequately protect the interests of all

22　members of the class because it is in their best interests to prosecute the

23　claims alleged herein to obtain full compensation due to them for all services

24　rendered and hours worked.

25　　24.　　This suit seeks only recovery for economic injury on behalf of all Class Members and

26　it expressly is not intended to request any recovery for personal injury and claims related thereto.

27　Plaintiffs reserve the right to expand the Class definitions, and add Subclass definitions as necessary,

28　to seek recovery on behalf of additional persons as warranted as facts are learned in further

Ex. A 0019

1  investigation and discovery.

2      25.    The joinder of the Class Members is impractical and the disposition of their claims

3  in the class action will provide substantial benefits both to the parties and to the court. The Class

4  Members can be easily identified through Defendants' records.

5      26.    Plaintiff Opyrchal will fairly and adequately represent and protect the interests of the

6  Class in that he has no interests antagonistic to the Class. Plaintiffs have retained counsel competent

7  and experienced in the prosecution of class action litigation.

8      27.    Plaintiffs and the members of the Class have all suffered irreparable harm as a result

9  of the defendants' unlawful and wrongful conduct. Absent a class action, the Class and Subclass

10  members will continue to suffer losses and the potential for irreparable harm. In addition, these

11  violations of law will be allowed to proceed without remedy and the Defendants will likely retain

12  the substantial sums received as a result of their wrongdoing. Because of the size of the individual

13  Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs

14  complained of herein.

15                    <u>IV.  PLAINTIFFS' CAUSES OF ACTION</u>

16      28.    Plaintiffs hereby reallege, and incorporate by reference in this Section as though set

17  forth fully herein, the allegations contained in Paragraphs 1 through 27, above.

18                    **FIRST CAUSE OF ACTION:**

19                    **FAILURE TO PAY MINIMUM WAGE,**

20              **UNDER THE LAWS OF THE STATE OF CALIFORNIA,**

21           **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

22               **(By All Plaintiffs, Against All Defendants)**

23      29.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

24  though set forth fully herein, the allegations contained in Paragraphs 1 through 27, above. This cause

25  of action is plead by all Plaintiffs, against all Defendants.

26      30.    Within the four (4) years before the filing of this Complaint, Defendants have

27  employed Plaintiffs as Agents (and/or in similar positions and/or with similar job titles, duties, and

28  responsibilities) throughout the State of California, to conduct and transact Defendants' insurance

1 and financial products business. Defendants have unlawfully denied Plaintiffs wages and other

2 benefits of employment, when as a matter of fact and law, Plaintiffs are Defendants' "employees"

3 pursuant to contract. As a result, Plaintiffs are, and have been, entitled to the protections of the

4 California Industrial Welfare Commission Wage Order No. 4-2001, originally and as amended, and

5 the California Labor Code, with regard to the payment of minimum wages for hours worked during

6 each Plaintiffs' mandatory training period at the beginning of their employment, for that period of

7 time that they were required to be in class three (3) days per week. Classes during these training

8 periods are intended to educate and train Agents on how to act as salespeople to sell the insurance

9 policies and financial products marketed by Defendants; however, during such training classes,

10 Agents are not engaged in any sales activities directly related to marketing or selling products and

11 service to Defendants' customers. Plaintiffs end up without any payment for the time spent in

12 training classes, and/or with payment less than the legal minimum wage.

13     31.     The benefits and protections of the California Industrial Welfare Commission Wage

14 Order No. 4-2001, originally and as amended, and the California Labor Code, with regard to the

15 payment of minimum wages for hours worked during each Plaintiffs' mandatory training period at

16 the beginning of their employment (for the period that they are required to be in class three (3) days

17 per week), provide that for the four (4) years preceding the filing of this action, Plaintiffs should have

18 been paid minimum wages for all such hours worked, because as employees during such mandatory

19 training periods they were not and are not subject to the exclusion of Labor Code section 1171 as

20 outside salespersons.

21     32.     In addition, Defendants have not paid Plaintiffs the minimum wage for all hours

22 worked during the period that they were in training for three (3) days per week. In violation of state

23 law, Defendants have refused to perform their obligations to properly compensate Plaintiffs at the

24 minimum wage for such hours worked. As a direct and proximate result, Plaintiffs have suffered,

25 and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost

26 interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully

27 perform their obligation under state law, all to their respective damage in amounts according to proof

28 at time of trial, but in amounts in excess of the minimum jurisdiction of this Court. As Defendants'

Ex. A 0021

1  conduct described herein violates the provisions of the California Industrial Welfare Commission

2  Wage Order No. 4-2001, originally and as amended, and the California Labor Code regarding the

3  payment of minimum wages to employees, Plaintiffs are thus entitled to recover all amounts for all

4  such hours worked, penalties pursuant to Labor Code section 203, liquidated damages, interest,

5  attorneys' fees, and court costs and expenses of suit, pursuant to Labor Code sections 1194 and

6  1194.2, according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of

7  this Court. Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such wages

8  and benefits, nominal, actual and compensatory damages in amounts according to proof at time of

9  trial, but in amounts in excess of the minimum jurisdiction of this Court.

