Exhibit D

A. Mark Pope, Esq. (Cal. State Bar No. 77798)
Harvey C. Berger, Esq. (Cal. State Bar No. 102973)
Aaron A. Hayes, Esq. (Cal. State Bar No. 236122)
**POPE, BERGER & WILLIAMS, LLP**
550 West "C" Street, Suite 1400
San Diego, California 92101
Telephone: (619) 595-1366
Facsimile: (619) 236-9677

Douglas J. Campion, Esq. (Cal. State Bar No. 75381)
**LAW OFFICES OF DOUGLAS J. CAMPION**
411 Camino Del Rio South, Suite 301
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for Named Plaintiff JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY, INC., a New York corporation; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., a Delaware corporation; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. CV 07-518-VBF (VBKx)<br>CLASS ACTION<br><br>Hon. Valerie Baker Fairbank<br><br>Action Removed: January 23, 2007<br><br>**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>*Demand for Jury Trial* |

Named Plaintiff JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California (hereinafter, collectively referred to as "Plaintiffs"), allege as follows:

## I. JURISDICTIONAL AND VENUE ALLEGATIONS

1.    Plaintiffs are informed and believe, and thereon allege that Defendant

- 1 -

1  NEW YORK LIFE INSURANCE COMPANY, INC., is, and at all times relevant
2  hereto was, a corporation organized and existing under and by virtue of the laws of
3  the State of New York, with its headquarters and/or principal place of business in
4  New York, New York. Plaintiffs are further informed and believe, and thereon
5  allege that Defendant NEW YORK LIFE INSURANCE COMPANY, INC., is, and
6  at all times relevant hereto was, a foreign corporation qualified to transact and
7  conduct business in the State of California, and that at all times relevant hereto
8  did, and still does, transact and conduct business throughout the State of
9  California, including but not limited to the County of Los Angeles, where Named
10 Plaintiff OPYRCHAL performed work for Defendants. Plaintiffs are further
11 informed and believe, and thereon allege that Defendant NEW YORK LIFE
12 INSURANCE COMPANY, INC., does, and at all times relevant hereto has, sold
13 insurance policies to consumers throughout the State of California and operated
14 offices within the State of California where Plaintiffs have worked. Defendant
15 NEW YORK LIFE INSURANCE COMPANY, INC., is thus alleged to be one of
16 Plaintiffs' "employers" as it relates to the claims in this lawsuit.

17     2.     Plaintiffs are informed and believe, and thereon allege that Defendant
18 NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., is,
19 and at all times relevant hereto was, a corporation organized and existing under
20 and by virtue of the laws of the State of Delaware, with its headquarters and/or
21 principle place of business in Dallas, Texas. Plaintiffs are further informed and
22 believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE
23 AND ANNUITY CORPORATION, INC., is, and at all times relevant hereto was,
24 a foreign corporation qualified to transact and conduct business in the State of
25 California, and that at all times relevant hereto did, and still does, transact and
26 conduct business throughout the State of California, including but not limited to
27 the County of San Diego. Plaintiffs are further informed and believe, and thereon
28 allege that Defendant NEW YORK LIFE INSURANCE AND ANNUITY

- 2 -

1 CORPORATION, INC., does, and at all times relevant hereto has, sold insurance
2 policies to consumers throughout the State of California and operated offices
3 within the State of California where Plaintiffs have worked. Defendant NEW
4 YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., is thus
5 alleged to be one of Plaintiffs' "employers" as it relates to the claims in this
6 lawsuit.

7      3.     Therefore, Plaintiffs are informed and believe, and thereon allege that
8 Defendants NEW YORK LIFE INSURANCE COMPANY, INC., and NEW
9 YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., and DOES
10 1-100 (hereinafter, collectively referred to as "Defendants") are each subject to the
11 jurisdiction of the State of California, and specifically may be sued on the causes
12 of action herein in the County of Los Angeles. Plaintiffs are further informed and
13 believe, and thereon allege that this Court is the proper Court, and this action is
14 properly filed in the County of Los Angeles, because: for part or all of the "Class
15 Period" that Plaintiffs will seek certification of in this case, some or all of
16 Defendants' and/or DOES 1 through 100's obligations and liabilities to Plaintiffs
17 arose in the State of California, and within the County of Los Angeles; for part or
18 all of the Class Period that Plaintiffs will seek certification of in this case,
19 Defendants and/or DOES 1 through 100 maintained offices and transacted
20 business in the State of California, and within the County of Los Angeles; and for
21 part or all of the Class Period that Plaintiffs will seek certification of in this case,
22 work was performed by Plaintiffs and made the subject of this action in the State
23 of California, and within the County of Los Angeles.

24                 **II. FACTUAL ALLEGATIONS**

25     4.     Plaintiffs hereby reallege, and incorporate by reference in this Section
26 as though set forth fully herein, the allegations contained in Paragraphs 1 through
27 3, above.

