Exhibit E



1   **MARLIN & SALTZMAN**
    STANLEY D. SALTZMAN, ESQ. [SBN: 90058]
2   LOUIS M. MARLIN, ESQ. [SBN: 54053]
    CHRISTINA A. HUMPHREY, ESQ. [SBN: 226326]
3   29229 Canwood Street, Suite 208
    Agoura Hills, California 91301-1555
4   (818) 991-8080 Fax: (818) 991-8081

5   **SCHWARTZ, DANIELS & BRADLEY**
    MARCUS BRADLEY, ESQ. [SBN: 174156]
6   29229 Canwood Street, Suite 208
    Agoura Hills, California 91301-1555
7   (310) 478-5838 Fax: (310) 478-1232

8   **LAW OFFICES OF PETER M. HART**
    PETER M. HART, ESQ. [SBN: 198691]
9   13952 Bora Bora Way, F-320
    Marina Del Rey, California 90292
10  (310) 478-5789 Fax: (509) 561-6441

11  Attorneys for Plaintiff, OLGA ORTMANN, and the Proposed Class

12                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                     **FOR THE COUNTY OF ALAMEDA**

14  OLGA ORTMANN, as an individual and on      )   CASE NO.: **07317476**
    behalf of all others similarly situated,   )
15                                             )   **COMPLAINT FOR DAMAGES AND**
                                               )   **EQUITABLE RELIEF:**
16                         Plaintiff,          )
        v.                                     )
                                               )   1.   **Declaratory Relief;**
17  NEW YORK LIFE INSURANCE COMPANY,           )   2.   **Failure to Pay Minimum Wages**
    a corporation; NEW YORK LIFE INSURANCE     )        **in Violation of Cal.** *Labor Code*
18  AND ANNUITY CORPORATION, a                 )        **§1194;**
    corporation; and DOES 1 through 20, inclusive, )  3.   **Failure to Pay Overtime Wages**
19                                             )        **in Violation of** *Labor Code* **§**
                         Defendants.           )        **1194;**
20  _____        )   4.   **Failure to Indemnify and Illegal**
                                                        **Wage Deductions in Violation of**
21                                                      **Cal.** *Labor Code* **§§ 226 and**
                                                        **2802;**
22                                              5.   **Failure to Allow and Pay for**
                                                     **Meal and Rest Breaks under**
23                                                   **Cal.** *Labor Code* **§§ 200, 226.7,**
                                                     **and 512;**
24                                              6.   **Failure to Pay Compensation**
                                                     **Upon Discharge in Violation of**
25                                                   **Cal.** *Labor Code* **§§ 201-203;**
                                                7.   **Failure to Furnish an Accurate**
26                                                   **Itemized Wage Statement upon**
                                                     **Payment of Wages in Violation**
27                                                   **of Cal.** *Labor Code* **§226;**
                                                8.   **Accounting;**
28                                              9.   **Unjust Enrichment;**

                                      1
                **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10.  Conversion;
11.  Injunctive Relief;
12.  Violation of Cal. *Business and Prof. Code* §§ 17200 et. seq.

COMES NOW, Plaintiff, OLGA ORTMANN, on her own behalf and on behalf of all similarly situated persons, and for causes of action against Defendants, and each of them, alleges as follows:

## INTRODUCTION

Plaintiff alleges:

1.    This lawsuit is a class action brought on behalf of the Plaintiff and Plaintiff Class which is made up of all persons who are or have been employed by New York Life Insurance Company, New York Life Insurance and Annuity Corporation and Does 1-20 (hereinafter collectively referred to as "Defendants") as insurance agents, in any of the Defendants' offices in the State of California during the Class Period, as the same is defined hereafter.

2.    In this case, Plaintiff seeks relief for herself and the Plaintiff Class under California's Wage and Hour Laws to remedy Defendants': failure to pay minimum wages in violation of *Labor Code* §1194 and the order and standards promulgated by the California Industrial Welfare Commission and California Division of Labor Standards Enforcement; failure to pay overtime compensation in violation of *Labor Code* §1194 and the order and standards promulgated by the California Industrial Welfare Commission and California Division of Labor Standards Enforcement; failure to allow and pay for meal and rest breaks pursuant to *Labor Code* §§200, 226.7, 512; failure to pay compensation at time of termination in violation of *Labor Code* §§201-203; failure to indemnify Plaintiffs for illegal wage deductions and/or monies paid for expenses and losses incurred in the discharge of job duties in violation of *Labor Code* §§226 and 2802; failure to furnish Plaintiff and the Plaintiff Class members with accurate itemized statements required by *Labor Code* §226 upon payment of wages; and failure to comply with fair and lawful business practices as mandated by *Business and Professions Code* §§ 17200 et. seq.. Plaintiff and the Plaintiff

2

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1  Class also seek equitable remedies in the form of declaratory relief, injunctive relief, an
2  accounting, and restitution.

3      3.    The "Class Period" is designated as the time from March 26, 2003, through the
4  date judgment is entered, based upon information and belief that the violations of the *Labor*
5  *Code*, as described more fully hereinafter, began long before March 26, 2003, and are
6  continuing. Plaintiff herein reserves the right to amend this Complaint for Damages and
7  Equitable Relief to reflect a different "Class Period" as discovery in this matter proceeds.

