MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD, SBN 119513
JILL A. PORCARO, SBN 190412
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
email: jbattenfeld@morganlewis.com
email: jporcaro@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
JENNIFER WHITE-SPERLING, SBN 166504
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001
email: jwhite-sperling@morganlewis.com

Attorneys for Defendants New York Life Insurance
Company and New York Life Insurance and
Annuity Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA ORTMANN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY, a corporation; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, a corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:07-CV-02506-WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE**<br><br>**[FED. R. CIV. PROC. 12(f)]**<br><br>Judge:    Hon. William Alsup<br>Date:    July 5, 2007<br>Time:    8:00 a.m.<br>Courtroom:  9, 19th Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431267.1

# I.   **INTRODUCTION**

In this putative wage and hour class action, Plaintiff Olga Ortmann ("Plaintiff") alleges that she was employed as an "insurance agent" for Defendants New York Life Insurance Company and New York Life Insurance and Annuity Corporation ("Defendants"). (Complaint, ¶ 11.) In her second, third, and fourth causes of action, all of which allege violations of various provisions of the California Labor Code, Plaintiff seeks punitive and exemplary damages. As punitive damages are not an available remedy for these alleged violations of the Labor Code, these references to punitive damages should be stricken from the Complaint. In these same causes of action under the Labor Code, Plaintiff alleges that there is a four year statute of limitations when, in fact, a three year statute of limitations applies. These improper references to a four year statute of limitations should also be stricken.

In addition, in her fifth cause of action, Plaintiff seeks to recover civil penalties pursuant to California Labor Code § 558. As there is no private right of action under Labor Code § 558, this claim for relief should be stricken. Finally, in Plaintiff's twelfth cause of action under California's Unfair Competition Law ("UCL"), Plaintiff requests that Defendants be ordered to disgorge their profits. Since restitution is the only monetary remedy available under the UCL, the request for disgorgement of profits should be stricken.

# II.   **LEGAL ARGUMENT**

## A.   **Plaintiff Cannot Seek The Recovery Of Punitive Damages In The Second, Third, And Fourth Causes of Action Which Are Based On Violations Of The California Labor Code.**

In her second cause of action for failure to pay minimum wages under Section 1194 of the California Labor Code, third cause of action for failure to overtime under Section 1194 of the Labor Code, and fourth cause of action for failure to indemnify for expenses and losses and illegal deductions from wages under Labor Code §§ 226 and 2802, Plaintiff seeks the recovery of punitive and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431267.1                                    1                    MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE

1    exemplary damages. (Complaint, ¶¶ 29, 36, 43). Punitive damages are not an
2    available remedy for these causes of action.

3         Where a statute creates new rights and obligations not previously existing in
4    the common law, the express statutory remedy is deemed to be the exclusive
5    remedy available for statutory violations, unless the remedies are inadequate.
6    *Turnbull & Turnbull v. ARA Transportation Inc.*, 219 Cal. App. 3d 811 (1990); *De*
7    *Anza Santa Cruz Mobile Estates Homeowners Ass'n v. De Anza Santa Cruz Mobile*
8    *Estates*, 94 Cal. App. 4th 890, 912 (2001). The claims that Plaintiff bring under the
9    Labor Code—based on the obligations to pay minimum wage, to pay overtime, to
10   provide accurate wage statements, to indemnify and reimburse for business
11   expenses —did not exist at common law, but rather are liabilities created by statute.
12   *See Aubry v. Goldhor*, 201 Cal. App. 3d 399, 404 (1988).[1]

13        The Legislature has established a comprehensive set of rights and remedies
14   governing the compensation of workers in California in the Labor Code. In so
15   doing, the Legislature set forth the remedies, including civil and criminal penalties,
16   that it deemed appropriate for violations of various provisions of the Labor Code.
17   For example, Plaintiff can seek, and is seeking, the penalty of liquidated damages
18   for failure to pay minimum wage under Labor Code § 1194.2, waiting time
19   penalties under Labor Code § 203 for the failure to timely pay wages, and penalties
20   for failure to provide accurate wage statements under Labor Code § 226. In
21   addition, the Labor Code sets forth a comprehensive scheme of criminal and civil
22   enforcement, which is augmented by the Labor Code Private Attorneys General Act
23   of 2004, Labor Code § 2698 *et seq*. By setting forth specific penalty provisions
24   throughout the Labor Code, it can be inferred that the Legislature intended to
25   exclude other remedies. Indeed, Plaintiff expressly seeks penalties under each of
26   her second, third and fourth causes of action. See Complaint ¶¶ 30, 37, 44.

