1  MORGAN, LEWIS & BOCKIUS LLP
   JOHN S. BATTENFELD, SBN 119513
2  JILL A. PORCARO, SBN 190412
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA 90071-3132
4  Tel: 213.612.2500
   Fax: 213.612.2501
5  email: jbattenfeld@morganlewis.com
   email: jporcaro@morganlewis.com
6
   MORGAN, LEWIS & BOCKIUS LLP
7  JENNIFER WHITE-SPERLING, SBN 166504
   5 Park Plaza, Suite 1750
8  Irvine, CA 92614
   Tel: 949.399.7000
9  Fax: 949.399.7001
   email: jwhite-sperling@morganlewis.com
10
11 Attorneys for Defendants New York Life Insurance
   Company and New York Life Insurance and
12 Annuity Corporation

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

16 OLGA ORTMANN, as an individual         Case No. C 07-02506 WHA
   and on behalf of all others similarly
17 situated,                              **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
18              Plaintiff,                DEFENDANTS' MOTION TO
                                          DISMISS THE EIGHTH, NINTH,
19        v.                              TENTH, AND ELEVENTH CAUSES
                                          OF ACTION IN PLAINTIFF'S
20 NEW YORK LIFE INSURANCE               COMPLAINT
   COMPANY, a corporation; NEW
21 YORK LIFE INSURANCE AND               [FED. R. CIV. PROC. 12(b)(6)]**
   ANNUITY CORPORATION, a
22 corporation; and DOES 1 through 20,    Judge:    Hon. William Alsup
   inclusive,                            Date:     July 5, 2007
23                                        Time:     8:00 a.m.
                Defendants.               Courtroom: 9, 19th Floor
24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431279.1

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

## I.  **INTRODUCTION**

In this putative wage and hour class action, Plaintiff Olga Ortmann ("Plaintiff") alleges that she was employed as an "insurance agent" for Defendants New York Life Insurance Company and New York Life Insurance and Annuity Corporation ("Defendants"). (Complaint, ¶ 11). In her second through seventh causes of action, Plaintiff alleges violations of Labor Code for failure to pay minimum wage, failure to pay overtime, failure to provide meal and rest breaks, failure to indemnify and illegal wage deductions failure to pay compensation upon discharge, and failure to furnish accurate itemized wage statements. In her ninth and tenth causes of action Plaintiff attempts to recast these same claims as the common law tort of conversion and quasi-contract claim of unjust enrichment. As numerous courts have held, these claims are not viable. The Labor Code sections on which these causes of action are premised provide the exclusive remedy, and Plaintiff's ninth and tenth causes of action should be dismissed.

In her eighth cause of action, Plaintiff attempts to state a claim for accounting. Plaintiff, however, has not pled, nor can she plead, that her remedy at law is inadequate. Accordingly she is not entitled to seek equitable relief of accounting and the eighth cause of action should be dismissed.

In her eleventh cause of action, Plaintiff seeks injunctive relief to enjoin Defendants from continuing their "wrongful and ongoing business practices." However, Plaintiff does not have standing to seek injunctive relief because, as alleged in her Complaint, she is no longer affiliated with Defendants. Therefore, Plaintiff's eleventh cause of action should be dismissed as a matter of law.

## II.  **LEGAL ARGUMENT**

### A.  **Plaintiff's Ninth and Tenth Causes of Action for Unjust Enrichment and Conversion Are Barred By The Exclusive Remedy Doctrine.**

In her ninth cause of action, Plaintiff asserts a quasi-contract claim for unjust

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431279.1                    1          MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF MOTION
                                            TO DISMISS

1   enrichment alleging that Defendants failed to pay overtime, failed to allow for meal

2   and rest breaks, and failed to reimburse Plaintiff for certain expenses and losses.

