# Exhibit A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERGORY V. GILLES, | ) | CV 05-7537 SVW (FMOx) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION FOR PARTIAL DISMISSAL |
| v. | ) | AND MOTION TO STRIKE [29, 30] |
| | ) | |
| MICRO ELECTRONICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

Plaintiff Gregory C. Gilles ("Gilles" or "Plaintiff") brought this purported class action against Defendant Micro Electronics, Inc. ("Micro Electronics" or "Defendant") and ten Does for alleged violations of overtime and minimum wage statutes. On February 17, 2006, the Court granted in part and denied in part Defendant's motion to dismiss the initial complaint. In particular, the Court dismissed the fraud and negligent misrepresentation claims for failure to plead

with particularity under Federal Rule of Civil Procedure 9(b).[1] The Court granted Plaintiff leave to file a first amended complaint ("the FAC"), which Plaintiff timely accomplished on March 10, 2006.

Defendant has filed a motion to dismiss the FAC's causes of action for fraud, negligent misrepresentation, and breach of the covenant of good faith and fair dealing. Defendant has also filed a motion to strike portions of the FAC. Defendant does not seek to dismiss the FAC's federal and California statutory wage and hour claims.

For reasons stated below, the Court GRANTS Defendant's motion to dismiss. The Court also GRANTS Defendant's motion to strike.

II. BACKGROUND

Defendant Micro Electronics is a multi-state electronics retailer with its domicile in Delaware and its principal administrative offices in Hillard, Ohio. Plaintiff Gilles is currently a sales associate employed at a Micro Electronics store in Tustin, California. It is not clear when his employment began. Plaintiff's compensation consists of a base salary, which is $4 per hour, plus 2% sales commissions.

The FAC makes five essential allegations. First, Defendant has willfully maintained a policy of non-payment or improper payment of overtime compensation, which the law requires to be paid at one and one-half or two times the regular rate of pay, depending on the hours

---

[1] The Court also dismissed with prejudice a claim made under California Labor Code § 203. Section 203 relates to wage payments after an employee's discharge or termination. Because Plaintiff alleged that he was still employed by Defendant, he could not state a claim for post-termination wage payments.

worked. Second, Defendant failed to pay Plaintiff the lawful minimum wage, because Plaintiff was sometimes required to perform inventory work, during which time he was paid only $4.00 per hour without the opportunity to earn sales commissions. Third, Defendant has failed to provide Plaintiff with itemized statements at the time of wage payment as required by California Labor Code § 226(a). Fourth, Defendant has fraudulently represented to Plaintiff that he could be required to work hours outside of his regular shift without overtime compensation. One such misrepresentation – or more accurately, a material omission – was made on March 27, 2005, when Plaintiff received as document entitled the "Micro Electronics, Inc. Employment Agreement" ("the Agreement" or "the Employment Agreement"). (FAC Ex. A.) The document described Plaintiff's position as "sales associate," but failed to disclose that he would be asked to restock shelves and organize inventory before, during, and after regular business hours. The document was allegedly designed to induce Plaintiff "to work outside of shift hours and not request appropriate premium compensation for overtime hours worked." (FAC ¶ 58.) Fifth, Defendant retaliated against Plaintiff after he commenced the present litigation, by requiring him to spend more time restocking shelves and organizing inventory, thereby reducing the amount of time he had to do sales work and earn commissions.

On the basis of these allegations, the FAC asserts the following causes of action: (1) violation of section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, for failure to pay overtime compensation; (2) violation of section 7(a) of the FLSA, 29 U.S.C. § 207(a); (3) breach of the covenant of good faith and fair dealing; (4) fraud; (5) negligent misrepresentation; (6) violation of California

3

Labor Code, §§ 1194, 1198 and § 510, for failure to pay overtime compensation in accordance with the California Industrial Welfare Commission ("IWC") wage order applicable to Plaintiff; (7) violation of 29 U.S.C. § 215(a), for retaliating against Plaintiff for commencing the instant action; (8) violation of 29 U.S.C. § 216(b) and Cal. Labor Code § 1194, for failure to pay the minimum wage; (9) violation of California Labor Code § 226, for failure to provide itemized statements at the time of payment of wages;(10) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.; (11) declaration that Plaintiff's $4 per hour base wage is illegal and that certain terms in the Agreement are also illegal. With the exception of the retaliation claim, the complaint is purportedly brought on behalf of a nationwide class of plaintiffs similarly situated as Plaintiff. Plaintiff demands damages, liquidated damages, punitive damages, statutory penalties, restitution, and attorney's fees.

