# Exhibit B

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 07-518-VBF(VBKx)**                                    Dated: **April 13, 2007**

Title:   Justin Oprychal -v- New York Life Insurance Company, Inc., et al.

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Rita Sanchez                                   None Present
Courtroom Deputy                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:              ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                   None Present

PROCEEDINGS (IN CHAMBERS):   ORDER RE DEFENDANTS' MOTION TO STRIKE [FILED 2/12/07]

   Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 16, 2007 at 1:30 p.m. is hereby vacated and the matter taken off calendar. The status conference set for the same date is also taken off calendar. The Court will set and notice a scheduling conference.

   Defendant's Motion to Strike is **GRANTED** with respect to punitive damages, injunctive relief, and disgorgement, but is **DENIED** with respect to imposing a one-year statute of limitations on Plaintiff's third cause of action. A three-year statute of limitations may be applicable to that cause of action because Plaintiff alleged that he suffered actual damages.

ENTERED
CLERK, U.S. DISTRICT COURT
APR 16 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

MINUTES FORM 90
CIVIL - GEN                                    Initials of Deputy Clerk  rs

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

DISCUSSION:

1.  Punitive Damages.

Plaintiff's first, second, third, and fifth causes of action ask for punitive damages for violations of the California Labor Code. Defendant moves to strike these requests for punitive damages, arguing that punitive damages are not recoverable for violations of the Labor Code.

"When a statute recognizes a cause of action for a violation of a right, all forms of relief granted to civil litigants generally, including appropriate punitive damages, are available unless a contrary legislative intent appears. But when a new right, not existing at common law, is created by statute and a statutory remedy for the infringement thereof is provided, such remedy is exclusive of all others unless the statutory remedy is inadequate." *Turnbull & Turnbull v. ARA Transportation, Inc.*, 219 Cal. App.3d 811, 826-27 (Ct.App.Ca. 1990)(citations omitted). All of Plaintiff's causes of action in this removal case are brought under California statutory law; there are no tort claims. Thus the remedies provided by statute are exclusive, unless, as Plaintiff asserts, those remedies are inadequate.

Plaintiff asserts that the statutory remedies "may be" inadequate because they do not contain punitive or treble damages which would punish defendants for knowing and intentional violations of the statute and which would provide deterrence against future violations. (Plaintiff's Opposition 5.) But as Defendant points out, Plaintiff seeks penalties under Labor Code Sections 203 and 226. (*E.g.* Complaint pp. 12, 14, 16, 18 and 23). Section 203 provides that when an employer fails to pay wages to an employee who quits, "the wages of the employee shall continue *as a penalty* from the due date thereof at the same rate until paid or until an action therfor is commenged; but the wages shall not continue for more than 30 days." Cal. Labor Code 203 (emphasis added). Section 226 provides that employees harmed by a failure to provide itemized wage statements are "entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate *penalty* of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Labor Code 226 (emphasis added). Based on a reading of all the statutes applicable to Plaintiff's claims, including the statutes quoted here, the Court finds that the California Labor Code provides for penalties designed to punish unlawful actions and deter future violations of the statute. Moreover, the statutory remedies are not inadequate, they are exclusive, and they do not permit the recovery of punitive damages.

MINUTES FORM 90
CIVIL - GEN

Initials of Deputy Clerk ___rs___

Plaintiff asserts that under various California court decisions, Plaintiff should be permitted to "elect" between statutory and punitive provisions. But such an election of remedies is possible only when a plaintiff sues *both* under a tort and a statutory theory. *E.g., Marshall v. Brown,* 141 Cal. App. 3d 408 (1983). Here, Plaintiff has brought no tort claim, and so there is no alternative to the statutory recovery scheme. Finally, Plaintiff's reliance on *In re Jercich,* 238 F.3d 1202 (9th Cir. 2001) for the proposition that "a complicated scheme intended to deprive the employee of his or her statutory right to earn a proper wage... is punishable by punitive damages" is unavailing. As Defendant points out, that case did not turn on the exclusivity of any statutory remedies; it was a bankruptcy case discharging a prior court award for breach of contract.

Plaintiff's requests for punitive damages are completely without support in statutory or case law. Accordingly, the Court **GRANTS** Defendant's motion to strike Plaintiff's requests for punitive damages under its first, second, third, and fifth causes of action.