10      33.    Defendants' failure to properly compensate Plaintiffs at the minimum wage for all

11  hours worked, in violation of California law, was knowing and intentional. Defendants have refused

12  to pay the minimum wages properly due each Plaintiff for false and fraudulent reasons. All such acts

13  were committed willfully, maliciously, oppressively, and fraudulently, with the wrongful and

14  deliberate intention of injuring Plaintiffs, and with a conscious disregard for Plaintiffs' rights and

15  Defendants' obligations under California wage and hour laws, all of which has deprived Plaintiffs

16  of their property and legal rights. Therefore, in addition to all other types of relief requested herein,

17  Plaintiffs are entitled to recover punitive and exemplary damages in amounts according to proof at

18  time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

19      34.    Defendants have applied, continue to apply the foregoing policies and practices,

20  including their failure to properly compensate Plaintiffs at the minimum wage for such hours worked

21  during each Plaintiffs' mandatory training period in accordance with California law, to Plaintiffs who

22  remain employed by Defendants, Plaintiff formerly employed by Defendants, and to certain

23  individuals who will in the future become employed by Defendants. Such employees have been

24  injured and damaged, and are threatened with further injury and damage, by Defendants' unlawful

25  actions as alleged, and are thus threatened with immediate irreparable harm by the continuation of

26  Defendants' unlawful actions as alleged, and have no complete, adequate remedy at law. Therefore,

27  Plaintiffs request the Court enter an order reflecting appropriate injunctive relief to prevent

28  Defendants from committing such acts in the future.

- 12 -

Ex. A 0022

35.    WHEREFORE, Plaintiffs request relief as herein provided.

<u>SECOND CAUSE OF ACTION:</u>

FAILURE TO INDEMNIFY AND REIMBURSE FOR BUSINESS EXPENSES,

AND UNLAWFUL DEDUCTIONS FROM WAGES,

UNDER THE LAWS OF THE STATE OF CALIFORNIA,

BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA

(By All Plaintiffs, Against All Defendants)

36.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as though set forth fully herein, the allegations contained in Paragraphs 1 through 35, above. This cause of action is plead by all Plaintiffs, against all Defendants.

37.    Within the four (4) years before the filing of this Complaint, Defendants have employed Plaintiffs as Agents (and/or in similar positions and/or with similar job titles, duties, and responsibilities), pursuant to the TSA Plan Agreement, throughout the State of California, to conduct and transact Defendants' insurance and financial products business. Defendants have unlawfully denied Plaintiffs wages and other benefits of employment, when as a matter of fact and law, Agents are Defendants' employees pursuant to contract. As a result, Plaintiffs are and have been entitled to the protections of the California Labor Code, including but not limited to sections 2802, et al., with regard to indemnification for expenditures and losses in discharge of their duties for Defendants. Furthermore, Defendants were not permitted to make deductions or set-offs from Plaintiffs' earned wages for items including but not limited to expenses incurred in the performance of their duties, accidents, and/or damages caused while discharging their duties. Pursuant to California Labor Code section 2804, Defendants cannot ask or require Plaintiffs to waive the benefits of California Labor Code section 2802. The benefits and protections of such statutes extend to Plaintiffs, even if they were and are otherwise subject to the exclusion of Labor Code section 1171 as outside salespersons.

38.    Within the four (4) years before the filing of this Complaint, as Agents (and/or in similar positions and/or with similar job titles, duties, and responsibilities) employed pursuant to the TSA Plan Agreement throughout the State of California, Plaintiffs have been required to, among other items: pay monthly rent on a cubicle in Defendants' offices; pay monthly telephone service

- 13 -                      Ex. A 0023

1    charges for a phone line run into their cubicle; pay copy charge fees; and pay for required,

2    specialized software and technical support for that software as a monthly charge. Defendants have

3    also charged Plaintiffs a "commission administration fee" for each policy on which Defendants paid

4    Plaintiffs a commission. These unlawful deductions and/or charges violate California Labor Code

5    §§ 221, 223, 451 and/or 2802.