28     5.     Plaintiffs bring this employment Class Action against Defendants to

- 3 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT   CV 07-518-VBF (VBKx)

1  recover for their wage claims, including: unpaid wages and wage benefits;
2  violations of minimum wage, unreimbursed business expenses; statutory penalties;
3  waiting time penalties; restitution related to Defendants' unlawful and unfair
4  business practices arising from the Plaintiffs' wage and business expense claims;
5  interest, attorneys' fees, costs and expenses; and nominal and compensatory
6  damages. Plaintiffs reserve the right to name additional potential Class
7  Representatives.

8      6.      Plaintiffs are informed and believe, and thereon allege that
9  Defendants' primary business activity in the State of California is as an insurance
10 company selling insurance policies and financial products to consumers using
11 Plaintiffs, employed as agents, through offices in the State of California.
12 Principally, Defendants market and sell insurance policies to their customers and
13 through agents. Therefore, for Plaintiffs' wage and expense reimbursement claims
14 as alleged herein, Defendants are obligated to comply with certain portions of the
15 California Industrial Welfare Commission Wage Order No. 4-2001, originally and
16 as amended. Further, for Plaintiffs' wage claims and expense reimbursement
17 claims as alleged herein, Defendants are obligated to comply with applicable
18 provisions of the California Labor Code.

19     7.      Plaintiffs are informed and believe, and thereon allege that Named
20 Plaintiff JUSTIN OPYRCHAL was employed by Defendants in the State of
21 California within the four (4) years before the filing of this Complaint as an
22 "Agent" for Defendants. Plaintiffs generally are current and former employees of
23 Defendants throughout the State of California, who have been employed by
24 Defendants in the State of California within the four (4) years before the filing of
25 this Complaint – and continuing to trial or until an appropriate ending date for a
26 Class Period – as Agents for Defendants (and/or in similar positions and/or with
27 similar job titles, duties, and responsibilities) working under a "TSA Plan
28 Agreement" which defines them as employees of Defendants.

- 4 -

8.     Plaintiffs are informed and believe, and thereon allege that as Agents for Defendants (and/or in similar positions and/or with similar job titles, duties, and responsibilities), Plaintiffs do work and have worked for Defendants throughout the State of California within the four (4) years before the filing of this Complaint, to conduct and transact Defendants' insurance and financial products business. Specifically, Agents act as salespersons to Defendants' customers and potential customers. Agents are based out of one of Defendants' offices in cities throughout California. The job requirements of all Agents are the same or substantially similar, and they are principally to sell Defendant's insurance policies or other financial products. Named Plaintiff JUSTIN OPYRCHAL was employed by Defendants in the State of California within the four (4) years before the filing of this Complaint as an Agent for Defendants.

9.     Plaintiffs are informed and believe, and thereon allege that all Agents are typically required to attend a mandatory three-month training class at the beginning of their employment, in which they attend class for eight hours per day, three days per week. After the initial three month training period, Plaintiffs are required to attend training for eight hours per day, two days per week. While the Agents are engaged in and attending such orientation training classes, Agents are not engaged in any activities directly related to marketing or selling policies or products to Defendants' customers; such training classes are, however, intended to educate and train Agents how to act as salespeople to sell the products and policies marketed by Defendants. Plaintiffs end up without any payment for the time spent in training classes, and/or with payment less than the legal minimum wage.

10.     Plaintiffs are informed and believe, and thereon allege that during the first three years of performing work for Defendants, Agents are employed pursuant to a written contract, the TSA Plan Agreement, which declares that Plaintiffs are employees of Defendants, and that they must devote their "entire time to the business of this employment."

- 5 -

1    11.    Plaintiffs are informed and believe, and thereon allege that during
2  their course of the first three years of their employment with Defendants, Agents
3  are unlawfully not paid all earned wages as required by California law, are not
4  provided itemized paychecks as required by California law, are not guaranteed
5  payment of minimum wage as required by California law, and are not reimbursed
6  for business expenses as required by California law and/or are improperly charged
7  for business expenses in contravention of California law.  Therefore, Plaintiffs
8  have been, for a period of time within the four (4) years before the filing of this
9  Complaint, improperly deprived of wages and benefits of employment as
10  described herein.

11    12.    Plaintiffs are informed and believe, and thereon allege, that at all
12  relevant times herein, DOES 1 - 50, are individuals who are/were citizens and
13  residents of the State of California.  Plaintiffs are further informed and believe,
14  and thereon allege, that at all relevant times herein DOES 1 - 50 owned,
15  controlled, and/or managed the corporate affairs of Defendants and other of the
16  DOE Defendant business entities, and/or directly or indirectly exercised
17  operational control over the wages, hours, and working conditions of Plaintiffs,
18  and/or engaged in fraudulent and/or tortious activity to the detriment of Plaintiffs.
19  As such, DOES 1 - 50 are "employers" as a matter of law for purposes of imposing
20  personal liability for the Labor Code violations alleged herein, pursuant to
21  California wage and hour laws.