8      4.    During the "Class Period," Defendants, and each of them, acting in concert,
9  agreed to and did institute a plan pursuant to which Defendants (1) unlawfully and willfully
10 failed to pay minimum wages to the Plaintiff and members of the Plaintiff Class; (2)
11 unlawfully and willfully failed to pay overtime compensation to the Plaintiff and members
12 of the Plaintiff Class; (3) unlawfully and willfully failed to allow and pay for meal and rest
13 breaks to the Plaintiff and the Plaintiff class; (4) unlawfully and willfully failed to pay
14 compensation owing (including unpaid overtime) in a prompt and timely manner to the
15 Plaintiff and members of the Plaintiff Class whose employment with Defendants terminated;
16 (4) unlawfully and willfully failed to indemnify the Plaintiff and Plaintiff Class for illegal
17 wage deductions and/or monies paid for expenses and losses incurred in the discharge of job
18 duties; and (5) unlawfully and willfully failed to furnish Plaintiff and Plaintiff Class accurate
19 itemized statements required by the *Labor Code* upon payment of wages.

20     5.    Specifically, Defendants have applied and enforced a policy of requiring the
21 Plaintiff and members of the Plaintiff Class of insurance agents, whom they contractually
22 required to be "employees" of the Defendants (*See*, exhibit "A" attached hereto, being an
23 exemplar of the relevant page of the subject Training Allowance Subsidy Plan Agreement)
24 to work without compensation for minimum wages or overtime compensation for numerous
25 days/months/years in violation of California Law, including *Labor Code* §1194 and
26 Regulations promulgated under the *Labor Code*. Defendants' policy is and at all relevant
27 times has been, to fail and refuse to pay minimum wages and overtime compensation due and
28 owing to the Plaintiff and members of the Plaintiff Class in violation of California Law.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1    6.    Defendants have willfully failed and refused, and continue to fail and refuse, 2 to allow and pay Plaintiff and members of the Plaintiff Class for meal and rest breaks, in 3 violation of *Labor Code* §§200, 226.7, and 512.

4    7.    Defendants have willfully failed and refused, and continue to fail and refuse, 5 to pay Plaintiff and members of the Plaintiff Class, wages (including overtime pay), due and 6 owing at the time Plaintiff's and members of the Plaintiff Class' employment with 7 Defendants terminated in a timely and prompt manner as required by *Labor Code* §§201-203.

8    8.    Defendants have willfully failed and refused, and continue to fail and refuse, 9 to indemnify Plaintiff and members of the Plaintiff Class for illegal wage deductions and/or 10 monies expended for expenses and losses incurred in discharge of their employment duties. 11 Plaintiff and members of the Plaintiff Class were and are still required to purchase certain 12 items including office supplies, insurance, sales scripts, call leads, faxes, and other items to 13 be determined through discovery, and were required to pay rent for a desk, use of software, 14 as well as other items, and paid for their own gas and mileage without reimbursement. 15 Plaintiff and members of the Plaintiff Class were also required to purchase some of the 16 above-described items exclusively from Defendants, in violation of *Labor Code* §450, which 17 prohibits employers from compelling or coercing their employees to patronize his or her 18 employer, or any other person in the purchase of any thing of value. Defendants routinely 19 failed, and continue to fail, to indemnify Plaintiff and members of the Plaintiff Class for said 20 expenses and losses in violation of *Labor Code* §§226 and 2802.

21    9.    Defendants have willfully failed and refused and continue to fail and refuse, 22 to furnish Plaintiff and members of the Plaintiff Class with accurate itemized wage 23 statements upon payment of wages in violation of *Labor Code* §226.

24    10.    Plaintiff and members of the Plaintiff Class previously were, or presently are, 25 "insurance agents" employed as "employees" by Defendants in California who were not, and 26 are not, exempt from the payment of minimum wages and overtime under California Law. 27 / / /

28 / / /

4
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**THE PARTIES**

1

2     11.    Plaintiff, OLGA ORTMANN, resides in Alameda County, State of California.

3 Said Plaintiff was employed by Defendants as an employee "insurance agent" in Defendants'

4 office located in East Bay, California, during the class period. Ms. Ortmann is a member of

5 the Plaintiff Class and a member of the sub-class.

6     12.    Defendants are corporations engaged in the insurance business in the State of

7 California. Said Defendants were at all times doing business throughout the State of

8 California and have various offices located in the County of Alameda, and throughout the

9 State of California. Many of the members of the Plaintiff Class, including the representative

10 Plaintiff named herein, have been employed during the class period in Alameda County. The

11 practices and policies which are complained of by way of this complaint are enforced

12 throughout the State of California, including Alameda County.

13     13.    The true names and capacities, whether individual, corporate, associate,

14 representative, or otherwise, of Defendants named herein as DOES 1 through 20 are currently

15 unknown to Plaintiff and they are therefore sued by such fictitious names pursuant to

16 California Code of Civil Procedure §474.

17     14.    Plaintiff is informed and believes and on that basis alleges, that each of the

18 fictitiously named Defendants were in some manner legally responsible for the unlawful

19 actions, unlawful policies, and unlawful practices. Plaintiff will amend the Complaint to set

20 forth the true names and capacities of said Defendants, along with the appropriate charging

21 allegations when the same have been asserted. On the basis of information and belief, it is

22 alleged that each of the Defendants herein was the agent of the other and the agent of all

23 Defendants. Each such Defendant was acting in the scope of his or her agency at all relevant

24 times. Each Defendant's act complained of herein was authorized or ratified by the other

25 Defendants in the course and scope of the agency for the benefit of themselves, each other,

26 and the benefit of Defendants.