---

[1] Superceded by statute on other grounds, as stated in: *Bell v. Farmers Ins. Exchange* 135 Cal.
App. 4th 1138, 1147-1148 (2006)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431267.1

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE

1   Consequently, the statutory remedies set forth in the California Labor Code are the

2   exclusive remedies for the causes of action brought by Plaintiff under the Labor

3   Code.

4           The "Legislature intend[s that] the statutory penalty set forth in [a statute] . . .

5   be the exclusive penalty in a suit to enforce the provisions of [that statute]." *De

6   Anza*, 94 Cal. App. 4th at 912. This interpretation comports with the due process

7   requirement that employers have fair notice of the penalty available for particular

8   conduct. *Id.* at 912 (*citing BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574

9   (1996)) ("Elementary notions of fairness enshrined in our constitutional

10  jurisprudence dictate that a person receive fair notice not only of the conduct that

11  will subject him [or her] to punishment but also of the severity of the penalty that a

12  State may impose."). This interpretation also avoids the possibility of double

13  penalties for the same conduct. As *De Anza* held, "a plaintiff cannot recover both

14  punitive damages and statutory penalties, as this would constitute a prohibited

15  double penalty for the same act." *Id.* Here, Plaintiff seeks penalties under Labor

16  Code §§ 203, 226 and 558 in her second, third, and fourth causes of action (*see

17  Complaint, ¶¶ 30, 37, 44), in addition to punitive damages, for the very same

18  alleged Labor Code violations.

19          Federal courts have specifically applied the exclusive remedy doctrine to the

20  Labor Code. In *Green v. Party City Corporation*, 2002 U.S. Dist. LEXIS 7750

21  (C.D. Cal. Apr. 9, 2002), the plaintiff alleged three causes of action for overtime

22  compensation: 1) violation of Labor Code section 1194, 2) violation of the UCL,

23  and 3) conversion. *Id.* at *1. The plaintiff also sought punitive damages. *Id.* at

24  *14. The court held that "the duty to pay overtime is a duty created by statute

25  rather than one that existed at common law" and "the Labor Code provides a

26  detailed remedial scheme for violation of its provisions." *Id* at *13-14. As such,

27  the "plaintiff [could] not advance a claim for punitive damages." *Id.* at 15.

28  Similarly, in *Czechowski v. Tandy Corp.*, 731 F. Supp. 406, 410 (N.D. Cal. 1990),

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431267.1                    3                MEMORANDUM OF POINTS AND
                                                 AUTHORITIES IN SUPPORT OF
                                                 DEFENDANTS' MOTION TO STRIKE

1    the plaintiffs alleged various violations of the Labor Code and sought both penalties

2    and punitive damages.  The court held that "[t]he Legislature's provision of such

3    statutory penalties preclude[d] an award of punitive damages." *Id.* at 410.  Most

4    recently, in *Oprychal v. New York Life Ins. Co.*, Case No. CV 07-518 VBF, pg. 2

5    (C.D. Cal. April 13, 2007),[2] the District Court granted Defendants' motion to strike

6    the plaintiff's request for punitive damages for similar violations of various

7    provisions of the California Labor Code, finding that the plaintiff's "requests for

8    punitive damages are completely without support in statutory or case law."[3]

9        Like the plaintiffs in *Green, Czechowski*, and *Oprychal,* Plaintiff here

10   impermissibly seeks punitive damages for her Labor Code claims.  Like the courts

11   in *Green, Czechowski*, and *Oprychal*, this Court should hold that punitive damages

12   are not recoverable because the statutory remedies provided for in the Labor Code

13   are exclusive and do not permit the recovery of punitive damages.  All references to

14   the recovery of punitive damages should be stricken from the second, third, and

15   fourth causes of action.