3   (Complaint, ¶¶ 63-68).  In her tenth cause of action, Plaintiff asserts a tort claim for

4   conversion, also based on the allegations that Defendants failed to pay overtime,

5   failed to allow for meal and rest breaks, and failed to reimburse Plaintiff for certain

6   expenses. (Complaint, ¶¶ 69-78).  These causes of action are improper and should

7   be dismissed because the statutory remedies under the Labor Code provide the

8   exclusive remedies.

9       The exclusive remedy doctrine is the rule that, "where a statute creates a right

10  that did not exist at common law and provides a comprehensive and detailed

11  remedial scheme for its enforcement, the statutory remedy is exclusive." *Rojo v.*

12  *Kliger*, 52 Cal. 3d 65, 79 (1990).  Sections 1194(a), 226.7(a) and 2802 of the Labor

13  Code, which created private rights of action for employees who are due overtime

14  wages and minimum wages, compensation for missed meal and rest periods, and

15  indemnification for certain necessary business expenses, are the sole remedies

16  provided by the California Legislature for such claims.

17      In *Green v. Party City Corporation*, 2002 U.S. Dist. LEXIS 7750 (C.D. Cal.

18  Apr. 9, 2002), the plaintiff alleged three causes of action for overtime

19  compensation: 1) violation of Labor Code § 1194.2) violation of the UCL, and 3)

20  conversion. *Id.* at *1.  The court held that "the statutory remedies for unpaid

21  overtime wages bar[red] [the] plaintiff's claim for conversion" because "the duty to

22  pay overtime is a duty created by statute rather than one that existed at common

23  law" and "the Labor Code provides a detailed remedial scheme for violation of its

24  provisions." *Id.* at *13-14.

25      Similarly, in *Pulido v. Coca-Cola Enterprises, Inc.*, 2006 U.S. Dist. LEXIS

26  43765 (C.D. Cal. May 25, 2006), the plaintiffs brought a claim for conversion

27  based on the defendants' alleged failure to provide meal and rest periods. *Id.* at

28  *26.  Citing *Green*, the court dismissed the plaintiffs' conversion claim because the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431279.1                              2

1    right to meal and rest periods did not exist at common law prior to the enactment of

2    the Labor Code. *Id.* at *25-28. The Court in *Gilles v. Micro Electronics, Inc.*, Case

3    No. CV 05-7537 SVW (C.D. Cal. April 26, 2006),[1] dismissed Plaintiff's claims for

4    fraud, negligent misrepresentation, and breach of the covenant of good faith and

5    fair dealing which were based on failure to pay overtime and minimum wage,

6    holding that the California Labor Code provisions for overtime and minimum wage

7    provided the exclusive remedy. *Id.* at pp. 6-10.

8        Numerous other cases have held that variously pled claims are invalid if they

9    are premised solely on violations of wage and hour statutes, because those statutes

10   provide the exclusive remedies for such claims. *Tombrello v. USX Corp.*, 763 F.

11   Supp. 541, 545 (N.D. Ala. 1991) (granting employer's motion for summary

12   judgment on claim for "wrongful refusal to pay" because it was actually an

13   allegation of an FLSA violation that must be brought under the FLSA, "the

14   exclusive remedy for enforcing these rights") (emphasis added); *Nettles v. Techplan

15   Corp.*, 704 F. Supp. 95 (D. S.C. 1988) (granting employer's motion for summary

16   judgment on "claims that the defendants negligently maintained their own time

17   records and thereby deprived plaintiff of his overtime compensation," because the

18   FLSA governs the ability of the employee to recover overtime and the employee

19   cannot circumvent the FLSA by alleging negligence); *Sorenson v. CHT Corp.*, 2004

20   WL 442638, at *5-7 (N.D. Ill. Mar. 10, 2004) (dismissing unjust enrichment claim

21   based on the same factual assertions as FLSA allegation because the FLSA

22   provides an "exclusive remedy"); *Johnston v. Davis Security, Inc.*, 217 F.Supp.2d

23   1224, 1227-28 (D. Utah 2002) (dismissing various state common law claims,

24   including one for unjust enrichment, on the grounds that they were duplicative of

25   the FLSA claim).