The initial complaint was filed in this Court on October 19, 2005. On November 29, 2005, Defendant filed a partial motion to dismiss. On February 17, 2006, the Court dismissed Plaintiff's fraud and negligent misrepresentation claims without prejudice, and his Cal. Labor Code § 203 claim with prejudice. On March 10, 2006, Plaintiff filed the FAC. On March 27, 2006, Defendant again filed a partial motion to dismiss, this time against the claims of fraud, negligent misrepresentation, and breach of the covenant of good faith and fair dealing. Defendant also concurrently filed a motion to strike. Plaintiff filed his opposition brief on April 10, 2006. Defendant replied on April 17, 2006. A hearing was held on April 24, 2006.

III. MOTION TO DISMISS

    A.   Legal Standard

In considering a 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations of the non-moving party, and should grant dismissal only if the non-moving party can prove no set of facts to support his claim. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428 (9th Cir. 1985). The standard for a 12(b)(3) motion is identical. The trial court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Shneider Nat'l Inc., 362 F.3d 1133, 1138-40 (9th Cir. 2004).

Additionally, this case implicates the heightened pleading standard of Rule 9(b). "It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to stat a claim." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). "Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequences as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner." Id.

/

/

/

B.  Whether Plaintiff May Assert Common Law Claims For Violations Of Statutory Rights

Defendant contends that Plaintiff may not recover at common law for alleged violations of his statutory rights to overtime pay and the minimum wage. As Defendant correctly points out, the FAC's fraud and negligent misrepresentation counts are essentially statutory overtime claims repackaged in common law garb. The alleged misrepresentation is that Defendant knew that Plaintiff was legally entitled to statutory overtime pay, but failed to disclose that entitlement to Plaintiff.[2] The FAC states, "[a]s a direct result of the [fraudulent] assertions and concealment by Defendants, and Plaintiffs have earned, but have not been paid, overtime wages plus interest thereon, according to proof." (FAC ¶ 61.) Similarly, the FAC's claim for breach of the covenant of good faith and fair dealing is derivative of its statutory causes of action. The breach of covenant count states that "Defendant's denial of overtime wages and minimum wages was

---

[2] The relevant part of the FAC states:
> Plaintiffs allege that Defendant have known Plaintiffs' Class . . . could not be ordered and/or permitted to work beyond the normal ending time of a shift without receiving premium pay for the time of the shift extension.
> Specifically, as to sales persons at Micro Center:
>   a. Defendants regularly observed, encouraged, and/or required Plaintiffs' Class to perform non-exempt work; and
>   b. Defendants knew that the Plaintiffs' Class regularly spent much of their work time performing non-exempt duties.
> Despite having this knowledge, Defendants suppressed the facts and did not disclose them to Plaintiffs' Class, while having a legal duty under the Labor Code and the applicable IWC Wage Orders to disclose same to Platinffs' Class.

(FAC ¶¶ 52-54.)

6

wrongful, in bad faith, and unfair, and therefore was a violation of Plaintiff's legal duties. Plaintiff allege that Defendants breached the covenant of good faith and fair dealing as alleged herein . . ." (FAC ¶ 41-42.) There is no doubt that a worker's entitlement to overtime pay and the minimum wage is a right created by federal and state statutes rather by operation of the common law. The issue is, in addition to his statutory remedies, whether Plaintiff may recover at common law for violations of statutory rights created by the FLSA and the California Labor Code. The question is essentially one of legislative intent – whether the legislature intended for common law actions to vindicate the statutory rights it created.