### 2. Plaintiff's Standing for Injunctive Relief.

Defendant also moves to strike Plaintiff's requests (recited in all Plaintiff's causes of action) for injunctive relief. Defendant argues that because Plaintiff "no longer has any type of relationship with Defendants and is therefore not personally impacted by Defendant's alleged conduct." (Def.'s Motion 8.) Plaintiff responds that he seeks to certify a class that would include former and current employees who do risk continuing harm. (Pl.'s Opp. 10.)

One of the standing requirements of Article III of the U.S. Constitution is that the injury to be redressed is actual and imminent and not merely speculative or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Moreover, "[t]he party purporting to represent the class must be able to prove actual injury to himself or herself. A claim of actual injury to other members of the class and potential injury to the representative is not sufficient." Schwarzer, *California Fed. Civ. Pro. Before Trial* 10:291 (The Rutter Group 2006)(citing *Lewis v. Casey,* 518 US 343 (1996). Plaintiff argues that because the California Unfair Competition Law provides specifically for injunctive remedies, Plaintiff is somehow exempted from the Article III standing requirement. (Pl.'s Opp. 10.) But as the Ninth Circuit held in *Hangarter v. Provident Life & Accident Insurance Co.,* the UCL does not override Article III's requirements: "Even if Cal. Bus. & Prof. Code § 17204 permits a plaintiff to pursue injunctive relief in California state courts as a private attorney general even though he or she currently suffers no individualized injury as a result of a defendant's conduct, a plaintiff whose cause of action [under § 17204] is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the

requisite injury to establish Article III standing." 373 F.3d 998, 1022 (citations and internal quotes omitted).

Because Plaintiff has no relationship with Defendant that would give rise to an actual and imminent threat of harm, injunctive relief is insupportable as a matter of law. Accordingly, the Court GRANTS Defendant's motion to strike Plaintiff's request for injunctive relief.

### 3. Disgorgement Under the California Unfair Competition Law.

Plaintiff's sixth and seventh causes of action allege violations of the UCL and ask for disgorgement of profits as a remedy. "The California Supreme Court has held that, while *restitutionary* disgorgement may be an available remedy under the UCL, *nonrestitutionary* disgorgement is *not* available in a UCL individual action or in a UCL *representative* action (i.e., an action by an individual plaintiff on behalf of others without being certified as a class action)." *Madrid v. Perot Systems Corp*, 130 Cal.App.4th 440 (Cal. App. 3d Dist.)(quoting *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal 4th 163, 176 (2000)). Plaintiff seeks restitution and disgorgement separately. (Comp. 23.) As Plaintiff is not entitled to receive disgorged profits over and above the amount of restitution, the Court GRANTS Defendant's motion to strike Plaintiff's request for disgorgement.

### 4. The Applicable Statute of Limitations.

Plaintiff's third cause of action is for the failure to provide employees with itemized wage statements pursuant to Labor Code Section 226. (Compl. 15-17.) Defendant argues that because Plaintiff asks for "penalties" under section 226, this claim is subject to the one-year statue of limitations applicable to "an action upon a statute for penalty or forfeiture..." Cal. Code of Civil Procedure 340(a). Plaintiff responds that this cause of action seeks not "a penalty or forfeiture" but for damages. As a result, the appropriate statute of limitations is provided in Cal. Code of Civil Procedure section 338, which is applicable to claims "created by statute, other than a penalty or forfeiture."

Section 226 of the Labor Code, upon which Plaintiff's third cause of action is based, contains its own enforcement provision in subsection (e).

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of *all actual damages* or fifty dollars ($50) for the initial pay period in which a violation occurs and one

hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

Cal. Labor Code Section 226(e)(emphasis added).

Section 226(e) plainly provides for two alternate forms of recovery: actual damages, or a statutory penalty. Plaintiff has alleged that it suffered actual damages as a result of Defendant's violation of Section 226. (Complaint 16.) As a result, the Court cannot find that there is no set of facts under which Plaintiff could possibly be entitled to actual damages under section 226(e). Accordingly, the Court **DENIES** Defendant's Motion to Strike with respect to the statute of limitations.

### 5. Answer

The Defendant is order to file and serve its answer within 30 days.

This order shall be faxed to counsel.

**IT IS SO ORDERED.**