6         39.    In violation of state law, Defendants have refused to perform their obligations to

7    properly indemnify and reimburse Plaintiffs for such items, and avoid making deductions or set-offs

8    from Plaintiffs' earned wages. As a direct and proximate result, Plaintiffs have suffered, and

9    continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest

10   on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform

11   their obligation under state law, all to their respective damage in amounts according to proof at time

12   of trial, but in amounts in excess of the minimum jurisdiction of this Court. As Defendants' conduct

13   described herein violates the provisions of the California Labor Code regarding indemnification,

14   reimbursement, and unlawful deductions from wages, Plaintiffs are thus entitled to recover all

15   amounts for all such expenses, penalties pursuant to Labor Code section 203, interest, attorneys'

16   fees, and court costs and expenses of suit, pursuant to Labor Code sections 218.6 and 2802,

17   according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this

18   Court. Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such expenses and

19   benefits, nominal, actual and compensatory damages in amounts according to proof at time of trial,

20   but in amounts in excess of the minimum jurisdiction of this Court.

21        40.    Defendants' failure to properly indemnify and reimburse Plaintiffs for such items, and

22   avoid making deductions or set-offs from Plaintiffs' earned wages, in violation of California law,

23   was knowing and intentional. Defendants have refused to pay the expenses properly due each

24   Plaintiff for false and fraudulent reasons. All such acts were committed willfully, maliciously,

25   oppressively, and fraudulently, with the wrongful and deliberate intention of injuring Plaintiffs, and

26   with a conscious disregard for Plaintiffs' rights and Defendants' obligations under California wage

27   and hour laws, all of which have deprived Plaintiffs of their property and legal rights. Therefore, in

28   addition to all other types of relief requested herein, Plaintiffs are entitled to recover punitive and

1   exemplary damages in amounts according to proof at time of trial, but in amounts in excess of the

2   minimum jurisdiction of this Court.

3       41.   Defendants have applied, continue to apply the foregoing policies and practices to

4   Plaintiffs who remain employed by Defendants, Plaintiff formerly employed by Defendants, and to

5   certain individuals who will in the future become employed by Defendants. Such employees have

6   been injured and damaged, and are threatened with further injury and damage, by Defendants'

7   unlawful actions as alleged, and are thus threatened with immediate irreparable harm by the

8   continuation of Defendants' unlawful actions as alleged, and have no complete, adequate remedy

9   at law. Therefore, Plaintiffs request the Court enter an order reflecting appropriate injunctive relief

10   to prevent Defendants from committing such acts in the future.

11       42.   WHEREFORE, Plaintiffs request relief as herein provided.

12   **THIRD CAUSE OF ACTION:**

13   **FAILURE TO PROVIDE PROPERLY ITEMIZED WAGE STATEMENTS,**

14   **UNDER THE LAWS OF THE STATE OF CALIFORNIA,**

15   **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

16   **(By All Plaintiffs, Against All Defendants)**

17       43.   Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

18   though set forth fully herein, the allegations contained in Paragraphs 1 through 42, above. This

19   cause of action is plead by all Plaintiffs, against all Defendants.

20       44.   Within the four (4) years before the filing of this Complaint, Defendants have

21   employed Plaintiffs as Agents (and/or in similar positions and/or with similar job titles, duties,

22   and responsibilities) throughout the State of California, to conduct and transact Defendants'

23   insurance and financial products business. Defendants have unlawfully denied Plaintiffs wages

24   and other benefits of employment, when as a matter of fact and law, Agents are Defendants'

25   "employees" pursuant to contract. As a result, Plaintiffs are, and remain, entitled to the

26   protections of the California Industrial Welfare Commission Wage Order No. 4-2001, originally

27   and as amended, and the California Labor Code, with regard to the requirements that Defendants

28   provide Plaintiffs with correctly itemized wage statements at each pay period, but in no event

1   fewer than twice monthly, including proper payment of wages and expenses, and proper

2   itemization of employees' pay, and withholding of deductions authorized in writing by

3   employees, among other items.

4        45.     In violation of state law, Defendants have refused to perform their obligations to

5   provide Plaintiffs with properly itemized wage statements, including proper payment of wages

6   and expenses, and proper itemization of employees' pay, and of deductions authorized in writing

7   by employees. As a direct and proximate result, Plaintiffs have suffered, and continue to suffer,

8   substantial losses related to the use and enjoyment of such wages, monies, and wage statements

9   and wage benefits, lost interest on wages and expenses and benefits, and expenses and attorneys'

10  fees in seeking to compel Defendants to fully perform their obligation under state law, all to their

11  respective damage in amounts according to proof at time of trial, but in amounts in excess of the

12  minimum jurisdiction of this Court. Plaintiffs are thus entitled to recover all amounts for all such

13  wages and expenses and benefits on such wage statements, penalties, interest, attorneys' fees,

14  and court costs and expenses of suit, pursuant to Labor Code sections 218.6 and 226, according

15  to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

16  Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such wages and

17  expenses and benefits, nominal, actual and compensatory damages in amounts according to proof

18  at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

19       46.     Defendants' failure to provide Plaintiffs with properly itemized wage statements,

20  including proper payment of wages and expenses, and proper itemization of employees' pay, and

21  proper withholding of payroll taxes, in violation of California law, was knowing and intentional.