22    13.    Plaintiffs are informed and believe, and thereon allege that
23  Defendants DOES 1 - 100 are, and at all times relevant hereto were, persons,
24  corporations or other business entities, and are/were qualified to transact and
25  conduct business in the State of California, and did and do transact and conduct
26  business in the State of California, and are thus subject to the jurisdiction of the
27  State of California.  Specifically, DOES 1 - 100 maintain offices, operate
28  businesses, employ persons, conduct business in, and illegally pay employees by

- 6 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT   CV 07-518-VBF (VBKx)

1   illegal payroll practices and policies described herein, throughout the State of
2   California.

3       14.    Plaintiffs are informed and believe, and thereon allege that at all
4   relevant times herein DOES 1 - 100 are/were the officers, owners, executives,
5   directors, partners, or shareholders of Defendants and of one another, who were
6   acting on behalf of Defendants and each other in the establishment of, ratification
7   of, and/or execution of the illegal payroll practices and policies described herein.
8   Plaintiffs are further informed and believe, and thereon allege that at all times
9   relevant hereto DOES 1 - 100 have held ownership, officer, director and/or
10  executive positions with Defendants and with one another, which included
11  decision-making responsibility for, and establishment and execution of, illegal
12  payroll practices and policies for Defendants and each other, and Defendants and
13  DOES 1 - 100 are, therefore, liable on the causes of action alleged herein pursuant
14  to California wage and hour laws. Plaintiffs are further informed and believe and
15  thereon allege that Defendants and DOES 1 - 100 are Plaintiffs' joint employers
16  by virtue of a joint enterprise; Plaintiffs perform, and have performed, services for
17  each and every of Defendants, and to the mutual benefit of all Defendants, and all
18  Defendants share control of Plaintiffs as employees, either directly or indirectly,
19  and the manner in which Defendants' business is conducted.

20      15.    Plaintiffs are informed and believe and thereon allege that there exists
21  such a unity of interest and ownership between and among all Defendants that the
22  individuality and separateness of those Defendants have ceased to exist. The
23  business affairs of Defendants are, and at all times relevant hereto were, so mixed
24  and intermingled that the same cannot reasonably be segregated, and the same are
25  in inextricable confusion. Defendants are, and at all times relevant hereto were,
26  used by DOES 1 - 100 as a mere shell and conduit for the conduct of certain of
27  Defendants' affairs. The recognition of the separate existence of Defendants
28  would not promote justice, in that it would permit Defendants to insulate

- 7 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT   CV 07-518-VBF (VBKx)

1  themselves from liability to Plaintiffs. Accordingly, Defendants and DOES 1 -
2  100 constitute the alter egos of each other, and the fiction of their separate
3  existence must be disregarded at law and in equity, because such disregard is
4  necessary to avoid fraud and injustice to Plaintiffs herein.

5      16.    Plaintiffs are informed and believe and thereon allege (unless
6  otherwise alleged in this Complaint), that at all relevant times herein, Defendants
7  and DOES 1 - 100 were the agents, employees and/or servants, masters or
8  employers of each other and of the remaining DOES 1 - 100, and in doing the
9  things herein alleged, were acting within the course and scope of such agency or
10 employment, and with the approval and ratification of each of the other
11 Defendants.

12     17.    Plaintiffs are informed and believe and thereon allege that each and
13 every one of the acts and omissions alleged herein were performed by, and/or
14 attributable to, all Defendants, each acting as agents and/or employees, and/or
15 under the direction and control of each of the other Defendants, and that said acts
16 and failures to act were within the course and scope of said agency, employment
17 and/or direction and control, and were committed willfully, maliciously,
18 oppressively, and fraudulently.

19     18.    The true names and capacities, whether individual, corporate,
20 associate, or otherwise, of DOES 1 - 100, inclusive, are unknown to Plaintiffs,
21 who therefore sue the DOE Defendants by fictitious names. Plaintiffs will amend
22 this Complaint to show their true names and capacities when they have been
23 ascertained.

24     19.    At all relevant times alleged herein Plaintiffs were employed by
25 Defendants under a written employment agreement, the TSA Plan Agreement. In
26 perpetrating the acts and omissions alleged herein, Defendants, and each of them,
27 acted pursuant to and in furtherance of a policy and practice of not paying
28 Plaintiffs wages owed for certain work performed, of not reimbursing Plaintiffs'

- 8 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT   CV 07-518-VBF (VBKx)

1  business expenses and/or improperly charging Plaintiffs for business expenses, of
2  not providing Plaintiffs with properly itemized wage statements, and of failing to
3  pay Plaintiffs all wages owed at the time of termination, all in violation of certain
4  provisions of the California Industrial Welfare Commission Wage Order No.4-
5  2001, originally and as amended, and certain provisions of the California Labor
6  Code, as described herein, and in violation of the California Business and
7  Professions Code, sections 17200, *et. seq.*

8      20.    As a direct and proximate result of the unlawful actions of
9  Defendants, Plaintiffs have suffered and continue to suffer from loss of wages,
10  expenses, and earnings in amounts as yet unascertained, but subject to proof at
11  trial.