27   / / /

28   / / /

5

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1

## CLASS ACTION ALLEGATIONS

2      15.    Plaintiff brings this action as a Class Action on behalf of the following defined

3    class and sub-class:

4    Plaintiff Class

5           The Class is comprised of all persons who, since March 26,

6           2003, have been or currently are employed in California by

7           Defendants as "insurance agent" employees or common law

8           employees.    As used in this Class Definition, the term

9           "insurance agent" refers to any individual whose primary

10          assigned duties include or included, but but neither were nor are

11          limited to, insurance sales carried out pursuant to the "Training

12          Allowance Subsidy Plan Agreement" and/or the "Agent's

13          Contract", respectively attached as Exhibits A and B hereto.

14    Terminated Sub-Class:

15          This sub-class is comprised of all persons whose employment

16          with Defendants has terminated and who did not receive all of

17          the wages owed to them at the time of termination, and/or who

18          did not receive their final wages in a timely manner as mandated

19          by California law.  The named Plaintiff herein is a member of

20          this sub-class.

21      16.    Plaintiff is informed and believes, and on that basis, alleges that during the

22    class period, thousands of class members have been employed by Defendants as insurance

23    agents in the State of California.  Because so many persons have been employed by

24    Defendants as insurance agents, the members of the Plaintiff Class are so numerous that

25    joinder of all members is impossible and/or impracticable.

26      17.    Plaintiff's claims are typical of the members of the Plaintiff Class.  Plaintiff,

27    like other members of the class of insurance agents working for Defendants in California,

28    was subjected to Defendants' policy and practice of refusing to pay minimum wages and

6

1  overtime in violation of California Wage and Hour laws. Plaintiff's job duties were and are
2  typical of those of other class members who worked for Defendants as insurance agents in
3  California. These job duties include inside sales, wherein an insurance agent would spend
4  less than half of his or her day away from the employer's place of business selling insurance
5  and/or related items.

6      18.    A class action is superior to other available methods for the fair and efficient
7  adjudication of this controversy. Plaintiff will fairly and adequately protect the interests of
8  the members of the Plaintiff Class and has retained counsel competent and experienced in
9  both class action and employment litigation.

10     19.    Common questions of law and fact exist as to all members of the Plaintiff Class
11  and predominate over any questions affecting any individual members of the Plaintiff Class.
12  Among the questions of law and fact that are relevant to the adjudication of class members
13  claims are the following:

14          (a)    Whether Defendants unlawfully failed to pay minimum wages to the
15  Plaintiff and members of the Plaintiff Class in violation of *Labor Code* §1194;

16          (b)    Whether Defendants unlawfully failed to pay overtime compensation
17  to the Plaintiff and members of the Plaintiff Class in violation of *Labor Code* §1194;

18          (c)    Whether the Plaintiff and members of the Plaintiff Class are entitled to
19  minimum wages for hours worked under California Law;

20          (d)    Whether the Plaintiff and members of the Plaintiff Class  are entitled
21  to overtime pay for overtime hours worked under California Law;

22          (e)    Whether Defendants unlawfully and/or willfully failed to allow and pay
23  for meal and rest breaks to Plaintiff and members of the Plaintiff Class pursuant to *Labor*
24  *Code* §§200, 226.7,and 512;

25          (f)    Whether Defendants unlawfully and/or willfully failed to promptly pay
26  compensation owing (including unpaid overtime pay) to Plaintiff and members of the Sub-
27  Class upon termination of their employment in violation of *Labor Code* §§201-203;

28          (g)    Whether Defendants unlawfully and/or willfully failed to indemnify

7
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1 | Plaintiff and members of the Class for illegal wage deductions and/or expenses and losses
2 | incurred in the discharge of employment duties in violation of *Labor Code* §§226 and 2802;

3 |     (h)    Whether Defendants unlawfully and/or willfully failed to furnish
4 | Plaintiff and members of the Plaintiff Class accurate itemized wage statements upon payment
5 | of wages in violation of *Labor Code* §226;

6 |     (i)    Whether Plaintiff and members of the Plaintiff Class sustained damages,
7 | and if so, the proper measure of such damages, as well as interest, penalties, costs, attorney's
8 | fees, and equitable relief; and

9 |     (j)    Whether the Defendants violated the Unfair Business Practices Law of
10 | California, §17200, et seq., by violating the above cited statutes, rules and regulations, and
11 | treating the Plaintiff and members of the Plaintiff Class and Sub-Class unfairly by: failing
12 | to pay minimum wages and overtime; failing to provide and pay for meal and rest breaks;
13 | failing to pay wages upon termination; failing to furnish an accurate itemized wage
14 | statement upon payment of wages and; taking illegal wage deductions and/or wage
15 | deductions from Plaintiff's and members of the Plaintiff Class' wages; and failing to
16 | indemnify Plaintiff and members of the Plaintiff Class for expenses and losses incurred in
17 | the discharge of their employment duties..

18 |     20.    Plaintiff knows of no difficulty which will be encountered in the management
19 | of this litigation which would preclude its maintenance as a class action.

20 | **FIRST CAUSE OF ACTION**

21 | **DECLARATORY RELIEF**

22 | **(Against Defendants and Does 1-20**

23 | **on behalf of Plaintiff and Members of the Plaintiff Class)**

24 |     21.    Plaintiff hereby repeats and repleads paragraphs 1 through 20 inclusive as if
25 | the same were set forth at length and verbatim herein.