16   **B.**        **A Four-Year Statute of Limitations Does Not Apply To**
                   **Plaintiff's Second, Third, And Fourth Causes Of Action**
17                 **Under The California Labor Code.**

18        In her second cause of action for failure to pay minimum wages, third cause

19   of action for failure to pay overtime, and fourth cause of action for alleged unlawful

20   deductions Plaintiff alleges that a four year statute of limitations applies.

21   (Complaint, ¶¶ 27, 34, 41).  These allegations should be stricken as a four year

22   statute of limitation does not apply to these claims.

23        Specifically, in her second and third causes of action, Plaintiff claims that

24   Defendants violated Labor Code § 1194 which provides, in relevant part, that "an

25   employee receiving less than the legal minimum wage or the legal overtime

26

27   [2]  Attached hereto as Exhibit A.
     [3]  Defendants are concurrently moving to dismiss, stay, or transfer the present action given the
28   pendency of the *Opyrchal* issue, under the "first-to-file" rule.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431267.1                    4                    MEMORANDUM OF POINTS AND
                                                     AUTHORITIES IN SUPPORT OF
                                                     DEFENDANTS' MOTION TO STRIKE

compensation . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation." Labor Code § 1194. A three-year statute of limitations governs claims brought pursuant to Labor Code § 1194. *See Aubry v. Goldhor*, 201 Cal. App. 3d 399, 404 (1988) ("the three-year statute of limitations governs . . . the cause of action for unpaid overtime compensation"); *Janik v. Rudy, Exelrod & Zieff*, 119 Cal. App. 4th 930, 934 (2004) (a three-year statute of limitations applied to a Labor Code § 1194 claim). Paragraphs 27 and 34 of the Complaint, which allege that Plaintiff is entitled to recover minimum wages and overtime for hours worked during the four years preceding the filing of the Complaint, should therefore be stricken.

In addition, in her fourth cause of action, Plaintiff claims that Defendants violated Labor Code § 2802 because allegedly they did not indemnify or reimburse Plaintiff for all expenditures or losses incurred in direct consequence of the discharge of her duties. A claim under Labor Code § 2802 is subject to the three-year statute of limitations set forth in Code of Civil Procedure § 338(a) as a statutory obligation. Therefore, the allegation in paragraph 41 in the fourth cause of action which refers to four years prior to the filing of the Complaint should be stricken.

C.      **Plaintiff's Request For Penalties Pursuant To Labor Code § 558 Should be Stricken Because There Is No Private Right Of Action To Seek Penalties Under Section 558.**

In her fifth cause of action, Plaintiff alleges that she is entitled to penalties pursuant to Labor Code § 558 for Defendants' alleged failure to provide meal breaks. (Complaint, ¶¶ 6, 48). Plaintiff's request for penalties should be stricken as there is no private right of action to seek such relief under § 558.

Under California law, "[a]doption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute." *Vikco Ins. Services, Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431267.1                          5                MEMORANDUM OF POINTS AND
                                                        AUTHORITIES IN SUPPORT OF
                                                        DEFENDANTS' MOTION TO STRIKE

1   63 (1999).  Rather,

> a private right of action exists only if the language of the
> statute or its legislative history clearly indicates the
> Legislature intended to create such a right to sue for
> damages.  If the Legislature intends to create a private
> cause of action, [California courts] generally assume it
> will do so directly in clear understandable, unmistakable
> terms.

*Id.* (citations, quotations, alterations omitted).

Section 558 imposes various penalties for "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of [Chapter One, Part Two of the Labor Code] or any provision regulating hours and days of work in any order of the Industrial Welfare Commission . . . ".  Labor Code § 558.  The plain language of § 558 does not "clearly and unmistakably give employees the right to sue under section 558."  *Ruiz v. Paladin Group, Inc.,* 2003 WL 22992077, *2 (C.D. Cal. Sept. 29, 2003).