26       Plaintiff's attempt to circumvent the exclusive rights and remedies provided

27

28
---
[1] Attached hereto as Exhibit A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431279.1                    3                    MEMORANDUM OF POINTS AND
                                                      AUTHORITIES IN SUPPORT OF MOTION
                                                      TO DISMISS

by the Labor Code by recasting her claims as ones for unjust enrichment and conversion is barred by the exclusive remedy doctrine. Accordingly, Plaintiff's ninth and tenth causes of actions must be dismissed.

**B.    Plaintiff's Eighth Cause of Action for Accounting Is Barred Because There Is An Adequate Remedy At Law.**

In her eighth cause of action, Plaintiff seeks the equitable relief of accounting. The basis for Plaintiff's claim is Defendant's alleged failure to pay minimum wages and overtime compensation, to provide meal and rest breaks, and to reimburse or indemnify Plaintiff for certain expenses. (Complaint, ¶ 60). It is well established, however, that in order to state a claim for accounting, Plaintiff must allege the absence of an adequate remedy at law. *See, e.g., 3Com Corp. v. Electronics Recovery Specialists, Inc.*, 104 F. Supp. 2d 932, 941 (N.D.Ill. 2000); *Taliaferro v. Taliaferro*, 144 Cal. App. 2d 109, 113 (1956) (dismissing cause of action for equitable relief where there was an available and adequate legal remedy).

Here, Plaintiff has not alleged that there is an inadequate legal remedy, nor can she. Indeed, "[i]t will be the rare case where an equitable accounting lies, since legal remedies are more adequate; discovery is liberal under the Federal Rules of Civil Procedure; and the requirement of inadequacy of remedy at law remains the same. *Executone of Columbus, Inc. v. Inter-Tel, Inc.* 2007 WL 1144866, *4 (S.D. Ohio 2007). Accordingly, Plaintiff cannot maintain an equitable claim for accounting and her eighth cause of action should be dismissed.

**C.    Plaintiff's Eleventh Cause of Action for Injunctive Relief Is Barred Because Plaintiff Does Not Have Standing To Seek Injunctive Relief.**

In her eleventh cause of action, Plaintiff alleges that Defendants violated various provisions of the California Labor Code. (Complaint, ¶¶ 80). Plaintiff then requests that "Defendants be enjoined from continuing with the wrongful and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431279.1

4

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

1  ongoing business practices . . . and that the Court issue an appropriate injunction."

2  (Complaint, ¶ 81, Prayer for Relief, ¶ 8).

3      To have standing to bring a claim, Article III of the United States

4  Constitution requires that a plaintiff satisfy three elements:  1) she must have

5  suffered an injury in fact that is a) concrete and particularized and b) actual or

6  imminent; 2) there must be a causal connection between the injury and the conduct

7  complained of; and 3) it must be likely that the injury will be redressed by a

8  favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

9  Additionally, in seeking an injunction, the plaintiff must show a likelihood of

10  substantial and immediate irreparable injury and the inadequacy of remedies at law.

11  *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).

12      In *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir.

13  2004), the plaintiff sued her insurance company for terminating her disability

14  benefits. *Id.* at 1004-5.  The plaintiff sued under California Business and

15  Professions Code section 17200 and for breach of contract, among other things. *Id.*

16  at 1005.  The district court granted the plaintiff a permanent injunction under

17  Section 17200. *Id.*  The Ninth Circuit reversed, holding:

18          The district court erred in concluding that Hangarter had

19          Article III standing to pursue injunctive relief under

20          [Section 17200]. "Article III standing requires an injury

21          that is actual or imminent, not conjectural or hypothetical.

22          In the context of injunctive relief, the plaintiff must

23          demonstrate a *real or immediate threat* of an irreparable

24          injury." . . . ***Hangarter currently has no contractual***

25          ***relationship with Defendants and therefore is not***

26          ***personally threatened by their conduct.***

27  *Id.* at 1021-22 (emphasis added).

28      Nor does it matter whether the plaintiff has standing to bring a claim for non-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1   equitable relief.  In *City of Los Angeles. v. Lyons,* 461 U.S. 95 (1983), the plaintiff

2   sued the City of Los Angeles for excessive force and police brutality for use of a

3   chokehold. *Id.* at 97-98.  The plaintiff also sought injunctive relief against the use

4   of chokeholds. *Id.* at 98.  The district court denied the claim for injunctive relief,

5   and the Court of Appeals reversed, finding that there was a sufficient likelihood that

6   the plaintiff would be stopped again and subject to a chokehold. *Id.* at 99.  The

7   U.S. Supreme Court disagreed:

8              [The plaintiff] fares no better if it be assumed that his

9              pending damages suit affords him Article III standing to

10             seek an injunction as a remedy for the claim arising out of

11             the October 1976 events.  The equitable remedy is

12             unavailable absent a showing of irreparable injury, a

13             requirement that cannot be met where there is no showing

14             of any real or immediate threat that the plaintiff will be

15             wronged again—a "likelihood of substantial and

16             immediate irreparable injury."  *O'Shea v. Littleton*, 414

17             U.S. at 502, 94 S.Ct. at 679.   The speculative nature of

18             [the plaintiff's] claim of future injury requires a finding

19             that this prerequisite of equitable relief has not been

20             fulfilled.

21   *Id.* at 111.  *See also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir.

22   1999) (holding that the plaintiffs did not have standing to seek an injunction against

23   racial profiling at the Mexican-American border, because they were not sufficiently

24   likely to be pulled over again by the Border Patrol); *Oprychal v. New York Life Ins.*

25   *Co.,* No. CV 07-518, pg. 4 (C.D. Cal. April 13, 2007)[2] (striking insurance agent's

26   request for injunctive relief: " because plaintiff has no relationship with Defendant

27

28   —————————————————
     [2] Attached hereto as Exhibit B.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/431279.1                          6                 MEMORANDUM OF POINTS AND
                                                        AUTHORITIES IN SUPPORT OF MOTION
                                                        TO DISMISS

1    that would give rise to an actual and imminent threat of harm, injunctive relief is

2    insupportable as a matter of law").[3]

3        Here, like the plaintiff in *Hangarter* and *Opyrchal*, Plaintiff has no standing

4    to seek injunctive relief, because she no longer has any type of relationship with

5    Defendants and is therefore not personally impacted by Defendants' alleged

6    conduct.  (Complaint, ¶ 11).  She also has no basis to show irreparable harm when

7    all of her alleged claims can be redressed by monetary recovery.  Thus, Plaintiff's

8    eleventh cause of action should be dismissed.

9

10   **III.    CONCLUSION**

         For the foregoing reasons, Defendants request that the Court grant their

11   motion to dismiss the eighth, ninth, tenth, and eleventh causes of action in

12   Plaintiff's Complaint.

13

14   Dated: May 24, 2007                     MORGAN, LEWIS & BOCKIUS LLP
                                             JOHN S. BATTENFELD
15                                           JENNIFER WHITE-SPERLING
                                             JILL A. PORCARO
16

17

18                                           By /s/ JILL A. PORCARO
                                                Jill A. Porcaro
19                                              Attorneys for Defendants
                                                New York Life Insurance Company
20                                              and New York Life Insurance and
                                                Annuity Corporation
21

22

23

24

25

26

27   [3] Defendants are concurrently moving to stay, transfer or, in the alternative, dismiss certain causes
     of action in the present action given the pendency of the *Opyrchal* case, under the "first to file"
28   rule.

MORGAN, LEWIS &
   BOCKIUS LLP
 ATTORNEYS AT LAW
     IRVINE                                        7            MEMORANDUM OF POINTS AND
1-IR/431279.1                                                   AUTHORITIES IN SUPPORT OF MOTION
                                                               TO DISMISS