1. *California Labor Code*

Under California's exclusive remedy doctrine, "where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive." Rojo v. Kliger, 52 Cal. 3d 65, 79 (1990). On the other hand, "where a statutory remedy is provided for a pre-existing common law right, the newer remedy is generally considered to be cumulative, and the older remedy may be pursued at Plaintiff's election." Id. In this case, because overtime pay and the minimum wage are rights created by the California Legislature and did not exist at common law, the statutory remedy is exclusive of common law remedies. Plaintiff argues that the exclusive remedy doctrine does not apply because remedies for fraud, negligent misrepresentation, and breach of covenant existed at common law. The argument is without merit. The loss Plaintiff allegedly suffered as a result of Defendant's deception was the statutory overtime pay he

would have collected had him been told about his rights. Likewise, the damage allegedly caused by Defendant's breach of the covenant of good faith and fair dealing was the statutory wages Plaintiff would have been paid if not for Defendant's bad faith conduct. Plaintiff does not, and cannot, argue that some type of common law action for overtime pay and the minimum wage predated the enactment of the wage and hour provisions of the California Labor Code. Dismissal is warranted under the exclusive remedy doctrine.

2.  *Plaintiff's Federal Statutory Rights*

Plaintiff's common law claims also duplicate statutory remedies provided by the FLSA. Plaintiff relies on Williamson v. General Dynamics Corp., 208 F.3d 1144 (9th Cir. 2000), to argue that federal overtime and minimum wage entitlements can be recovered at common law. In Williamson, the plaintiffs were employees who planned to join a class action settlement that arose from litigation over General Dynamics' alleged failure to pay overtime wages. They ultimately decided not to participate in the settlement due to management representations that their participation in the lawsuit would amount to "career suicide," and that they still had "viable careers" with the company if they chose not to participate. However, at the time these representations were made, management had already decided to shut down the business unit where the plaintiffs were employed. After the shutdown, plaintiffs sued on a theory of "career fraud," alleging that they would have participated in the settlement if not for the defendant's false representations that they had viable careers. Id. at 1147-49. The precise question before the Ninth Circuit was whether the plaintiff's common law career fraud claim was preempted for

conflict with the FLSA. The court held that conflict preemption did not apply, because the "[the defendant's] allegedly fraudulent conduct was not covered by a FLSA provision." Id. at 1153. Since the plaintiffs could not recover for career fraud under the FLSA, the common law claim was independent from and did not conflict with the FLSA. However, the Ninth Circuit also unequivocally stated: "Claims that are directly covered by the FLSA (such as overtime and retaliation disputed) *must* be brought under the FLSA." Id. at 1154 (emphasis added).

Plaintiff's common law claims are easily distinguished from the career fraud claim in Williamson. Even though the settlement in Williamson arose from alleged violations of the FLSA, under their theory of career fraud, the plaintiffs did not have to prove a FLSA violation. All the plaintiffs had to prove was that they were eligible to participate in the settlement, and that they were fraudulently induced not to do so. In contrast, for Gilles to prevail on his common law claims, he will have to prove that Defendant actually violated the FLSA. After all, unless he was actually entitled to overtime pay, he cannot recover for any false representation regarding his entitlement to overtime pay. In effect, his common law claims seek to recover directly for FLSA violations. Under the Ninth Circuit's teaching that claims directly covered by the FLSA must be brought under the FLSA, id. at 1154, Plaintiff's common law claims should be dismissed.

This district has reached the same result with regard to common law negligence claims brought for violations of wage and hour statutes. In Flores v. Albertson's, Inc., 2003 WL 24216269 (C.D. Cal. 2003), the plaintiffs - janitors employed by a subcontractor to clean

9

1  stores owned by Albertson's supermarket chain - alleged that the
2  defendants negligently permitted violations of FLSA's wage and hour
3  provisions. The court ruled that "to allow Plaintiffs' negligence
4  claims to proceed, which are nothing more than additional legal
5  theories to recover damages stemming from the alleged wage and hour
6  claims, would upset the balance established by Congress in enacting
7  the statute." Id. at *5. Likewise, in Petras v. Johnson, 1993 WL
8  228014 (S.D.N.Y.), the court dismissed a common law fraud claim
9  alleging that the defendant falsely represented plaintiff's
10 entitlement to overtime pay.
11     Accordingly, the Court will dismiss Plaintiff's claims of fraud,
12 negligent misrepresentation, and breach of the covenant of good faith
13 and fair dealing. Because the Court finds that statutory remedies are
14 exclusive of these common theories, dismissal shall be with prejudice.
15
16     3.  Employment Fraud
17     Plaintiff argues that, even if the common law wage and hour
18 claims are barred, Plaintiff still has a claim for employment fraud
19 that is not derivative of statutory rights. Plaintiff contends that
20 the FAC makes an allegation that Defendant misrepresented the nature
21 of Plaintiff's job responsibilities, independently of any
22 misrepresentations regarding overtime pay.
23     However, the FAC does not fact seek recovery for
24 misrepresentation of job responsibilities. The relevant parts of the
25 FAC states:
26     Defendants, through hiring interviews, meetings, inter-
27     office memos . . . have continuously represented to
28     Plaintiffs' class that they can be required to work hours

10

1 | outside of their regular shift, with no proper overtime
2 | compensation.
3 |     *One of such representations* was made on or about March
4 | 27, 2005. On or about March 27, 2005, Defendants, through
5 | their agent, represented to Plaintiff Giles in writing, a
6 | copy of which is attached hereto as Exhibit A, that he would
7 | be employed as a Sales Associate. No where in the writing
8 | did Defendants inform Plaintiff Gilles that he would be
9 | required to do the non-sales, manual labor work a
10 | significant portion of the time during the business hours.
11 | Defendants require (and require at all relevant times)
12 | Plaintiff Giles and others similarly situated to perform
13 | said manual labor in suit and tie, before the store opens,
14 | during the business hours, and after the store closes.
15 | Plaintiff Gilles and other similarly situated were in effect
16 | defrauded into working two distinct jobs; a Sales Associate
17 | and a Stocking Clerk.
18 | (FAC ¶¶ 55-56) (emphasis added). Read in context, it is clear that
19 | the FAC introduced the Employment Agreement merely as an example of a
20 | misrepresentation of overtime pay. Moreover, the FAC has not alleged
21 | damages that flowed from the misrepresentation of Plaintiff's
22 | responsibilities, separately from the denial of overtime pay. In any
23 | event, as discussed below, even if the Court assumes that the FAC did
24 | seek recovery for employment fraud, dismissal is warranted because the
25 | FAC has not pleaded fraud with particularity as required by Rule 9(b).
26 | /
27 | /
28 | /

### C. Rule 9(b)

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with <u>particularity</u>. Malice, intent, knowledge, and other conditions of mind of a person maybe averred generally." Fed. R. Civ. P. 9(b) (emphasis added). The complaint must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." <u>Vess</u>, 317 F.3d at 1106 (citation omitted). It should describe "the who, what, when, where, and how" of the alleged misconduct. <u>Id.</u> (citation omitted). As the Ninth Circuit has explained,

> a plaintiff must set forth <u>more</u> than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.

<u>In re GlenFed, Inc. Securities Litigation</u>, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc) (superceded on other grounds by the Private Securities Litigation Reform Act, 18 U.S.C. § 78u-4 (1995)).[3]

In this case, the FAC has failed to adequately allege the "how" of fraud. The only specific instance of fraud the FAC has identified

---

[3] <u>GlenFed</u> has been superceded by the Private Securities Litigation Reform Act ("PLSRA"), 18 U.S.C. § 78u-4, to the extent it held that a federal securities fraud claim need only make a conclusory allegation of scienter to survive a motion to dismiss. <u>See</u> <u>Marksman Partners, L.P.</u> v. <u>Chantal Pharmaceutical Corp.</u>, 927 F. Supp. 1297, 1309 (C.D. Cal. 1996). This case does not implicate federal securities laws, so <u>GlenFed</u> is still good law for purposes of this Motion.

1  is the Employment Agreement dated March 27, 2005, and attached to the
2  pleading. The Agreement identified Plaintiff's position as "Sales
3  Associate," set his compensation at $4.00 per hour plus 2.00%
4  commissions and benefits, established the employment relationship as
5  at-will, and contains miscellaneous provisions regarding non-
6  competition, employee's duty of care, waiver, severability, choice of
7  law, and amendment procedures.

8  Plaintiff's primary theory of fraud is that the Agreement made a
9  misleading omission by not informing Plaintiff of his entitlement to
10 overtime compensation. However, the Agreement is silent as to
11 Plaintiff's entitlement to overtime pay or exempt status. The
12 contents of the Agreement does not give rise to any inference, one way
13 or another, as to whether Plaintiff was entitled to overtime pay.
14 There is simply nothing in the Employment Agreement that was made
15 misleading by the alleged omission.

16 Alternatively, Plaintiff also argues that the Agreement
17 misrepresented his job responsibilities. The Employment Agreement did
18 not contain a job description, but simply used the term "Sales
19 Associate" to identify Plaintiff's position. In effect, Plaintiff
20 contends that the term "Sales Associate" was inherently misleading,
21 because he was required to spend part of his work hours organizing
22 inventory rather than selling electronics. But it is hardly
23 surprising that an employee who works in a retail establishment would
24 be required to restock shelves as part of his job. Under a common
25 sense understanding of sales positions in the retail business, there
26 is no reason to think that fraud was committed merely by using the
27 term "sales associate" to refer to a position that included some
28 responsibility for restocking shelves. The job title might be

considered misleading had Plaintiff alleged that he spent the majority of his time on inventory rather than on sales, but Plaintiff has not so alleged.

Plaintiff's pleading of fraud has already been dismissed once for failure to comply with Rule 9(b). All Plaintiff has added in the FAC is the Employment Agreement, which does not come close to supporting an inference of fraud. Due to Plaintiff's woefully inadequate showing with the FAC, the Court will not grant Plaintiff further leave to cure his pleading deficiencies.

### D. Negligent Misrepresentation

Lastly, Defendant correctly points out that an omission cannot give rise to a negligent misrepresentation claim. Byrum v. Brand, 219 Cal. App. 3d 926, 940 (1990). This constitutes yet another ground for dismissing the negligent misrepresentation claim.

## IV. MOTION TO STRIKE

Defendant has moved to strike, under Federal Rule of Civil Procedure 12(f), four alleged deficiencies in the FAC: (1) references to a nationwide class of plaintiffs for Plaintiff's California Labor Code claims; (2) use of the term "class action" in connection with the FLSA claims, even though only collective actions are permitted for FLSA claims, 29 U.S.C. § 216(b); (3) requests for punitive damages for the breach of the covenant of good faith and fair dealing; and (4) request for punitive damages with respect to the declaratory judgment cause of action. In the opposition brief, Plaintiff conceded all of Defendant's arguments and stipulated to exclude the challenged

language from the FAC.[4] Accordingly, the Court ORDERS stricken from the FAC all language that Plaintiff has stipulated to exclude.

## V. CONCLUSION

For the foregoing reasons, the Court DISMISSES WITH PREJUDICE the FAC's third (breach of covenant of good faith and fair dealing), fourth (fraud), and fifth (negligent misrepresentation) causes of action. The Court further ORDERS stricken from the FAC all language that Plaintiff had stipulated to exclude.

IT IS SO ORDERED.

DATED: 4/25/06

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff does make a procedural argument against the motion to strike: that the motion is barred because Rule 12(f) requires the motion to be filed prior to a responsive pleading. However, Defendant has yet to file an answer to the FAC. Thus, the motion has been timely filed.