22  Defendants have refused to provide the properly itemized wage statements due each Plaintiff for

23  false and fraudulent reasons.  All such acts were committed willfully, maliciously, oppressively,

24  and fraudulently, with the wrongful and deliberate intention of injuring Plaintiffs, and with a

25  conscious disregard for Plaintiffs' rights and Defendants' obligations under California wage and

26  hour laws, all of which have deprived Plaintiffs of their property and legal rights. Therefore, in

27  addition to all other types of relief requested herein, Plaintiffs are entitled to recover punitive and

28  exemplary damages in amounts according to proof at time of trial, but in amounts in excess of

Ex. A 0026

1  the minimum jurisdiction of this Court.

2      47.    Defendants have applied, continue to apply the foregoing policies and practices to

3  Plaintiffs who remain employed by Defendants, Plaintiff formerly employed by Defendants, and

4  to certain individuals who will in the future become employed by Defendants. Such employees

5  have been injured and damaged, and are threatened with further injury and damage, by

6  Defendants' unlawful actions as alleged, and are thus threatened with immediate irreparable

7  harm by the continuation of Defendants' unlawful actions as alleged, and have no complete,

8  adequate remedy at law. Therefore, Plaintiffs request the Court enter an order reflecting

9  appropriate injunctive relief to prevent Defendants from committing such acts in the future.

10      48.    WHEREFORE, Plaintiffs request relief as herein provided.

11                          **FOURTH CAUSE OF ACTION:**

12              **WAGES UNLAWFULLY WITHHELD AT TERMINATION,**

13                 **UNDER THE LAWS OF THE STATE OF CALIFORNIA,**

14          **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

15                    **(By All Plaintiffs, Against All Defendants)**

16      49.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

17  though set forth fully herein, the allegations contained in Paragraphs 1 through 48, above. This

18  cause of action is plead by all Plaintiffs, against all Defendants.

19      50.    Within the four (4) years before the filing of this Complaint, Defendants have

20  employed Plaintiffs as Agents (and/or in similar positions and/or with similar job titles, duties,

21  and responsibilities) pursuant to the TSA Plan Agreement, throughout the State of California, to

22  conduct and transact Defendants' insurance and financial products business. Defendants have

23  unlawfully denied Plaintiffs wages and other benefits of employment, when as a matter of fact

24  and law, Agents are Defendants' employees pursuant to contract. As a result, Plaintiffs are and

25  have been entitled to the protections of the California Labor Code, with regard to the

26  requirements that Defendants provide Plaintiffs with all earned wages as of the date of each

27  former-employee-Plaintiffs' termination of employment with Defendants.

28      51    In violation of state law, Defendants have refused to perform their obligations to

                              - 17 -                    Ex. A 0027

1  provide former-employee-Plaintiffs with all earned wages as of the date of each former-

2  employee-Plaintiffs' termination of employment with Defendants. As a direct and proximate

3  result, Plaintiffs have suffered, and continue to suffer, substantial losses related to the use and

4  enjoyment of such compensation, all to their respective damage in amounts according to proof at

5  time of trial, but in amounts in excess of the minimum jurisdiction of this Court. As Defendants'

6  conduct described herein violates the provisions of the California Labor Code regarding proper

7  payment of all earned wages as of the date of each former-employee-Plaintiffs' termination of

8  employment with Defendants, Plaintiffs are thus entitled to recover all amounts for all such

9  compensation plus waiting time penalties pursuant to Labor Code sections 200 - 203, according

10  to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

11  Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such compensation

12  and benefits, nominal, actual and compensatory damages in amounts according to proof at time

13  of trial, but in amounts in excess of the minimum jurisdiction of this Court.

14       52. Defendants have applied, continue to apply the foregoing policies and practices to

15  Plaintiffs who remain employed by Defendants, Plaintiff formerly employed by Defendants, and

16  to certain individuals who will in the future become employed by Defendants. Such employees

17  have been injured and damaged, and are threatened with further injury and damage, by

18  Defendants' unlawful actions as alleged, and are thus threatened with immediate irreparable

19  harm by the continuation of Defendants' unlawful actions as alleged, and have no complete,

20  adequate remedy at law. Therefore, Plaintiffs request the Court enter an order reflecting

21  appropriate injunctive relief to prevent Defendants from committing such acts in the future.

22       53. WHEREFORE, Plaintiffs request relief as herein provided.

23  **FIFTH CAUSE OF ACTION:**

24  **VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 221, 450 AND 2802**

25  **(By All Plaintiffs, Against All Defendants)**

26       54. Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

27  though set forth fully herein, the allegations contained in paragraphs 1 through 53, above. This

28  cause of action is plead by all Plaintiffs, against all Defendants.

- 18 -

Ex. A 0028

1    55.    Within the preceding four (4) years, Defendants maintained a scheme by which

2    Plaintiffs have been required to pay Defendants for, among other items: pay monthly rent on a

3    cubicle in Defendants' offices; pay monthly telephone service charges for a phone line run into

4    their cubicle; pay copy charge fees; and pay for required, specialized software and technical

5    support for that software as a monthly charge. Defendants have also charged Plaintiffs a

6    "commission administration fee" for each policy on which Defendants paid Plaintiffs' a

7    commission. Further, upon the end of an Agent's employment with Defendants, Defendants

8    demanded immediate payment of any of these business expenses and/or fees assessed against the

9    Agent by Defendants and remaining unpaid at the end of employment, and threatened the Agent

10    with collections action if the Agent failed to make immediate payment. This Cause of Action

11    seeks recovery of such sums paid by Agents (and/or others in similar positions and/or with

12    similar job titles, duties, and responsibilities) after the end of their employment and in response

13    to such threats of collections activity made by Defendants.

14    56.    At all times relevant, California Labor Code sections 221, 450 and 2802 were in

15    effect and prohibited Defendants' collection of wages previously paid to employees and/or

16    coercing employees to patronize Defendants by paying rent for cubicles, charges for telephone

17    service, and surcharges for copying, among others. Further, Defendants' attempts to collect these

18    sums from Agents after the end of employment constitutes a further violation of these sections.

19    57.    Defendants' actions described herein, in violation of California law, were

20    knowing and intentional. All such acts were committed willfully, maliciously, oppressively, and

21    fraudulently, with the wrongful and deliberate intention of injuring Plaintiffs, and with a

22    conscious disregard for Plaintiffs' rights and Defendants' obligations under California wage and

23    hour laws, all of which have deprived Plaintiffs of their property and legal rights. Therefore, in

24    addition to all other types of relief requested herein, Plaintiffs are entitled to recover punitive and

25    exemplary damages in amounts according to proof at time of trial, but in amounts in excess of

26    the minimum jurisdiction of this Court.

27    58.    Defendants have applied, and continue to apply, the foregoing policies and

28    practices to Plaintiffs who remain employed by Defendants, Plaintiff formerly employed by

- 19 -                    Ex. A 0029

1  Defendants, and to certain individuals who will in the future become employed by Defendants.

2  Such employees have been injured and damaged, and are threatened with further injury and

3  damage, by Defendants' unlawful actions as alleged, and are thus threatened with immediate

4  irreparable harm by the continuation of Defendants' unlawful actions as alleged, and have no

5  complete, adequate remedy at law. Therefore, Plaintiffs request the Court enter an order

6  reflecting appropriate injunctive relief to prevent Defendants from committing such acts in the

7  future.

8       59.    WHEREFORE, Plaintiffs request relief as herein provided.

9  **SIXTH CAUSE OF ACTION**

10 **UNFAIR BUSINESS PRACTICES IN VIOLATION OF**

11 **CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET. SEQ.,**

12 **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

13 **(By All Plaintiffs, Against All Defendants)**

14      60.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as

15 though set forth fully herein, the allegations contained in Paragraphs 1 through 59, above. This

16 cause of action is plead by all Plaintiffs, against all Defendants.

17      61.    Defendants engage in business practices, offer their insurance policies and

18 financial products for sale, and advertise their goods and services within the jurisdiction of the

19 State of California. As such, Defendants have a duty to comply with the provisions of the Unfair

20 Business Practices Act as set forth in California Business & Professions Code sections 17200, *et*

21 *seq.*, which Act prohibits, *inter alia*, unlawful, unfair, and/or fraudulent business acts or practices

22 and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or

23 association within the jurisdiction of the State of California.

24      62.    By violating the foregoing provisions of California's labor and employment laws,

25 and by failing to take immediate and appropriate measures to address these violations,

26 Defendants' acts constitute unfair business practices under Business and Professions Code

27 sections 17200, *et. seq.* Defendants' violations of California's labor and employment laws

28 constitute a business practice because they have been done repeatedly over a significant period of

- 20 -        Ex. A 0030

1    time throughout the State of California, and in a systematic manner to the detriment of many

2    Plaintiffs.

3        63.    As a direct, foreseeable, and proximate result of Defendants' acts and omissions

4    alleged herein, for the four (4) years preceding the filing of this action Plaintiffs, including

5    Plaintiff Opyrchal, have lost money and suffered injuries, and Defendants have also been

6    unjustly enriched as a result of unfair competition. Plaintiffs therefore request restitution of all

7    monies paid to Defendants by the Plaintiffs pursuant to the illegal acts alleged herein, and

8    request that profits to be disgorged from Defendants, all in an amount according to proof at time

9    of trial, in lieu of or in addition to other types of relief requested herein, but in excess of the

10   minimum jurisdiction of this Court.

11       64.    Defendants have applied, continue to apply the foregoing policies and practices,

12   including their failure to properly compensate Plaintiffs at the minimum wage for such hours

13   worked, and have unlawfully deducted business expenses from employee's wages, in violation of

14   California law, to Plaintiffs who remain employed by Defendants, Plaintiffs formerly employed

15   by Defendants, and to certain individuals who will in the future become employed by

16   Defendants. Such employees have been injured and damaged, and are threatened with further

17   injury and damage, by Defendants' unlawful actions as alleged, and are thus threatened with

18   immediate irreparable harm by the continuation of Defendants' unlawful actions as alleged, and

19   have no complete, adequate remedy at law. Therefore, Plaintiffs request the Court enter an order

20   reflecting appropriate injunctive relief to prevent Defendants from committing such acts in the

21   future.

22       65.    WHEREFORE, Plaintiffs request relief as herein provided.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Ex. A 0031

## SEVENTH CAUSE OF ACTION:

### UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF
### CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET. SEQ.,
### BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA

**(By All Plaintiffs, Against All Defendants)**

66.     Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as though set forth fully herein, the allegations contained in Paragraphs 1 through 65, above. This cause of action is plead by all Plaintiffs, against all Defendants.

67.     Defendants engage in business practices, offer their insurance policies and financial products for sale, and advertise their goods and services within the jurisdiction of the State of California. As such, Defendants have a duty to comply with the provisions of the Unfair Business Practices Act as set forth in California Business & Professions Code sections 17200, *et seq.*, which Act prohibits, *inter alia*, unlawful, unfair, and/or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

68.     By violating the foregoing provisions of California's labor and employment laws, and by failing to take immediate and appropriate measures to address these violations, Defendants' acts constitute unlawful business practices under Business and Professions Code sections 17200, *et. seq.* Defendants' violations of California's labor and employment laws constitutes a business practice because they have been done repeatedly over a significant period of time throughout the State of California, and in a systematic manner to the detriment of scores of Plaintiffs.

69.     As a direct, foreseeable, and proximate result of Defendants' acts and omissions alleged herein, for the four (4) years preceding the filing of this action Plaintiffs, including Plaintiff Opyrchal,  have lost money and suffered injuries, and Defendants have also been unjustly enriched as a result of unfair competition. Plaintiffs therefore request restitution of all monies paid to Defendants by the Plaintiffs pursuant to the illegal acts alleged herein, and request that profits to be disgorged from Defendants, all in an amount according to proof at time

Ex. A 0032

1  of trial, in lieu of or in addition to other types of relief requested herein, but in excess of the

2  minimum jurisdiction of this Court.

3     70.    Defendants have applied, continue to apply the foregoing policies and practices,

4  including their failure to properly compensate Plaintiffs at the minimum wage for such hours

5  worked, and have unlawfully deducted business expenses from employee's wages, in violation of

6  California law, to Plaintiffs who remain employed by Defendants, Plaintiff formerly employed by

7  Defendants, and to certain individuals who will in the future become employed by Defendants.

8  Such employees have been injured and damaged, and are threatened with further injury and

9  damage, by Defendants' unlawful actions as alleged, and are thus threatened with immediate

10  irreparable harm by the continuation of Defendants' unlawful actions as alleged, and have no

11  complete, adequate remedy at law.  Therefore, Plaintiffs request the Court enter an order

12  reflecting appropriate injunctive relief to prevent Defendants from committing such acts in the

13  future.

14     71.    WHEREFORE, Plaintiffs request relief as herein provided.

15              **V.  PRAYER FOR RELIEF**

16     72.    Plaintiffs hereby reallege, and incorporate by reference in this Section as though

17  set forth fully herein, the allegations contained in Paragraphs 1 through 71, above.

18     WHEREFORE, Plaintiffs pray for judgment as follows:

19     1.    For nominal damages;

20     2.    For actual damages;

21     3.    For compensatory damages;

22     4.    For restitution of all monies, wages, expenses and benefits due to Plaintiffs;

23     5.    For disgorged profits from the unfair/unlawful business practices of Defendants;

24     6.    For interest accrued to date;

25     7.    For interest pursuant to Labor Code section 218.6, 1194, and 1194.2;

26     8.    For penalties pursuant to Labor Code sections 203 and 226;

27     9.    For liquidated damages pursuant to Labor Code section 1194.2;

28     10.    For punitive and exemplary damages;

- 23 -

Ex. A 0033

1    11.    For costs of suit and expenses incurred herein pursuant to Labor Code sections

2          226, 1194, and 2802;

3    12.    For reasonable attorneys' fees pursuant to Labor Code sections 226, 1194, and

4          2802, and C.C.P. section 1021.5;

5    13.    For appropriate injunctive relief;

6    14.    For appropriate equitable relief;

7    15.    For appropriate declaratory relief;

8    16.    For all such other and further relief that the Court may deem just and proper.

9

10

11    Dated: _12/8/06_                    POPE, BERGER & WILLIAMS, LLP,
                                          LAW OFFICES OF DOUGLAS J. CAMPION
12

13                              By: _____
14                                    Harvey C. Berger
                                      Attorneys for Named Plaintiff JUSTIN
15                                    OPYRCHAL, individually, and on behalf of all
                                      other similarly situated current and former
16                                    employees of Defendants in the State of California

17

18                          **DEMAND FOR JURY TRIAL**

19        Named Plaintiff JUSTIN OPYRCHAL, individually, and on behalf of all other similarly

20    situated current and former employees of Defendants in the State of California, hereby demands a

21    jury trial.

22

23    Dated: _12/8/06_                    POPE, BERGER & WILLIAMS, LLP,
                                          LAW OFFICES OF DOUGLAS J. CAMPION
24

25                              By: _____
26                                    Harvey C. Berger
                                      Attorneys for Named Plaintiff JUSTIN
27                                    OPYRCHAL, individually, and on behalf of all
                                      other similarly situated current and former
28                                    employees of Defendants in the State of California

- 24 -                    Ex. A 0034

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
A. Mark Pope / Harvey C. Berger     77798 / 102973
POPE, BERGER & WILLIAMS, LLP
550 West C Street, Suite 1400
San Diego, CA 92101
TELEPHONE NO.: (619) 595-1366     FAX NO.: (619) 236-9677
ATTORNEY FOR (Name): PLAINTIFFS

**FOR COURT USE ONLY**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 1 1 2006

John A. Clark, Executive Officer/Clerk
By _____, Deputy
D. Garcia

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: OPYRCHAL v. NEW YORK LIFE

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | BC363208 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify):   Seven (7)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 8, 2006

Harvey C. Berger, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2006] | Martin Dean's ESSENTIAL FORMS™ | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 201.8, 1800-1812 |
|---|---|---|---|

OPYRCHA                    Ex. A 0035

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)-Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice-
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach-Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or
  Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court
   Case Matter
  Writ-Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor
   Commissioner Appeals

**Provisionally Complex Civil
Litigation (Cal. Rules of Court Rules
1800-1812)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally
  complex case type listed above)*
  (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified above)*
  (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
   Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2006]        CIVIL CASE COVER SHEET        Ex. A 0036

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| OPYRCHAL v. NEW YORK LIFE INSURANCE COMPANY, INC. | BC363208 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.   Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [X] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 21 [ ] HOURS/[X] DAYS.

Item II.  Select the correct district and courthouse location (4 steps - if you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked.

For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto (22) | [ ] | A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] | A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2. 4. |
| Asbestos (04) | [ ] | A6070  Asbestos Property Damage | 2. |
|  | [ ] | A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | [ ] | A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice<br>(45) | [ ] | A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
|  | [ ] | A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] | A7250  Premises Liability (e.g., slip and fall) | 1., 2. 4. |
|  | [ ] | A7230  Intentional Bodily Injury/Property Damage/Wrongful Death<br>(e.g., assault, vandalism, etc.) | 1 2. 4. |
|  | [ ] | A7270  Intentional Infliction of Emotional Distress | 1. 2. 3. |
|  | [ ] | A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4 |
| Business Tort (07) | [ ] | A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | [ ] | A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | [ ] | A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | [ ] | A6013  Fraud (no contract) | 1., 2. 3. |
| Intellectual Property<br>(19) | [ ] | A6016  Intellectual Property | 2., 3. |

OPYRCHAL 4001
Ex. A 0037

SHORT TITLE:

**OPYRCHAL v. NEW YORK LIFE INSURANCE COMPANY, INC.**

CASE NUMBER

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ A6017   Legal Malpractice<br>☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☒ A6024   Other Employment Complaint Case<br>☐ A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or<br>wrongful eviction)<br>☐ A6008   Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>☐ A6019   Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br><br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐ A6002   Collections Case-Seller Plaintiff<br>☐ A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009   Contractual Fraud<br>☐ A6031   Tortious Interference<br>☐ A6027   Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation      Number of parcels | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018   Mortgage Foreclosure<br>☐ A6032   Quiet Title<br>☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6 |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5 |

CIV 109 03-04 (Rev. 03/06)          **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**          LASC, rule 2.0<br>LASC Approved                                                                                                                              Page 2 of 4<br>*Martin Dean's Essential Forms* ™

OPYRCHAL 4   Ex. A 0038

| SHORT TITLE: OPYRCHAL v. NEW YORK LIFE INSURANCE COMPANY, INC. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Writ of Mandate<br>(02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review<br>(39) | ☐ A6150 | Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect<br>(10) | ☐ A6007 | Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation<br>(28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8 |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141 | Sister State Judgment | 2., 9. |
| | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Partnership Corporation<br>Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190 | Election Contest | 2. |
| | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100 | Other Civil Petition | 2., 9. |

OPYRCHAL Ex. A 0039

| SHORT TITLE: | CASE NUMBER |
|---|---|
| OPYRCHAL v. NEW YORK LIFE INSURANCE COMPANY, INC. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS: Brea Corporate Plaza 3230 East Imperial Highway |
|---|---|---|
| ☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | | |
| CITY: Brea | STATE: California | ZIP CODE: 92801 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the   Stanley Mosk
courthouse in the   Central District           District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated:  December 8, 2006                                     Harvey C. Berger
                                                                            (SIGNATURE OF ATTORNEY/FILING PARTY)

| PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE: |
|---|

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet form CM-010.

4.   Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5.   Payment in full of the filing fee, unless fees have been waived.

6.   Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (Rev. 03/06)
LASC Approved
*Martin Dean's Essential Forms* ™          CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION          LASC, rule 2.0
Page 4 of 4

OPYRCHAL 490  Ex. A 0040

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____    BC363208

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. William F. Highberger | 32 | 406 | |
| Hon. Alice E. Altoon | 28 | 318 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Conrad Aragon | 49 | 509 | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Morris B. Jones | 48 | 506 | |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Jon M. Mayeda | 72 | 731 | |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Rita Miller | 16 | 306 | |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. David L. Minning | 61 | 632 | |
| Hon. James C. Chalfant | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Mary Ann Murphy | 25 | 317 | |
| Hon. Judith C. Chirlin | 89 | 532 | Hon. Joanne O'Donnell | 37 | 413 | |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Victor H. Person | 39 | 415 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Andria K. Richey | 31 | 407 | |
| Hon. Lee Edmon | 68 | 617 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. William F. Fahey | 78 | 730 | Hon. James E. Satt | 40 | 414 | |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 | |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 | |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Haley J. Fromholz | 20 | 310 | Hon. Mary Thornton House | 17 | 309 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Terry A. Green | 14 | 300 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. David A. Workman | 19 | 311 | |
| Hon. Paul Gutman | 34 | 408 | Hon. George Wu | 33 | 409 | |
| Hon. Robert L. Hess | 24 | 314 | | 35 | 411 | |
| | 3 | 224 | Other | | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

CIV CCH 190 05-06 (Rev. 07/06)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CI**    Ex. A 0041



*from the*
*Los Angeles Superior Court*
***ADR Department***

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

### *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

♦ **ENE can reduce litigation time and costs and promote settlement.**

♦ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

♦ **ENE is voluntary and confidential.**

♦ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

♦ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

05/11/06                                   Ex. A 0042                    e 1 of 2

# PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- **Chatsworth**
- **Pomona**
- **Santa Monica**
- **Van Nuys**
- **Stanley Mosk** (Departments listed below only.)

    Department 15

    Department 16

    Department 28

    Department 30

    Department 31

    Department 32

    Department 38

    Department 42

    Department 47

    Department 50

    Department 52

    Department 55

    Department 56

    Department 68

    Department 71

    Department 89

## LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 201.9(c) Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

MEDIATION      A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 1620-1622 and 1630-1639, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

ARBITRATION     A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141 10-1141.31, California Rules of Court, Rules 1600-1618, and Los Angeles Superior Court Rules, Chapter 12.

ENE      A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

SETTLEMENT CONFERENCE     A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

### JURISDICTIONAL LIMITATIONS

MEDIATION, ARBITRATION & ENE     Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

SETTLEMENT CONFERENCE     Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

### REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion.  Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

**PARTY PAY PANEL**
The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases.  The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRO BONO PANEL**
The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono.  Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system.  It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**ENE**
The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators.  The evaluators provide preparation time and three hours hearing time per case at no charge.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing.

**PRIVATE NEUTRAL**
The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

Ex. A 0045

## LOS ANGELES COUNTY
## DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.

ADR 007 07-04
LASC Approved

Ex. A 0046

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
|---|---|
| ♦ Have productive discussions | ♦ Provide advice or opinions |
| ♦ Avoid or break impasses | ♦ Offer legal information |
| ♦ Defuse controversy | ♦ Make decisions for parties |
| ♦ Generate options that have potential for mutual gain | ♦ Represent or advocate for either side |
| ♦ Better understand each other's concerns and goals | ♦ Judge or evaluate anyone or anything |
| ♦ Focus on their interests rather than their positions | ♦ Conduct research |
| | ♦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Legal Advice/Information**

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

---

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

---

THIS IS A TWO-SIDED DOCUMENT.

Ex. A 0047

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process *(describe)*: _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Ex. A 0048

| Short Title | Case Number |
| --- | --- |
| | |

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 201.9
Page 2 of 2

Ex. A 0049