12                    **III. CLASS ACTION ALLEGATIONS**

13      21.    Plaintiffs hereby reallege, and incorporate by reference in this Section
14  as though set forth fully herein, the allegations contained in Paragraphs 1 through
15  20, above.

16      22.    This action is appropriately suited for a Class Action because:
17              a.     The potential class is a significant number because
18              Plaintiffs are informed and believe, and thereon allege, that
19              within the past four (4) years Defendants employed, at any one
20              time, hundreds of Agents throughout the State of California,
21              believed to be well in excess of five hundred (500) employees.
22              There also are numerous former employees who were subjected
23              to the same or similar illegal payroll practices and policies.
24              Joinder of all current and former employees individually would
25              be impractical;
26              b.     This action involves common questions of law and fact
27              to the potential class because the action focuses on the
28              Defendants' systematic course of illegal payroll practices and

                                    - 9 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT    CV 07-518-VBF (VBKx)

1      policies throughout the State of California, which was applied

2      to all Agents and others similarly situated in violation of the

3      California Industrial Welfare Commission Wage Order No. 4-

4      2001, originally and as amended, the California Labor Code,

5      and the California Business and Professions Code (which

6      prohibits unfair and unlawful business practices arising from

7      such violations).

8      c.     The claims of the Named Plaintiff (and as yet other

9      unnamed Class Representatives) are typical of the class

10      because Defendants subjected all of their Agents to similar

11      and/or identical violations of the California Industrial Welfare

12      Commission Wage Order No. 4-2001, originally and as

13      amended, the California Labor Code, and the California

14      Business and Professions Code (which prohibits unfair and

15      unlawful business practices arising from such violations), and

16      because all members of the class were employed pursuant to

17      the same (or similar) TSA Plan Agreement.

18      d.     The Named Plaintiff (and as yet other unnamed Class

19      Representatives) is able to fairly and adequately protect the

20      interests of all members of the class because it is in their best

21      interests to prosecute the claims alleged herein to obtain full

22      compensation due to them for all services rendered and hours

23      worked.

24      23.     This suit seeks only recovery for economic injury on behalf of all

25 Class Members and it expressly is not intended to request any recovery for

26 personal injury and claims related thereto. Plaintiffs reserve the right to expand

27 the Class definitions, and add Subclass definitions as necessary, to seek recovery

28 on behalf of additional persons as warranted as facts are learned in further

- 10 -

1  investigation and discovery.

2      24.    The joinder of the Class Members is impractical and the disposition
3  of their claims in the class action will provide substantial benefits both to the
4  parties and to the court. The Class Members can be easily identified through
5  Defendants' records.

6      25.    Plaintiff Opyrchal will fairly and adequately represent and protect the
7  interests of the Class in that he has no interests antagonistic to the Class.
8  Plaintiffs have retained counsel competent and experienced in the prosecution of
9  class action litigation.

10      26.    Plaintiffs and the members of the Class have all suffered irreparable
11  harm as a result of the defendants' unlawful and wrongful conduct. Absent a class
12  action, the Class and Subclass members will continue to suffer losses and the
13  potential for irreparable harm. In addition, these violations of law will be allowed
14  to proceed without remedy and the Defendants will likely retain the substantial
15  sums received as a result of their wrongdoing. Because of the size of the
16  individual Class Members' claims, few, if any, Class Members could afford to seek
17  legal redress for the wrongs complained of herein.

18                    **IV.  PLAINTIFFS' CAUSES OF ACTION**

19      27.    Plaintiffs hereby reallege, and incorporate by reference in this Section
20  as though set forth fully herein, the allegations contained in Paragraphs 1 through
21  26, above.

22                    **FIRST CAUSE OF ACTION (COUNT ONE):**
23                    **FAILURE TO PAY MINIMUM WAGE,**
24            **UNDER THE LAWS OF THE STATE OF CALIFORNIA,**
25        **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**
26                **(By All Plaintiffs, Against All Defendants)**

27      28.    Plaintiffs hereby reallege, and incorporate by reference in this Cause
28  of Action as though set forth fully herein, the allegations contained in Paragraphs

- 11 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT   CV 07-518-VBF (VBKx)

1   1 through 27, above. This cause of action is plead by all Plaintiffs, against all
2   Defendants.

3       29.   Within the three (3) years before the filing of this Complaint,
4   Defendants have employed Plaintiffs as Agents (and/or in similar positions and/or
5   with similar job titles, duties, and responsibilities) throughout the State of
6   California, to conduct and transact Defendants' insurance and financial products
7   business. Defendants have unlawfully denied Plaintiffs wages and other benefits
8   of employment, when as a matter of fact and law, Plaintiffs are Defendants'
9   "employees" pursuant to contract. As a result, Plaintiffs are, and have been,
10  entitled to the protections of the California Industrial Welfare Commission Wage
11  Order No. 4-2001, originally and as amended, and the California Labor Code, with
12  regard to the payment of minimum wages for hours worked during each Plaintiffs'
13  mandatory training period at the beginning of their employment, for that period of
14  time that they were required to be in class three (3) days per week. Classes during
15  these training periods are intended to educate and train Agents on how to act as
16  salespeople to sell the insurance policies and financial products marketed by
17  Defendants; however, during such training classes, Agents are not engaged in any
18  sales activities directly related to marketing or selling products and service to
19  Defendants' customers. Plaintiffs end up without any payment for the time spent
20  in training classes, and/or with payment less than the legal minimum wage.

21      30.   The benefits and protections of the California Industrial Welfare
22  Commission Wage Order No. 4-2001, originally and as amended, and the
23  California Labor Code, with regard to the payment of minimum wages for hours
24  worked during each Plaintiffs' mandatory training period at the beginning of their
25  employment (for the period that they are required to be in class three (3) days per
26  week), provide that for the three (3) years preceding the filing of this action,
27  Plaintiffs should have been paid minimum wages for all such hours worked,
28  because as employees during such mandatory training periods they were not and

- 12 -

1 | are not subject to the exclusion of Labor Code section 1171 as outside
2 | salespersons.

3 |     31.   In addition, Defendants have not paid Plaintiffs the minimum wage
4 | for all hours worked during the period that they were in training for three (3) days
5 | per week. In violation of state law, Defendants have refused to perform their
6 | obligations to properly compensate Plaintiffs at the minimum wage for such hours
7 | worked. As a direct and proximate result, Plaintiffs have suffered, and continue to
8 | suffer, substantial losses related to the use and enjoyment of such monies, lost
9 | interest on such wages, and expenses and attorneys' fees in seeking to compel
10 | Defendants to fully perform their obligation under state law, all to their respective
11 | damage in amounts according to proof at time of trial. As Defendants' conduct
12 | described herein violates the provisions of the California Industrial Welfare
13 | Commission Wage Order No. 4-2001, originally and as amended, and the
14 | California Labor Code regarding the payment of minimum wages to employees,
15 | Plaintiffs are thus entitled to recover all amounts for all such hours worked,
16 | penalties pursuant to Labor Code section 203, liquidated damages, interest,
17 | attorneys' fees, and court costs and expenses of suit, pursuant to Labor Code
18 | sections 1194 and 1194.2, according to proof at time of trial. Plaintiffs are also
19 | entitled to recover, in addition to or in lieu of some or all such wages and benefits,
20 | nominal, actual and compensatory damages in amounts according to proof at time
21 | of trial.

22 |     32.   WHEREFORE, Plaintiffs request relief as herein provided.
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

- 13 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT    CV 07-518-VBF (VBKx)

## SECOND CAUSE OF ACTION (COUNT TWO):
## FAILURE TO INDEMNIFY AND REIMBURSE
## FOR BUSINESS EXPENSES,
## AND UNLAWFUL DEDUCTIONS FROM WAGES,
## UNDER THE LAWS OF THE STATE OF CALIFORNIA,
## BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA
### (By All Plaintiffs, Against All Defendants)

33.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as though set forth fully herein, the allegations contained in Paragraphs 1 through 32, above. This cause of action is plead by all Plaintiffs, against all Defendants.

34.    Within the three (3) years before the filing of this Complaint, Defendants have employed Plaintiffs as Agents (and/or in similar positions and/or with similar job titles, duties, and responsibilities), pursuant to the TSA Plan Agreement, throughout the State of California, to conduct and transact Defendants' insurance and financial products business. Defendants have unlawfully denied Plaintiffs wages and other benefits of employment, when as a matter of fact and law, Agents are Defendants' employees pursuant to contract. As a result, Plaintiffs are and have been entitled to the protections of the California Labor Code, including but not limited to sections 2802, et al., with regard to indemnification for expenditures and losses in discharge of their duties for Defendants. Furthermore, Defendants were not permitted to make deductions or set-offs from Plaintiffs' earned wages for items including but not limited to expenses incurred in the performance of their duties, accidents, and/or damages caused while discharging their duties. Pursuant to California Labor Code section 2804, Defendants cannot ask or require Plaintiffs to waive the benefits of California Labor Code section 2802. The benefits and protections of such statutes extend to Plaintiffs, even if they were and are otherwise subject to the exclusion of

- 14 -

1 │ Labor Code section 1171 as outside salespersons.

2 │ 35. Within the three (3) years before the filing of this Complaint, as
3 │ Agents (and/or in similar positions and/or with similar job titles, duties, and
4 │ responsibilities) employed pursuant to the TSA Plan Agreement throughout the
5 │ State of California, Plaintiffs have been required to, among other items: pay
6 │ monthly rent on a cubicle in Defendants' offices; pay monthly telephone service
7 │ charges for a phone line run into their cubicle; pay copy charge fees; and pay for
8 │ required, specialized software and technical support for that software as a monthly
9 │ charge. Defendants have also charged Plaintiffs a "commission administration fee"
10 │ for each policy on which Defendants paid Plaintiffs a commission. These unlawful
11 │ deductions and/or charges violate California Labor Code §§ 221, 223, 451 and/or
12 │ 2802.

13 │ 36. In violation of state law, Defendants have refused to perform their
14 │ obligations to properly indemnify and reimburse Plaintiffs for such items, and
15 │ avoid making deductions or set-offs from Plaintiffs' earned wages. As a direct and
16 │ proximate result, Plaintiffs have suffered, and continue to suffer, substantial losses
17 │ related to the use and enjoyment of such monies, lost interest on such wages, and
18 │ expenses and attorneys' fees in seeking to compel Defendants to fully perform
19 │ their obligation under state law, all to their respective damage in amounts
20 │ according to proof at time of trial. As Defendants' conduct described herein
21 │ violates the provisions of the California Labor Code regarding indemnification,
22 │ reimbursement, and unlawful deductions from wages, Plaintiffs are thus entitled to
23 │ recover all amounts for all such expenses, penalties pursuant to Labor Code
24 │ section 203, interest, attorneys' fees, and court costs and expenses of suit, pursuant
25 │ to Labor Code sections 218.6 and 2802, according to proof at time of trial.
26 │ Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such
27 │ expenses and benefits, nominal, actual and compensatory damages in amounts
28 │ according to proof at time of trial.

- 15 -

37.    WHEREFORE, Plaintiffs request relief as herein provided.

## THIRD CAUSE OF ACTION (COUNT THREE):
## FAILURE TO PROVIDE PROPERLY ITEMIZED WAGE STATEMENTS,
## UNDER THE LAWS OF THE STATE OF CALIFORNIA,
## BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA
### (By All Plaintiffs, Against All Defendants)

38.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as though set forth fully herein, the allegations contained in Paragraphs 1 through 37, above. This cause of action is plead by all Plaintiffs, against all Defendants.

39.    Within the three (3) years before the filing of this Complaint, Defendants have employed Plaintiffs as Agents (and/or in similar positions and/or with similar job titles, duties, and responsibilities) throughout the State of California, to conduct and transact Defendants' insurance and financial products business. Defendants have unlawfully denied Plaintiffs wages and other benefits of employment, when as a matter of fact and law, Agents are Defendants' "employees" pursuant to contract. As a result, Plaintiffs are, and remain, entitled to the protections of the California Industrial Welfare Commission Wage Order No. 4-2001, originally and as amended, and the California Labor Code, with regard to the requirements that Defendants provide Plaintiffs with correctly itemized wage statements at each pay period, but in no event fewer than twice monthly, including proper payment of wages and expenses, and proper itemization of employees' pay, and withholding of deductions authorized in writing by employees, among other items.

40.    In violation of state law, Defendants have refused to perform their obligations to provide Plaintiffs with properly itemized wage statements, including proper payment of wages and expenses, and proper itemization of employees' pay, and of deductions authorized in writing by employees.

- 16 -

1     41.    As a direct and proximate result of Defendants' failure to provide
2  Plaintiffs with properly itemized wage statements,, Plaintiffs have suffered, and
3  continue to suffer, substantial losses related to the use and enjoyment of such
4  wages, monies, and wage statements and wage benefits, lost interest on wages and
5  expenses and benefits, and expenses and attorneys' fees in seeking to compel
6  Defendants to fully perform their obligation under state law, all to their respective
7  damage in amounts according to proof at time of trial. Plaintiffs are thus entitled to
8  recover all amounts for all such wages and expenses and benefits on such wage
9  statements, penalties, interest, attorneys' fees, and court costs and expenses of suit,
10  pursuant to Labor Code sections 218.6 and 226, according to proof at time of trial.
11  Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such
12  wages and expenses and benefits, nominal, actual and compensatory damages in
13  amounts according to proof at time of trial.

14     42.    WHEREFORE, Plaintiffs request relief as herein provided.

15              **FOURTH CAUSE OF ACTION (COUNT FOUR):**
16          **WAGES UNLAWFULLY WITHHELD AT TERMINATION,**
17            **UNDER THE LAWS OF THE STATE OF CALIFORNIA,**
18      **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**
19              **(By All Plaintiffs, Against All Defendants)**

20     43.    Plaintiffs hereby reallege, and incorporate by reference in this Cause
21  of Action as though set forth fully herein, the allegations contained in Paragraphs
22  1 through 42, above. This cause of action is plead by all Plaintiffs, against all
23  Defendants.

24     44.    Within the three (3) years before the filing of this Complaint,
25  Defendants have employed Plaintiffs as Agents (and/or in similar positions and/or
26  with similar job titles, duties, and responsibilities) pursuant to the TSA Plan
27  Agreement, throughout the State of California, to conduct and transact
28  Defendants' insurance and financial products business. Defendants have

- 17 -

1 │ unlawfully denied Plaintiffs wages and other benefits of employment, when as a
2 │ matter of fact and law, Agents are Defendants' employees pursuant to contract. As
3 │ a result, Plaintiffs are and have been entitled to the protections of the California
4 │ Labor Code, with regard to the requirements that Defendants provide Plaintiffs
5 │ with all earned wages as of the date of each former-employee-Plaintiffs'
6 │ termination of employment with Defendants.

7 │       45.    In violation of state law, Defendants have refused to perform their
8 │ obligations to provide former-employee-Plaintiffs with all earned wages as of the
9 │ date of each former-employee-Plaintiffs' termination of employment with
10 │ Defendants. As a direct and proximate result, Plaintiffs have suffered, and
11 │ continue to suffer, substantial losses related to the use and enjoyment of such
12 │ compensation, all to their respective damage in amounts according to proof at time
13 │ of trial. As Defendants' conduct described herein violates the provisions of the
14 │ California Labor Code regarding proper payment of all earned wages as of the
15 │ date of each former-employee-Plaintiffs' termination of employment with
16 │ Defendants, Plaintiffs are thus entitled to recover all amounts for all such
17 │ compensation plus waiting time penalties pursuant to Labor Code sections 200 -
18 │ 203, according to proof at time of trial. Plaintiffs are also entitled to recover, in
19 │ addition to or in lieu of some or all such compensation and benefits, nominal,
20 │ actual and compensatory damages in amounts according to proof at time of trial.
21 │       46.    WHEREFORE, Plaintiffs request relief as herein provided.
22 │                **FIFTH CAUSE OF ACTION (COUNT FIVE):**
23 │            **VIOLATION OF CALIFORNIA LABOR CODE**
24 │                   **SECTIONS 221, 450 AND 2802**
25 │            **(By All Plaintiffs, Against All Defendants)**

26 │       47.    Plaintiffs hereby reallege, and incorporate by reference in this Cause
27 │ of Action as though set forth fully herein, the allegations contained in paragraphs
28 │ 1 through 46, above. This cause of action is plead by all Plaintiffs, against all

- 18 -

1  Defendants.

2      48.    Within the preceding three (3) years, Defendants maintained a scheme
3  by which Plaintiffs have been required to pay Defendants for, among other items:
4  pay monthly rent on a cubicle in Defendants' offices; pay monthly telephone
5  service charges for a phone line run into their cubicle; pay copy charge fees; and
6  pay for required, specialized software and technical support for that software as a
7  monthly charge. Defendants have also charged Plaintiffs a "commission
8  administration fee" for each policy on which Defendants paid Plaintiffs' a
9  commission. Further, upon the end of an Agent's employment with Defendants,
10  Defendants demanded immediate payment of any of these business expenses
11  and/or fees assessed against the Agent by Defendants and remaining unpaid at the
12  end of employment, and threatened the Agent with collections action if the Agent
13  failed to make immediate payment. This Cause of Action seeks recovery of such
14  sums paid by Agents (and/or others in similar positions and/or with similar job
15  titles, duties, and responsibilities) after the end of their employment and in
16  response to such threats of collections activity made by Defendants.

17      49.    At all times relevant, California Labor Code sections 221, 450 and
18  2802 were in effect and prohibited Defendants' collection of wages previously
19  paid to employees and/or coercing employees to patronize Defendants by paying
20  rent for cubicles, charges for telephone service, and surcharges for copying,
21  among others. Further, Defendants' attempts to collect these sums from Agents
22  after the end of employment constitutes a further violation of these sections.

23      50.    WHEREFORE, Plaintiffs request relief as herein provided.
24  ///
25  ///
26  ///
27  ///
28  ///

- 19 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT   CV 07-518-VBF (VBKx)

## SIXTH CAUSE OF ACTION (COUNT SIX):
## UNFAIR BUSINESS PRACTICES IN VIOLATION OF
## CALIFORNIA BUSINESS AND PROFESSIONS CODE
## SECTIONS 17200, ET. SEQ.,
## BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA
## (By All Plaintiffs, Against All Defendants)

51.    Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as though set forth fully herein, the allegations contained in Paragraphs 1 through 50, above. This cause of action is plead by all Plaintiffs, against all Defendants.

52.    Defendants engage in business practices, offer their insurance policies and financial products for sale, and advertise their goods and services within the jurisdiction of the State of California. As such, Defendants have a duty to comply with the provisions of the Unfair Business Practices Act as set forth in California Business & Professions Code sections 17200, *et seq.*, which Act prohibits, *inter alia*, unlawful, unfair, and/or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

53.    By violating the foregoing provisions of California's labor and employment laws, and by failing to take immediate and appropriate measures to address these violations, Defendants' acts constitute unfair business practices under Business and Professions Code sections 17200, *et. seq.* Defendants' violations of California's labor and employment laws constitute a business practice because they have been done repeatedly over a significant period of time throughout the State of California, and in a systematic manner to the detriment of many Plaintiffs.

54.    As a direct, foreseeable, and proximate result of Defendants' acts and omissions alleged herein, for the four (4) years preceding the filing of this action

- 20 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT    CV 07-518-VBF (VBKx)

1  Plaintiffs, including Plaintiff Opyrchal, have lost money and suffered injuries, and
2  Defendants have also been unjustly enriched as a result of unfair competition.
3  Plaintiffs therefore request restitution of all monies paid to Defendants by the
4  Plaintiffs pursuant to the illegal acts alleged herein, all in an amount according to
5  proof at time of trial, in lieu of or in addition to other types of relief requested
6  herein.

7       55.    WHEREFORE, Plaintiffs request relief as herein provided.

**SEVENTH CAUSE OF ACTION (COUNT SEVEN):**

**UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF**

**CALIFORNIA BUSINESS AND PROFESSIONS CODE**

**SECTIONS 17200, ET. SEQ.,**

**BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

**(By All Plaintiffs, Against All Defendants)**

14      56.    Plaintiffs hereby reallege, and incorporate by reference in this Cause
15  of Action as though set forth fully herein, the allegations contained in Paragraphs
16  1 through 55, above. This cause of action is plead by all Plaintiffs, against all
17  Defendants.

18      57.    Defendants engage in business practices, offer their insurance
19  policies and financial products for sale, and advertise their goods and services
20  within the jurisdiction of the State of California. As such, Defendants have a duty
21  to comply with the provisions of the Unfair Business Practices Act as set forth in
22  California Business & Professions Code sections 17200, *et seq.*, which Act
23  prohibits, *inter alia*, unlawful, unfair, and/or fraudulent business acts or practices
24  and unfair, deceptive, untrue, or misleading advertising by any person, firm,
25  corporation, or association within the jurisdiction of the State of California.

26      58.    By violating the foregoing provisions of California's labor and
27  employment laws, and by failing to take immediate and appropriate measures to
28  address these violations, Defendants' acts constitute unlawful business practices

- 21 -

1 | under Business and Professions Code sections 17200, *et. seq.* Defendants'
2 | violations of California's labor and employment laws constitutes a business
3 | practice because they have been done repeatedly over a significant period of time
4 | throughout the State of California, and in a systematic manner to the detriment of
5 | scores of Plaintiffs.

6 | 59.    As a direct, foreseeable, and proximate result of Defendants' acts and
7 | omissions alleged herein, for the four (4) years preceding the filing of this action
8 | Plaintiffs, including Plaintiff Opyrchal,  have lost money and suffered injuries, and
9 | Defendants have also been unjustly enriched as a result of unfair competition.
10 | Plaintiffs therefore request restitution of all monies paid to Defendants by the
11 | Plaintiffs pursuant to the illegal acts alleged herein, all in an amount according to
12 | proof at time of trial, in lieu of or in addition to other types of relief requested
13 | herein.

14 | 60.    WHEREFORE, Plaintiffs request relief as herein provided.

15 | **V. PRAYER FOR RELIEF**

16 | 61.    Plaintiffs hereby reallege, and incorporate by reference in this Section
17 | as though set forth fully herein, the allegations contained in Paragraphs 1 through
18 | 60, above.

19 | WHEREFORE, Plaintiffs pray for judgment as follows:

20 | 1.    For nominal damages;

21 | 2.    For actual damages;

22 | 3.    For compensatory damages;

23 | 4.    For restitution of all monies, wages, expenses and benefits due to
24 | Plaintiffs;

25 | 5.    For interest accrued to date;

26 | 6.    For interest pursuant to Labor Code section 218.6, 1194, and 1194.2;

27 | 7.    For penalties pursuant to Labor Code sections 203 and 226;

28 | 8.    For liquidated damages pursuant to Labor Code section 1194.2;

- 22 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT   CV 07-518-VBF (VBKx)

1  10.   For costs of suit and expenses incurred herein pursuant to Labor Code
2  sections 226, 1194, and 2802;

3  11.   For reasonable attorneys' fees pursuant to Labor Code sections 226,
4  1194, and 2802, and C.C.P. section 1021.5;

5  12.   For appropriate equitable relief;

6  13.   For appropriate declaratory relief;

7  14.   For all such other and further relief that the Court may deem just and
8  proper.

9

10  Dated: 5/9/07                                  POPE, BERGER & WILLIAMS, LLP,
                                                   LAW OFFICES OF DOUGLAS J. CAMPION
11

12                                          By:
13                                              Harvey C. Berger
                                                Attorneys for Named Plaintiff JUSTIN
14                                              OPYRCHAL, individually, and on behalf of
                                                all other similarly situated current and
15                                              former employees of Defendants in the State
                                                of California
16

17                          **DEMAND FOR JURY TRIAL**

18     Named Plaintiff JUSTIN OPYRCHAL, individually, and on behalf of all
19  other similarly situated current and former employees of Defendants in the State of
20  California, hereby demands a jury trial.

21  Dated: 5/9/07                                  POPE, BERGER & WILLIAMS, LLP,
                                                   LAW OFFICES OF DOUGLAS J. CAMPION
22

23
24                                          By:
                                                Harvey C. Berger
25                                              Attorneys for Named Plaintiff JUSTIN
                                                OPYRCHAL, individually, and on behalf of
26                                              all other similarly situated current and
                                                former employees of Defendants in the State
27                                              of California

28

- 23 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT    CV 07-518-VBF (VBKx)