26 |     22.    An actual controversy has arisen and now exists between Plaintiff and all
27 | persons similarly situated, on the one hand, and Defendants and each of them, on the other
28 | hand, relating to the following matters:

8

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

a)  Whether Defendants have unlawfully failed to pay minimum wages in violation of *Labor Code* §1194 to Plaintiff and members of the Plaintiff Class;

b)  Whether Defendants have unlawfully failed to pay overtime compensation in violation of *Labor Code* §1194 to Plaintiff and members of the Plaintiff Class;

c)  Whether Defendants unlawfully failed to provide and pay for meal and rest breaks to Plaintiff and members of the Plaintiff Class in violation of *Labor Code* §§ 200, 226.7, and 512;

d)  Whether Defendants unlawfully failed to indemnify Plaintiff and members of the Plaintiff Class for illegal wage deductions and/or expenses and losses incurred in violation of *Labor Code* §§ 226 and 2802;

e)  Whether Defendants unlawfully failed to furnish Plaintiff and members of the Plaintiff Class accurate itemized wage statements upon payment of wages, in violation of *Labor Code* §226;

f)  Whether Defendants unlawfully failed to promptly pay compensation owing (including overtime pay) to Plaintiff and members of the Plaintiff Class upon termination of their employment in violation of *Labor Code* §§ 201-203;

g)  What amount the Plaintiff and members of the Plaintiff Class are entitled to receive in minimum wages;

h)  What amount the Plaintiff and members of the Plaintiff Class are entitled to receive in overtime compensation;

i)  What amount the Plaintiff and members of the Plaintiff Class are entitled to receive in interest on unpaid compensation due and owing;

j)  What amount the Plaintiff and members of the Plaintiff Class are entitled to receive from Defendants in waiting time penalties;

9

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1      k) What amount the Plaintiff and members of the Plaintiff Class are

2        entitled to receive from Defendants in meal and rest break penalties;

3      l) What amount Plaintiff and members of the Plaintiff Class are entitled

4        to for reimbursement of Defendants' illegal wage deductions and/or

5        expenses and losses incurred in discharge of their employment duties;

6      m) What amount Plaintiff and members of the Plaintiff Class are entitled

7        to in penalties as a result of Defendants' failure to provide accurate

8        itemized wage statements upon payment of wages;

9      n) What amount Plaintiff and members of the Plaintiff Class are entitled

10       to in penalties as a result of all of Defendants' above-cited violations

11       of the *Labor Code*;

12      o) What amount Plaintiff and members of the Plaintiff Class are entitled

13        to in restitution as a result of Defendants' violations of the *Labor Code*

14        and California Code of Regulations cited above; and

15      p) What amount Plaintiff and members of the Plaintiff Class are entitled

16        to in restitution as a result of Defendants' unfair labor practices

17        regarding its California insurance agents.

18  23. Plaintiff and members of the Plaintiff Class further seek entry of a declaratory

19 judgment against Defendants herein declaring Defendants' practices as heretofore alleged

20 to be unlawful, and which provides for recovery of all sums determined by this Court to be

21 owed by Defendants, and each of them, to the Plaintiff and members of the Plaintiff Class.

22         **SECOND CAUSE OF ACTION**

23        **FAILURE TO PAY MINIMUM WAGES**

24 **UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS**

25         **AND *LABOR CODE* §1194**

26        **(Against Defendants and Does 1-20**

27     **On behalf of Plaintiff and Members of the Plaintiff Class)**

28  24. Plaintiff hereby realleges, and incorporates by reference as though set fully

1  forth herein, the allegations contained in paragraphs 1 through 23.

2      25.    Pursuant to Industrial Welfare Commission Order 4, *California Code of*
3  *Regulations,* Title 8, Chapter 5, §11090, §12, and *Labor Code* §§200, 226, 500, 510, 512,
4  1194, and 1198, Defendants were required to compensate Plaintiff and members of the
5  Plaintiff Class for all hours worked.

6      26.    Plaintiff and members of the Plaintiff Class were, and are, employees entitled
7  to the protections of Industrial Welfare Commission Order 4, California Code of Regulations,
8  Title 8, §11090, §12, and *Labor Code* §§200, 226, 500, 510, 512, 1194, and 1198. During
9  the course of Plaintiff's employment, and during the course of the employment of the
10 members of the Plaintiff Class, Defendants failed to compensate Plaintiff and members of
11 the Plaintiff Class for hours worked as required under the California *Labor Code* and *Code*
12 *of Regulations.*

13     27.    Under the aforementioned wage orders, statutes, and regulations, Plaintiff and
14 members of the Plaintiff Class are entitled to minimum wages for hours worked during the
15 four (4) years preceding the filing of this Complaint.

16     28.    In violation of state law, Defendants have knowingly and willfully refused to
17 perform their obligations to compensate Plaintiff and members of the Plaintiff Class for all
18 wages earned and all hours worked. As a direct result, Plaintiff and members of the Plaintiff
19 Class have suffered, and continue to suffer, substantial losses related to the use and
20 enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in
21 seeking to compel Defendants to fully perform their obligations under state law, all to their
22 respective damage in amounts according to proof at time of trial, but in amounts in excess
23 of the minimum jurisdiction of this Court.

24     29.    Defendants committed the acts alleged herein knowingly and willfully, with
25 the wrongful and deliberate intention of injuring Plaintiff and members of the Plaintiff Class,
26 from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights
27 and the rights of the Plaintiff Class. Plaintiff and members of the Plaintiff Class are thus
28 entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in

1  amounts according to proof a time of trial, but in amounts in excess of the minimum
2  jurisdiction of this Court.

3      30.      Defendants' conduct described herein violates Industrial Welfare Commission
4  Order 4, California *Code of Regulations*, Title 8, §11090, §12, and *Labor Code* §§200, 226,
5  500, 510, 512 and 1198. Therefore, pursuant to *Labor Code* §§200, 203, 226, 226.7, 512,
6  558 and 1194, Plaintiff and members of the Plaintiff Class are entitled to recover the unpaid
7  balance of minimum wages Defendants owe Plaintiff and members of the Plaintiff Class,
8  plus interest, penalties, attorney's fees, expenses, and costs of suit.

9                          **THIRD CAUSE OF ACTION**

10                  **FAILURE TO PAY OVERTIME COMPENSATION**

11      **UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS**

12                          **AND *LABOR CODE* §1194**

13                      **(Against Defendants and Does 1-20**

14          **On behalf of Plaintiff and Members of the Plaintiff Class)**

15      31.      Plaintiff hereby realleges, and incorporates by reference as though set fully
16  forth herein, the allegations contained in paragraphs 1 through 30.

17      32.      Pursuant to Industrial Welfare Commission Order 4, *California Code of*
18  *Regulations*, Title 8, Chapter 5, §11090, §12, and *Labor Code* §§200, 226, 500, 510, 512,
19  1194, and 1198, Defendants were required to compensate Plaintiff and members of the
20  Plaintiff Class for all overtime, which is calculated at one and one-half (1½ ) times the
21  regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40)
22  hours per week, and for the first eight (8) hours on the seventh consecutive work day; with
23  double time after eight (8) hours on the seventh day of any work week, or after 12 hours in
24  any work day.

25      33.      Plaintiff and members of the Plaintiff Class were, and are, non-exempt
26  employees entitled to the protections of Industrial Welfare Commission Order 4, California
27  Code of Regulations, Title 8, §11090, §12, and *Labor Code* §§200, 226, 500, 510, 512, 1194,
28  and 1198. During the course of Plaintiff's employment, and during the course of the

1 employment of the members of the Plaintiff Class, Defendants failed to compensate Plaintiff
2 and members of the Plaintiff Class for overtime hours worked as required under the
3 California *Labor Code* and *Code of Regulations.*

4     34.    Under the aforementioned wage orders, statutes, and regulations, Plaintiff and
5 members of the Class are entitled to one and one-half (1½) times and/or double their regular
6 rate of pay for overtime work performed during the four (4) years preceding the filing of this
7 Complaint, based on appropriate calculations of the "total remuneration" for each workweek.

8     35.    In violation of state law, Defendants have knowingly and willfully refused to
9 perform their obligations to compensate Plaintiff and members of the Plaintiff Class for all
10 wages earned and all hours worked. As a direct result, Plaintiff and members of the Plaintiff
11 Class have suffered, and continue to suffer, substantial losses related to the use and
12 enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in
13 seeking to compel Defendants to fully perform their obligations under state law, all to their
14 respective damage in amounts according to proof at time of trial, but in amounts in excess
15 of the minimum jurisdiction of this Court.

16     36.    Defendants committed the acts alleged herein knowingly and willfully, with
17 the wrongful and deliberate intention of injuring Plaintiff and members of the Plaintiff Class,
18 from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights
19 and the rights of the Plaintiff Class. Plaintiff and members of the Plaintiff Class are thus
20 entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in
21 amounts according to proof a time of trial, but in amounts in excess of the minimum
22 jurisdiction of this Court.

23     37.    Defendants' conduct described herein violates Industrial Welfare Commission
24 Order 4, California *Code of Regulations,* Title 8, §11090, §12, and *Labor Code* §§200, 226,
25 500, 510, 512 and 1198. Therefore, pursuant to *Labor Code* §§200, 203, 226, 226.7, 512,
26 558 and 1194, Plaintiff and members of the Plaintiff Class are entitled to recover the unpaid
27 balance of overtime compensation Defendants owe Plaintiff and members of the Plaintiff
28 Class, plus interest, penalties, attorney's fees, expenses, and costs of suit.

13

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**FOURTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY FOR EXPENSES AND LOSSES AND ILLEGAL**

**DEDUCTIONS FROM WAGES**

**UNDER *CALIFORNIA LABOR CODE* §§226 AND 2802**

**(Against Defendants and Does 1-20**

**On behalf of Plaintiff and Members of the Plaintiff Class)**

38.    Plaintiff hereby realleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 37.

39.    Pursuant to *Labor Code* §2802, the act of requiring employees to expend monies or to indemnify their employer for losses or expenses in direct consequence of the discharge of their duties, is unlawful. Pursuant to Industrial Welfare Commission Orders 4, California Code of Regulations, Title 8, Chapter 5, §11090, *Labor Code* §226, and other laws of the State of California, it is also unlawful for employers to make set-offs and/or deductions from employees' wages, and to fail to properly itemize all deductions from wages.

40.    Defendants were required to indemnify and reimburse Plaintiff and members of the Plaintiff Class for all expenditures or losses incurred in direct consequence of the discharge of their duties under the laws and regulations of the State of California. Further, Defendants made unlawful deductions and/or set-offs from the wages of the Plaintiff and members of the Plaintiff Class, and failed to properly itemize all deductions from wages in violation of *Labor Code* §§226 and 2802, and Industrial Welfare Commission Orders 4, California Code of Regulations, Title 8, Chapter 5, §11090.  Specifically, and without limitation of the foregoing, Defendants' acted wrongfully by:

a.    Failing to indemnify Plaintiff and members of the Plaintiff Class for office supplies, faxes, rent, software, sales scripts, call leads, insurance, mileage, and other expenses to determined in discovery of this case.

b.    Making unlawful deductions and/or set-offs from the wages of the Plaintiff and members of the Plaintiff Class, and failing to properly itemize all deductions from wages

14

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1    41.    During the four (4) years preceding the filing of this Complaint, Defendants
2  have failed to indemnify and/or charged, deducted, and/or set-off the wages of Plaintiff and
3  members of the Plaintiff Class for illegal purposes.

4    42.    In violation of state law, Defendants have knowingly and willfully refused to
5  perform their obligations to compensate Plaintiff and members of the Plaintiff Class for
6  expenses and losses incurred and/or illegal wage deductions. As a direct result, Plaintiff and
7  members of the Plaintiff Class have suffered, and continue to suffer, substantial losses related
8  to the use and enjoyment of such monies, lost interest on such monies, and have incurred
9  expenses and attorney's fees in seeking to compel defendants to fully perform their
10  obligation under state law, all to their respective damage in amounts according to proof at
11  time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

12    43.    Defendants committed the acts alleged herein knowingly and willfully, with
13  the wrongful and deliberate intention of injuring Plaintiff and members of the Plaintiff Class,
14  from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights
15  and the rights of the members of the Plaintiff Class. Plaintiff and members of the Plaintiff
16  Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary
17  damages in amounts according to proof at time of trial, but in amounts in excess of the
18  minimum jurisdiction of this Court.

19    44.    Defendants' conduct described herein violates *Labor Code* §§ 226 and 2802.
20  As a proximate result of the aforementioned violations, Plaintiff and members of the Plaintiff
21  Class have been damaged in an amount according to proof at time of trial, but in an amount
22  in excess of the jurisdiction of this Court. Therefore, pursuant to *Labor Code* §§§§200, 203,
23  218.5, 226, 226.7, 512, 558, 1194 and 2802, Plaintiff and members of the Plaintiff Class are
24  entitled to recover the unpaid balance of monies Defendants owe, plus interest, penalties,
25  attorney's fees, expenses, and costs of suit.

26  / / /
27  / / /
28  / / /

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## FIFTH CAUSE OF ACTION

## FAILURE TO ALLOW AND PAY FOR MEAL AND REST BREAKS UNDER

### *CALIFORNIA LABOR CODE* §§ 226.7, 512 and 558

### (Against Defendants and Does 1-20

### On behalf of Plaintiff and Members of the Plaintiff Class)

45.    Plaintiff hereby realleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 44.

46.    *Labor Code* § 226.7(a) provides, "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

47.    As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff and members of the Plaintiff Class with meal and rest breaks. By these actions Defendants violated *Labor Code* §226.7(a) as Defendants have failed to provide meal and rest period breaks in the number, length and manner as required. At no time did the Plaintiff and members of the Plaintiff Class expressly or impliedly waived their right to their meal or rest breaks.

48.    As a result of the unlawful acts of the Defendants, Plaintiff and members of the Plaintiff Class have been deprived of meal and rest breaks, and are entitled to recovery under *Labor Code* §226.7(a) in an amount of one additional hour of pay at the employees's regular rate of compensation for each work day that a meal and rest period was not provided. Additionally, Plaintiff and members of the Plaintiff Class are entitled to penalties under *Labor Code* §558.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY COMPENSATION AT THE TIME OF TERMINATION

## IN VIOLATION OF CALIFORNIA *LABOR CODE* §§201-203

### (Against Defendants and Does 1-20

### On Behalf of the Plaintiff and the Terminated Sub-Class)

49.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 48 above as

16

1    though fully set forth herein.

2        50.    California *Labor Code* §201 requires an employer who discharges an employee
3    to pay compensation due and owing to said employee immediately upon discharge.
4    California *Labor Code* §202 requires an employer to promptly pay compensation due and
5    owing to an employee within 72 hours of that employee's termination of employment by
6    resignation. California *Labor Code* §203 provides that if an employer willfully fails to pay
7    compensation promptly upon discharge or resignation in a prompt and timely manner as
8    required pursuant to California *Labor Code* §201 and §202 respectively, said employer is
9    liable to said employee for a waiting time wage continuation as described herein.
10   Defendants' willful failure to pay former employee Plaintiff and members of the Terminated
11   Sub-Class all of the wages due and owing them constitutes violations of *Labor Code* §§201
12   and 203, which provides that an employee's wages will continue as a waiting time wage
13   continuation up to thirty (30) days from the time the wages were due. Therefore, Plaintiff
14   and members of the Terminated Sub-Class are entitled to a waiting time wage continuation
15   pursuant to *Labor Code* §203.

16       51.    Plaintiffs and members of the Terminated Sub-Class were previously employed
17   by Defendants and were terminated within the class period as set forth above. Defendants
18   failed to pay all wages due to this sub-class at the time of termination, and, in addition, failed
19   to pay all wages due in a timely manner as mandated by California *Labor Code* §§ 201 - 203.

20       52.    Plaintiff and members of the Terminated Sub-Class seek waiting time wage
21   continuation for the allocable time period prior to filing this complaint, plus costs, interest,
22   disbursements and attorneys fees pursuant to California law, including but not limited to
23   *Labor Code* §§218.5 and 218.6.

24   ///
25   ///
26   ///
27   ///
28   ///

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE AN "ACCURATE" ITEMIZED WAGE STATEMENT
### UPON PAYMENT OF WAGES IN VIOLATION OF *LABOR CODE § 226*
### (Against Defendants and Does 1-20
### On behalf of Plaintiff and Members of the Plaintiff Class)

53.     Plaintiff hereby realleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 52.

54.     *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall ... at the time of each payment of wages, furnish his or her employees ... an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee...(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis...." Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

55.     Defendants failed to accurately record the hours worked by Plaintiff and members of the Plaintiff Class.

56.     Additionally, Defendants failed to accurately record the overtime hours worked by Plaintiff and members of the Plaintiff Class.

57.     Plaintiff and members of the Plaintiff Class were damaged by these failures because, among other things, the failure to accurately record or maintain any records of the hours worked  hindered Plaintiff and members of the Plaintiff Class from determining the amounts of wages actually owed to them.

58.     Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* §226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  to *Labor Code* §226(e), in a sum as provided by the *Labor Code* and/or other statutes.

2  ### EIGHTH CAUSE OF ACTION

3  ### ACCOUNTING

4  **(Against Defendants and Does 1-20**

5  **On behalf of Plaintiff and Members of the Plaintiff Class)**

6  59.    Plaintiff hereby realleges, and incorporates by reference as though set fully

7  forth herein, the allegations contained in paragraphs 1 through 58.

8  60.    The Plaintiff and members of the Plaintiff Class are owed wages which equal

9  the sum of minimum wages, overtime compensation, expenses and losses, wage deductions,

10 and wages for meal and rest breaks not paid by Defendants to Plaintiff and members of the

11 Plaintiff Class, statutory interests on such compensation, and each of them, waiting time

12 penalties, penalties pursuant to §§ 226(e), 226.7, 558, and any other penalties alleged in this

13 Complaint.

14 61.    The Plaintiff does not know the precise amount of compensation due to the

15 Plaintiff and members of the Plaintiff Class. Upon information and belief, Plaintiff alleges

16 that Defendants, and each of them, possess records from which the amount of compensation

17 due and owing to each class member herein can be determined.

18 62.    The amount of statutory interest and penalties owed to Plaintiff and members

19 of the Plaintiff Class is based on the amount of compensation owed to Plaintiff and members

20 of the Plaintiff Class by Defendants. This amount can only be determined by an accounting

21 of books and records in possession of Defendants, and each of them.

22 ### NINTH CAUSE OF ACTION

23 ### UNJUST ENRICHMENT

24 **(Against Defendants and Does 1-20**

25 **On behalf of Plaintiff and Members of the Plaintiff Class)**

26 63.    Plaintiff hereby realleges, and incorporates by reference each and every

27 allegation set forth in the preceding paragraphs 1-62.

28 64.    By working for Defendants without appropriate pay, without pay or overtime

19

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1  pay  when it was/is due, without meal and rest breaks, and without reimbursement for
2  expenses and losses, Plaintiff and members of the Plaintiff Class conferred a substantial
3  benefit on Defendants. Plaintiff and members of the Plaintiff Class performed work without
4  receiving the wages and benefits to which Plaintiff and members of the Plaintiff Class were
5  entitled to as a matter of law. This significant benefit substantially reduced Defendants'
6  expenses, thereby increasing Defendants' profitability.

7      65.    Given that Defendants thrive on increasing profitability and increasing returns
8  to its shareholders, Defendants knew of and/or appreciated the benefits conferred upon them
9  by their retention of Plaintiff and members of the Plaintiff Class' property. Plaintiff is
10  informed and believes, and thereon alleges, that Defendants' clandestine wage abuses
11  substantially contribute to Defendants profitability.

12      66.    Plaintiff and members of the Plaintiff Class have provided a significant
13  quantity of labor and covered a significant number of expenses for Defendants to their
14  detriment and solely for the benefit of Defendants. Defendants accepted and were enriched
15  by this benefit conferred and have never properly paid Plaintiffs and members of the Plaintiff
16  Class for the labor and monies provided.

17      67.    By failing to pay all earned wages (including overtime pay) when due, failing
18  to pay wages when due, failing to provide meal and rest breaks, failing to reimburse for
19  expenses and losses, and taking illegal wage deductions, Defendants have wrongfully
20  obtained and withheld the wages and monies earned by Plaintiffs and members of the
21  Plaintiff Class.

22      68.    Defendants accepted and retained the wages and monies for expenses and
23  losses of Plaintiff and members of the Plaintiff Class. Under these circumstances, it would
24  be inequitable for Defendants to keep the wages earned by Plaintiff and members of the
25  Class.

26  / / /
27  / / /
28  / / /

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1  ## TENTH CAUSE OF ACTION

2  ## CONVERSION

3  **(Against Defendants and Does 1-20**

4  **On behalf of Plaintiff and Members of the Plaintiff Class)**

5  69.    Plaintiff hereby realleges, and incorporates by reference as though set fully

6  forth herein, the allegations contained in paragraphs 1 through 68.

7  70.    Defendants knowingly and intentionally required Plaintiff and members of the

8  Plaintiff Class to work without pay and overtime pay and failed to pay them minimum wages

9  and over time.

10  71.    Defendants knowingly and intentionally failed to allow and pay for meal and

11  rest breaks.

12  72.    Defendants knowingly and intentionally forced Plaintiff and members of the

13  Plaintiff Class to pay for expenses and losses incurred in the discharge of their employment

14  and/or made illegal wage deductions and/or wage deductions from the pay of Plaintiff and

15  members of the Plaintiff Class.

16  73.    Defendants withheld the earned minimum wages, overtime wages, pay for meal

17  and rest breaks, expenses and losses, and illegal deductions, and exercised dominion and

18  control over them such as to convert these withheld wages and/or monies which Plaintiff and

19  members of the Plaintiff Class owned or had the right to own, and had the legal right to hold,

20  possess, and dispose.

21  74.    Defendants knowingly, willfully, and unlawfully interfered with the Plaintiff

22  and the rights of all of the members of the Plaintiff Class to own, possess, and/or control the

23  disposition of said monies, wages, and overtime wages.

24  75.    The exact amount of monies, wages, and overtime wages earned by Plaintiff

25  and each of the members of the Plaintiff Class here alleged, is identifiable even though the

26  specific sum of money each Plaintiff and each member of the Plaintiff Class may vary by

27  individual.

28  76.    In refusing to pay wages and overtime owed to Plaintiff and members of the

1 | Plaintiff Class, Defendants knowingly, unlawfully, and intentionally took, appropriated, and

2 | converted the property of Plaintiff and members of the Plaintiff Class here alleged for

3 | Defendants' own use, purpose, and benefits.

4 |     77.    Plaintiff and members of the Plaintiff Class have been injured by said

5 | conversion in the amount of the monies converted by the Defendants, with interest thereon

6 | from that time.

7 |     78.    Defendants' actions constituting conversion were oppressive, malicious and

8 | fraudulent. As such, Plaintiff and members of the Plaintiff Class are entitled to punitive and

9 | exemplary damages. Plaintiffs further seek on behalf of the general public, the appointment

10 | of a receiver, as necessary to establish the total monetary relief sought from Defendants.

11 | **ELEVENTH CAUSE OF ACTION**

12 | **REQUEST FOR INJUNCTIVE RELIEF**

13 | **PURSUANT TO *LABOR CODE § 1194.5***

14 | **(Against Defendants and Does 1-20**

15 | **On behalf of Plaintiff and Members of the Plaintiff Class)**

16 |     79.    Plaintiff hereby realleges, and incorporates by reference as though set fully

17 | forth herein, the allegations contained in paragraphs 1 through 78.

18 |     80.    Defendants have applied their policies of failing to pay wages and overtime in

19 | violation of California law, and failing to indemnify plaintiff and members of the plaintiff

20 | class under *Labor Code* Section 2802, and failing to furnish Plaintiff and members of the

21 | Plaintiff Class an accurate wage statement under *Labor Code* §226, to those members of the

22 | Plaintiff Class still employed by Defendants.

23 |     81.    Plaintiff and members of the Plaintiff Class have been, and are suffering injury

24 | and damages by Defendants' unlawful actions as heretofore alleged. Plaintiff and members

25 | of the Plaintiff Class are threatened with immediate irreparable harm by the continuation of

26 | Defendants' unlawful actions as heretofore alleged, and have no adequate remedy at law.

27 | As a result thereof, Plaintiff and members of the Plaintiff Class seek that Defendants be

28 | enjoined from continuing with the wrongful and ongoing business practices set forth

22

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1  hereinabove, and that the Court issue an appropriate injunction according to proof herein.

2  ## TWELFTH CAUSE OF ACTION

3  ## VIOLATIONS OF CALIFORNIA

4  ## *BUSINESS AND PROFESSIONS CODE* §17200

5  ## (Against Defendants and Does 1-20

6  ## On behalf of Plaintiff and Members of the Plaintiff Class)

7  82.    Plaintiff hereby realleges, and incorporates by reference as though

8  set fully herein, the allegations contained in paragraphs 1 through 81.

9  83.    By violating the statutes and regulations set forth hereinabove, and

10  incorporated by reference hereto, failing to pay either minimum wages and/or overtime

11  wages, unfairly deducting wages and charging for expenses and losses incurred by Plaintiff

12  and members of the Plaintiff Class in discharge of their employment duties, and forcing

13  Plaintiffs to purchase supplies and other items from Defendants in violation of *Labor Code*

14  §450, Defendants acts constitute unfair and unlawful business practices under *Business and*

15  *Professions Code* §17200, *et. seq.*

16  84.    Defendants' violations of California wage and hour laws and illegal payroll

17  practices or payment policies constitute a business practice because it was done repeatedly

18  over a significant period of time, and in a systematic manner to the detriment of Plaintiff and

19  members of the Plaintiff Class.

20  85.    For the four (4) years preceding the filing of this action, Plaintiff and members

21  of the Plaintiff Class have suffered these losses and request restitution of all monies and

22  profits to be disgorged from defendants in an amount according to proof at the time of trial.

23  ## PRAYER FOR RELIEF

24  **WHEREFORE,** Representative Plaintiff, on behalf of herself, and on behalf of the

25  members of the Plaintiff Class, pray for judgment against Defendants as follows:

26  1.    For an Order certifying the proposed Class and Sub-Class;

27  2.    For nominal damages;

28  3.    For compensatory damages;

4.    For restitution of all monies due to Plaintiff and members of the Plaintiff Class, and disgorged profits from the unlawful business practice of defendants;

5.    For waiting time penalties pursuant to *Labor Code* §203;

6.    For Penalties pursuant to *Labor Code* §§ 226, 226(e), 226.7, 512, 558, 1194, and 1194.2;

7.    For interest accrued to date;

8.    Injunctive relief enjoining defendants from engaging in the unlawful and unfair business practices complained of herein;

9.    Declaratory relief declaring Defendants practices as unlawful and unfair business practices within the meaning of Business & Professions Code §17200, et seq.; and declaring that Defendants unlawfully failed to compensate Plaintiff and members of the Plaintiff Class for minimum wages and overtime; failed to allow and pay for meal and rest breaks to Plaintiff and Plaintiff class, failed to indemnify Plaintiff and Plaintiff class under *Labor Code* §2802, failed to pay wages to former employee Plaintiff class members  upon termination, failed to provide to Plaintiff and Plaintiff Class members an accurate itemized statement of wages upon payment of wages; and declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees Plaintiff and members of the Plaintiff Class are entitled to thereunder.

10.    An accounting of Defendants' books and records;

11.    For costs of suit and expenses incurred herein pursuant to *Labor Code* §§218.5, 226 and 1194;

12.    For reasonable attorney's fees pursuant to *Labor Code* §§218.5, 226, and 1194;

13.    For punitive and exemplary damages; and

/ / /

/ / /

/ / /

24
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

14.    For all such other and further relief that the Court may deem just and proper.

Dated: March26, 2007                **MARLIN & SALTZMAN**
                                    **SCHWARTZ, DANIELS & BRADLEY**
                                    **LAW OFFICES OF PETER M. HART**

By _____
        Stanley D. Saltzman of Marlin & Saltzman
        Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

NAMED PLAINTIFF hereby demands a jury trial.

Dated: March 26, 2007               **MARLIN & SALTZMAN**
                                    **SCHWARTZ, DANIELS & BRADLEY**
                                    **LAW OFFICES OF PETER M. HART**

By _____
        Stanley D. Saltzman of Marlin & Saltzman
        Attorneys for Plaintiffs

25

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**