The structure of Section 558 and a comparison with other provisions of the Labor Code further confirm that employees do not have a private right of action. As noted by the *Ruiz* court, "[p]art (a) provides the remedies for a violation of certain wage and hour provisions, while part (b) sets forth the procedure for enforcement of that section <u>through the Labor Commissioner</u>."  *Id.* at *2 (emphasis added).  Moreover, where the legislature has intended to create a private right of action, it has done so in clear and unmistakable language.  *See* Labor Code § 1194 ("any employee receiving less than the legal minimum wage or the legal overtime compensation . . . is <u>entitled to recover in a civil action</u> the unpaid balance . . .") (emphasis added).  In short, Section 558's "comprehensive administrative scheme, together with the absence of reference to a private right of action, strongly suggests

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431267.1                     6                    MEMORANDUM OF POINTS AND
                                                      AUTHORITIES IN SUPPORT OF
                                                      DEFENDANTS' MOTION TO STRIKE

1   that the Legislature did not intend to create a private right of action . . . ." *Ruiz*,

2   2003 WL 22992077 at *2. *See also Caliber Bodyworks, Inc. v. Superior Court*, 134

3   Cal. App. 4th 365, 377-78 (2005) (discussing "civil penalties" under the Labor

4   Code which were enforceable only by California's labor law enforcement

5   agencies). Thus, Plaintiff's claim for penalties pursuant to California Labor Code §

6   558 should be stricken.

7       **D.**      **<u>Plaintiff Cannot Seek Disgorgement of Profits Under The</u>**

8              **<u>UCL.</u>**

9        Plaintiff's twelfth cause of action is brought pursuant to the UCL. In support

10   of her claims, Plaintiff alleges that Defendants' alleged violations of the Labor

11   Code and various other regulations, constitute "unfair and unlawful business

12   practices" under the UCL. (Complaint, ¶ 83). Plaintiff seeks recovery of

13   "disgorged profits" from the alleged unlawful business practices of Defendants.

14   (Complaint, ¶ 85, Prayer for Relief, ¶ 4).

15        Disgorgement of profits is not available to a private litigant under the UCL.

16   State and federal courts have repeatedly held that the UCL limits a private

17   plaintiff's monetary remedy to restitution. *See Cortez v. Purolator Air Filtration*

18   *Prods. Co.*, 23 Cal. 4th 163, 176 (2000); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950

19   (2002) (*quoting Cel-Tech Comms., Inc. v. L.A. Cellular Tele. Co.*, 20 Cal.4th 163,

20   179 (1999)); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146

21   (2003) (*quoting Kraus v. Trinity Mgm't Serv's Inc.*, 23 Cal. 4th 116, 129 (2000)).

22        The California Supreme Court has unequivocally held that "disgorgement . . .

23   is not an authorized remedy in an individual action under the UCL." *Korea Supply*

24   *Co*, 29 Cal. 4th at 1140. In *Korea Supply Co.*, the plaintiff sought the disgorgement

25   of profits acquired by the defendant through its allegedly unfair business practices.

26   *Id.* at 1142. The California Supreme Court reaffirmed the distinction that it had

27   previously made between disgorgement and restitution, in that "disgorgement" is a

28   broader remedy than restitution. *Id.* at 1144-45. The Court held that, while

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431267.1                7           MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE

restitution was an available remedy under the UCL, disgorgement of money obtained through an unfair business practice is an available remedy in a representative and an individual UCL action *only to the extent that it constitutes restitution*. *Id.* at 1145. Several courts have subsequently held that disgorgement of profits is also not available in a class action under the UCL. *See e.g., Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 459, 461 (2005); *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1018 (2005). As such, although the unpaid wages and deductions may be recoverable under the UCL as restitution, disgorged profits are not recoverable. In *Oprychal v. New York Life Ins. Co.*, Case No. CV 07-518 VBF, the District Court granted Defendants' request to strike the Plaintiff's request for disgorgement of profits in his UCL claim. Therefore, Plaintiff's requests for "disgorged profits" should be stricken from her UCL claim and the Complaint.

## III.  **CONCLUSION**

For the foregoing reasons, Defendants request that the Court grant their motion to strike.

Dated: May 24, 2007

MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD
JENNIFER WHITE-SPERLING
JILL A. PORCARO


By /s/ JILL A. PORCARO
Jill A. Porcaro
Attorneys for Defendants
New York Life Insurance Company
and New York Life Insurance and
Annuity Corporation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431267.1                                   8

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE