1   **MARLIN & SALTZMAN**
    STANLEY D. SALTZMAN, ESQ. [SBN: 90058]
2   LOUIS M. MARLIN, ESQ. [SBN: 54053]
    29229 Canwood Street, Suite 208
3   Agoura Hills, California 91301-1555
    (818) 991-8080   Fax: (818) 991-8081
4
5   **SCHWARTZ, DANIELS & BRADLEY**
    MARCUS J. BRADLEY, ESQ. [SBN: 174156]
    29229 Canwood Street, Suite 208
6   Agoura Hills, California 91301-1555
    (310) 478-5838   Fax: (310) 478-1232
7
8   **LAW OFFICES OF PETER M. HART**
    PETER M. HART, ESQ. [SBN: 198691]
    13952 Bora Bora Way, F-320
9   Marina Del Rey, California  90292

10  Attorneys for Plaintiff, OLGA ORTMANN, and the Proposed
    Class
11

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14

15  OLGA ORTMANN, as an individual          **Case No. CV-02506-WHA**
    and on behalf of all others similarly
16  situated,                               **CLASS ACTION**

17              Plaintiff,                   **Hon. William A. Alsup**

18         vs.                              **Action Removed:  May 10, 2007**

19  NEW YORK LIFE INSURANCE             **STIPULATION AND [PROPOSED]**
    COMPANY, a corporation; NEW         **ORDER FOR DISMISSAL**
20  YORK LIFE INSURANCE AND
    ANNUITY CORPORATION, a
21  corporation; and DOES 1
    THROUGH 20, inclusive,
22
                Defendants.
23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
1-LA/946313.2

## STIPULATION

WHEREAS, on March 26, 2007 this action commenced when Plaintiff Olga Ortmann ("Plaintiff") instituted a civil action in the Superior Court of the State of California for the County of Alameda against Defendants New York Life Insurance Company and New York Insurance and Annuity Corporation (collectively "Defendants");

WHEREAS, on May 10, 2007, Defendants filed a Notice of Removal of Action to the United States District Court for the Northern District of California;

WHEREAS, on May 24, 2007, Defendants filed a Motion to Stay, Transfer or in the Alternative, Dismiss Pursuant to the First-To-File Rule. The Motion was brought on the grounds that a first-filed action was pending in the United States District Court for the Central District of California;

WHEREAS, that action, *Opyrchal v. New York Life Insurance Company, Inc., New York Life and Health Insurance Company, Inc., and New York Life Insurance and Annuity Corporation*, Case No. CV-07-518-VBF (VBKx) (the "Opyrchal Action") includes claims identical to those asserted by Plaintiff in the present action;

WHEREAS, the Parties agree that the matter of *Ortmann v. New York Life Insurance Company, Inc., and New York Life Insurance and Annuity Corporation*, should be dismissed without prejudice and that Plaintiff will be added as a named plaintiff in the Opyrchal Action. The filing of the Amended Complaint, attached hereto, in the United States District Court for the Central District of California has been stipulated to by the parties so as to include the claims of Olga Ortmann in the Opyrchal Action.

NOW, THEREFORE, the Parties hereby stipulate and agree to the following and ask that the Court approve this stipulation as an Order of the Court:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/946313.2

1.    That the Court order the matter of *Ortmann v. New York Life Insurance Company, Inc., and New York Life Insurance and Annuity Corporation,* Case No. CV-02506-WHA, dismissed without prejudice.

Dated: June 28, 2007

MARLIN & SALTZMAN
SCHWARTZ, DANIELS & BRADLEY
LAW OFFICES OF PETER M. HART

By _____
    Marcus J. Bradley, Esq.
    Attorneys for Plaintiff

Dated: June 28, 2007

MORGAN, LEWIS & BOCKIUS, LLP

By _____
    Jill Porcaro, Esq.
    Attorneys for Defendants

1    GOOD CAUSE APPEARING, IT IS SO ORDERED that the case *Ortmann*

2 *v. New York Life Insurance Company, inc., and New York Life Insurance and*

3 *Annuity Corporation*, Case No. CV-02406-WHA is dismissed without prejudice.

4

5    Dated:_____    _____

6                                   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A. Mark Pope, Esq. (Cal. State Bar No. 77798)
Harvey C. Berger, Esq. (Cal. State Bar No. 102973)
Aaron A. Hayes, Esq. (Cal. State Bar No. 236122)
**POPE, BERGER & WILLIAMS, LLP**
550 West "C" Street, Suite 1400
San Diego, California 92101
Telephone: (619) 595-1366
Facsimile: (619) 236-9677

Douglas J. Campion, Esq. (Cal. State Bar No. 75381)
**LAW OFFICES OF DOUGLAS J. CAMPION**
411 Camino Del Rio South, Suite 301
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

\* Additional Plaintiffs' Counsel on Following Page

Attorneys for Named Plaintiffs OLGA ORTMANN and JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA ORTMANN and JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California,<br><br>    Plaintiffs,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY, INC., a New York corporation; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., a Delaware corporation; and DOES 1 through 100 inclusive,<br><br>    Defendants. | Case No. CV 07-518-VBF (VBKx)<br>CLASS ACTION<br><br>Hon. Valerie Baker Fairbank<br><br>Action Removed: January 23, 2007<br><br>**PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>*Demand for Jury Trial* |

- 1 -

1

<u>Additional Plaintiffs' Counsel</u>

2

Stanley D. Saltzman, Esq. (Cal. State Bar No. 90058)
Louis N. Marlin, Esq. (Cal. State Bar No. 54053)

3

Christina M. Humphrey, Esq. (Cal. State Bar No. 226326)
**MARLIN & SALTZMAN**

4

3200 El Camino Real, Suite 100
Irvine, California 92602

5

Telephone: (714) 669-4900
Facsimile: (714) 669-4750

6

7

Marcus Bradley, Esq. (Cal. State Bar No. 174156)
SCHWARTZ, DANIELS & BRADLEY

8

29229 Canwood Street, Suite 208
Agoura Hills, California 91301

9

Telephone: (310) 478-5838
Facsimile:   (310) 478-1232

10

Peter M. Hart, Esq. (Cal. State Bar No. 198691)
LAW OFFICES OF PETER M. HART

11

13952 Bora Bora Way, Suite F-320
Marina Del Rey, California 90292

12

Telephone: (310) 478-5789
Facsimile: (509) 561-6441

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT CV 07-518-VBF(VBKx)

Named Plaintiffs OLGA ORTMANN and JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California (hereinafter, collectively referred to as "Plaintiffs"), allege as follows:

## I. JURISDICTIONAL AND VENUE ALLEGATIONS

1.      Plaintiffs are informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE COMPANY, INC., is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of New York, with its headquarters and/or principal place of business in New York, New York. Plaintiffs are further informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE COMPANY, INC., is, and at all times relevant hereto was, a foreign corporation qualified to transact and conduct business in the State of California, and that at all times relevant hereto did, and still does, transact and conduct business throughout the State of California, including but not limited to the Counties  of Alameda and Los Angeles, where Named Plaintiffs ORTMANN and OPYRCHAL respectively performed work for Defendants. Plaintiffs are further informed and believe, and thereon allege that  Defendant NEW YORK LIFE INSURANCE COMPANY, INC., does, and at all times relevant hereto has, sold insurance policies to consumers throughout the State of California and operated offices within the State of California where Plaintiffs have worked. Defendant NEW YORK LIFE INSURANCE COMPANY, INC., is thus alleged to be one of Plaintiffs' "employers" as it relates to the claims in this lawsuit.

2.      Plaintiffs are informed and believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its headquarters and/or principle place of business in Dallas, Texas.  Plaintiffs are further informed and

- 3 -

1  believe, and thereon allege that Defendant NEW YORK LIFE INSURANCE

2  AND ANNUITY CORPORATION, INC., is, and at all times relevant hereto was,

3  a foreign corporation qualified to transact and conduct business in the State of

4  California, and that at all times relevant hereto did, and still does, transact and

5  conduct business throughout the State of California, including but not limited to

6  the County of San Diego. Plaintiffs are further informed and believe, and thereon

7  allege that Defendant NEW YORK LIFE INSURANCE AND ANNUITY

8  CORPORATION, INC., does, and at all times relevant hereto has, sold insurance

9  policies to consumers throughout the State of California and operated offices

10  within the State of California where Plaintiffs have worked. Defendant NEW

11  YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., is thus

12  alleged to be one of Plaintiffs' "employers" as it relates to the claims in this

13  lawsuit.

14      3.      Therefore, Plaintiffs are informed and believe, and thereon allege that

15  Defendants NEW YORK LIFE INSURANCE COMPANY, INC., and NEW

16  YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., and DOES

17  1-100 (hereinafter, collectively referred to as "Defendants") are each subject to the

18  jurisdiction of the State of California, and specifically may be sued on the causes

19  of action herein in the County of Los Angeles. Plaintiffs are further informed and

20  believe, and thereon allege that this Court is the proper Court, and this action is

21  properly filed in the County of Los Angeles, because: for part or all of the "Class

22  Period" that Plaintiffs will seek certification of in this case, some or all of

23  Defendants' and/or DOES 1 through 100's obligations and liabilities to Plaintiffs

24  arose in the State of California, and within the County of Los Angeles; for part or

25  all of the Class Period that Plaintiffs will seek certification of in this case,

26  Defendants and/or DOES 1 through 100 maintained offices and transacted

27  business in the State of California, and within the County of Los Angeles; and for

28  part or all of the Class Period that Plaintiffs will seek certification of in this case,

1  work was performed by Plaintiffs and made the subject of this action in the State

2  of California, and within the County of Los Angeles.

3  ## II. FACTUAL ALLEGATIONS

4      4.     Plaintiffs hereby reallege, and incorporate by reference in this Section

5  as though set forth fully herein, the allegations contained in Paragraphs 1 through

6  3, above.

7      5.     Plaintiffs bring this employment Class Action against Defendants to

8  recover for their wage claims, including:  unpaid wages and wage benefits;

9  violations of minimum wage, unreimbursed business expenses; statutory penalties;

10  waiting time penalties; restitution related to Defendants' unlawful and unfair

11  business practices arising from the Plaintiffs' wage and business expense claims;

12  interest, attorneys' fees, costs and expenses; and nominal and compensatory

13  damages.  Plaintiffs reserve the right to name additional potential Class

14  Representatives.

15      6.     Plaintiffs are informed and believe, and thereon allege that

16  Defendants' primary business activity in the State of California is as an insurance

17  company selling insurance policies and financial products to consumers using

18  Plaintiffs, employed as agents, through offices in the State of California.

19  Principally, Defendants market and sell insurance policies to their customers and

20  through agents.  Therefore, for Plaintiffs' wage and expense reimbursement claims

21  as alleged herein, Defendants are obligated to comply with certain portions of the

22  California Industrial Welfare Commission Wage Order No. 4-2001, originally and

23  as amended.  Further, for Plaintiffs' wage claims and expense reimbursement

24  claims as alleged herein, Defendants are obligated to comply with applicable

25  provisions of the California Labor Code.

26      7.     Plaintiffs are informed and believe, and thereon allege that Named

27  Plaintiffs OLGA ORTMANN and JUSTIN OPYRCHAL were employed by

28  Defendants in the State of California within the four (4) years before the filing of

this Complaint as an "Agent" for Defendants. Plaintiffs generally are current and former employees of Defendants throughout the State of California, who have been employed by Defendants in the State of California within the four (4) years before the filing of this Complaint – and continuing to trial or until an appropriate ending date for a Class Period – as Agents for Defendants (and/or in similar positions and/or with similar job titles, duties, and responsibilities) working under a "TSA Plan Agreement" which defines them as employees of Defendants.

8.    Plaintiffs are informed and believe, and thereon allege that as Agents for Defendants (and/or in similar positions and/or with similar job titles, duties, and responsibilities), Plaintiffs do work and have worked for Defendants throughout the State of California within the four (4) years before the filing of this Complaint, to conduct and transact Defendants' insurance and financial products business. Specifically, Agents act as salespersons to Defendants' customers and potential customers. Agents are based out of one of Defendants' offices in cities throughout California. The job requirements of all Agents are the same or substantially similar, and they are principally to sell Defendant's insurance policies or other financial products. Named Plaintiffs OLGA ORTMANN and JUSTIN OPYRCHAL were employed by Defendants in the State of California within the four (4) years before the filing of this Complaint as an Agent for Defendants.

9.    Plaintiffs are informed and believe, and thereon allege that all Agents are typically required to attend a mandatory three-month training class at the beginning of their employment, in which they attend class for eight hours per day, three days per week. After the initial three month training period, Plaintiffs are required to attend training for eight hours per day, two days per week.  While the Agents are engaged in and attending such orientation training classes, Agents are not engaged in any activities directly related to marketing or selling policies or products to Defendants' customers; such training classes are, however, intended to

PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT CV 07-518-VBF(VBKx)

educate and train Agents how to act as salespeople to sell the products and policies marketed by Defendants. Plaintiffs end up without any payment for the time spent in training classes, and/or with payment less than the legal minimum wage.

10.    Plaintiffs are informed and believe, and thereon allege that during the first three years of performing work for Defendants, Agents are employed pursuant to a written contract, the TSA Plan Agreement, which declares that Plaintiffs are employees of Defendants, and that they must devote their "entire time to the business of this employment."

11.    Plaintiffs are informed and believe, and thereon allege that during their course of the first three years of their employment with Defendants, Agents are unlawfully not paid all earned wages as required by California law, are not provided itemized paychecks as required by California law, are not guaranteed payment of minimum wage as required by California law, and are not reimbursed for business expenses as required by California law and/or are improperly charged for business expenses in contravention of California law.  Therefore, Plaintiffs have been, for a period of time within the four (4) years before the filing of this Complaint, improperly deprived of wages and benefits of employment as described herein.

12.    Plaintiffs are informed and believe, and thereon allege, that at all relevant times herein, DOES 1 - 50, are individuals who are/were citizens and residents of the State of California.  Plaintiffs are further informed and believe, and thereon allege, that at all relevant times herein DOES 1 - 50 owned, controlled, and/or managed the corporate affairs of Defendants and other of the DOE Defendant business entities, and/or directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiffs, and/or engaged in fraudulent and/or tortious activity to the detriment of Plaintiffs. As such, DOES 1 - 50 are "employers" as a matter of law for purposes of imposing personal liability for the Labor Code violations alleged herein, pursuant to

1  California wage and hour laws.

2      13.    Plaintiffs are informed and believe, and thereon allege that
3  Defendants DOES 1 - 100 are, and at all times relevant hereto were, persons,
4  corporations or other business entities, and are/were qualified to transact and
5  conduct business in the State of California, and did and do transact and conduct
6  business in the State of California, and are thus subject to the jurisdiction of the
7  State of California.  Specifically, DOES 1 - 100 maintain offices, operate
8  businesses, employ persons, conduct business in, and illegally pay employees by
9  illegal payroll practices and policies described herein, throughout the State of
10  California.

11      14.    Plaintiffs are informed and believe, and thereon allege that at all
12  relevant times herein DOES 1 - 100 are/were the officers, owners, executives,
13  directors, partners, or shareholders of Defendants and of one another, who were
14  acting on behalf of Defendants and each other in the establishment of, ratification
15  of, and/or execution of the illegal payroll practices and policies described herein.
16  Plaintiffs are further informed and believe, and thereon allege that at all times
17  relevant hereto DOES 1 - 100 have held ownership, officer, director and/or
18  executive positions with Defendants and with one another, which included
19  decision-making responsibility for, and establishment and execution of, illegal
20  payroll practices and policies for Defendants and each other, and Defendants and
21  DOES 1 - 100 are, therefore, liable on the causes of action alleged herein pursuant
22  to California wage and hour laws.  Plaintiffs are further informed and believe and
23  thereon allege that Defendants and DOES 1 - 100 are Plaintiffs' joint employers
24  by virtue of a joint enterprise; Plaintiffs perform, and have performed, services for
25  each and every of Defendants, and to the mutual benefit of all Defendants, and all
26  Defendants share control of Plaintiffs as employees, either directly or indirectly,
27  and the manner in which Defendants' business is conducted.

28      15.    Plaintiffs are informed and believe and thereon allege that there exists

- 8 -

1  such a unity of interest and ownership between and among all Defendants that the

2  individuality and separateness of those Defendants have ceased to exist.  The

3  business affairs of Defendants are, and at all times relevant hereto were, so mixed

4  and intermingled that the same cannot reasonably be segregated, and the same are

5  in inextricable confusion.  Defendants are, and at all times relevant hereto were,

6  used by DOES 1 - 100 as a mere shell and conduit for the conduct of certain of

7  Defendants' affairs.  The recognition of the separate existence of Defendants

8  would not promote justice, in that it would permit Defendants to insulate

9  themselves from liability to Plaintiffs.  Accordingly, Defendants and DOES 1 -

10 100 constitute the alter egos of each other, and the fiction of their separate

11 existence must be disregarded at law and in equity, because such disregard is

12 necessary to avoid fraud and injustice to Plaintiffs herein.

13      16.    Plaintiffs are informed and believe and thereon allege (unless

14 otherwise alleged in this Complaint), that at all relevant times herein, Defendants

15 and DOES 1 - 100 were the agents, employees and/or servants, masters or

16 employers of each other and of the remaining DOES 1 - 100, and in doing the

17 things herein alleged, were acting within the course and scope of such agency or

18 employment, and with the approval and ratification of each of the other

19 Defendants.

20      17.    Plaintiffs are informed and believe and thereon allege that each and

21 every one of the acts and omissions alleged herein were performed by, and/or

22 attributable to, all Defendants, each acting as agents and/or employees, and/or

23 under the direction and control of each of the other Defendants, and that said acts

24 and failures to act were within the course and scope of said agency, employment

25 and/or direction and control, and were committed willfully, maliciously,

26 oppressively, and fraudulently.

27      18.    The true names and capacities, whether individual, corporate,

28 associate, or otherwise, of DOES 1 - 100, inclusive, are unknown to Plaintiffs,

- 9 -

1  who therefore sue the DOE Defendants by fictitious names.  Plaintiffs will amend

2  this Complaint to show their true names and capacities when they have been

3  ascertained.

4        19.    At all relevant times alleged herein Plaintiffs were employed by

5  Defendants under a written employment agreement, the TSA Plan Agreement. In

6  perpetrating the acts and omissions alleged herein, Defendants, and each of them,

7  acted pursuant to and in furtherance of a policy and practice of not paying

8  Plaintiffs wages owed for certain work performed, of not reimbursing Plaintiffs'

9  business expenses and/or improperly charging Plaintiffs for business expenses, of

10  not providing Plaintiffs with properly itemized wage statements, and of failing to

11  pay Plaintiffs all wages owed at the time of termination, all in violation of certain

12  provisions of the California Industrial Welfare Commission Wage Order No.4-

13  2001, originally and as amended, and certain provisions of the California Labor

14  Code, as described herein, and in violation of the California Business and

15  Professions Code, sections 17200, *et. seq*.

16        20.    As a direct and proximate result of the unlawful actions of

17  Defendants, Plaintiffs have suffered and continue to suffer from loss of wages,

18  expenses, and earnings in amounts as yet unascertained, but subject to proof at

19  trial.

20                    **III.  CLASS ACTION ALLEGATIONS**

21        21.    Plaintiffs hereby reallege, and incorporate by reference in this Section

22  as though set forth fully herein, the allegations contained in Paragraphs 1 through

23  20, above.

24        22.    This action is appropriately suited for a Class Action because:

25              a.    The potential class is a significant number because

26                    Plaintiffs are informed and believe, and thereon allege, that

27                    within the past four (4) years Defendants employed, at any one

28                    time, hundreds of Agents throughout the State of California,

- 10 -

1    believed to be well in excess of five hundred (500) employees.

2    There also are numerous former employees who were subjected

3    to the same or similar illegal payroll practices and policies.

4    Joinder of all current and former employees individually would

5    be impractical;

6         b.    This action involves common questions of law and fact

7    to the potential class because the action focuses on the

8    Defendants' systematic course of illegal payroll practices and

9    policies throughout the State of California, which was applied

10   to all Agents and others similarly situated in violation of the

11   California Industrial Welfare Commission Wage Order No. 4-

12   2001, originally and as amended, the California Labor Code,

13   and the California Business and Professions Code (which

14   prohibits unfair and unlawful business practices arising from

15   such violations).

16        c.    The claims of the Named Plaintiffs (and as yet other

17   unnamed Class Representatives) are typical of the class

18   because Defendants subjected all of their Agents to similar

19   and/or identical violations of the  California Industrial Welfare

20   Commission Wage Order No. 4-2001, originally and as

21   amended, the California Labor Code, and the California

22   Business and Professions Code (which prohibits unfair and

23   unlawful business practices arising from such violations), and

24   because all members of the class were employed pursuant to

25   the same (or similar) TSA Plan Agreement.

26        d.    The Named Plaintiffs (and as yet other unnamed Class

27   Representatives) is able to fairly and adequately protect the

28   interests of all members of the class because it is in their best

- 11 -

PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT CV 07-518-VBF(VBKx)

1  interests to prosecute the claims alleged herein to obtain full

2  compensation due to them for all services rendered and hours

3  worked.

4  23.    This suit seeks only recovery for economic injury on behalf of all

5  Class Members and it expressly is not intended to request any recovery for

6  personal injury and claims related thereto.  Plaintiffs reserve the right to expand

7  the Class definitions, and add Subclass definitions as necessary,  to seek recovery

8  on behalf of additional persons as warranted as facts are learned in further

9  investigation and discovery.

10  24.    The joinder of the Class Members is impractical and the disposition

11  of their claims in the class action will provide substantial benefits both to the

12  parties and to the court.  The Class Members can be easily identified through

13  Defendants' records.

14  25.    Named Plaintiffs ORTMANN and OPYRCHAL will fairly and

15  adequately represent and protect the interests of the Class in that he has no

16  interests antagonistic to the Class.   Plaintiffs have retained counsel competent and

17  experienced in the prosecution of class action litigation.

18  26.    Plaintiffs and the members of the Class have all suffered irreparable

19  harm as a result of the defendants' unlawful and wrongful conduct.  Absent a class

20  action, the Class and Subclass members will continue to suffer losses and the

21  potential for irreparable harm.  In addition, these violations of law will be allowed

22  to proceed without remedy and the Defendants will likely retain the substantial

23  sums received as a result of their wrongdoing.  Because of the size of the

24  individual Class Members' claims, few, if any, Class Members could afford to seek

25  legal redress for the wrongs complained of herein.

26  **IV.  PLAINTIFFS' CAUSES OF ACTION**

27  27.    Plaintiffs hereby reallege, and incorporate by reference in this Section

28  as though set forth fully herein, the allegations contained in Paragraphs 1 through

- 12 -

1  26, above.

2  ## **FIRST CAUSE OF ACTION (COUNT ONE):**

3  ### **FAILURE TO PAY MINIMUM WAGE,**

4  ### **UNDER THE LAWS OF THE STATE OF CALIFORNIA,**

5  ### **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

6  ### **(By All Plaintiffs, Against All Defendants)**

7  28.    Plaintiffs hereby reallege, and incorporate by reference in this Cause

8  of Action as though set forth fully herein, the allegations contained in Paragraphs

9  1 through 27, above.  This cause of action is plead by all Plaintiffs, against all

10  Defendants.

11  29.    Within the three (3) years before the filing of this Complaint,

12  Defendants have employed Plaintiffs as Agents (and/or in similar positions and/or

13  with similar job titles, duties, and responsibilities) throughout the State of

14  California, to conduct and transact Defendants' insurance and financial products

15  business. Defendants have unlawfully denied Plaintiffs wages and other benefits

16  of employment, when as a matter of fact and law, Plaintiffs are Defendants'

17  "employees" pursuant to contract. As a result, Plaintiffs are, and have been,

18  entitled to the protections of the California Industrial Welfare Commission Wage

19  Order No. 4-2001, originally and as amended, and the California Labor Code, with

20  regard to the payment of minimum wages for hours worked during each Plaintiffs'

21  mandatory training period at the beginning of their employment, for that period of

22  time that they were required to be in class three (3) days per week. Classes during

23  these training periods are intended to educate and train Agents on how to act as

24  salespeople to sell the insurance policies and financial products marketed by

25  Defendants; however, during such training classes, Agents are not engaged in any

26  sales activities directly related to marketing or selling products and service to

27  Defendants' customers. Plaintiffs end up without any payment for the time spent

28  in training classes, and/or with payment less than the legal minimum wage.

PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT CV 07-518-VBF(VBKx)

1    30.    The benefits and protections of the California Industrial Welfare

2    Commission Wage Order No. 4-2001, originally and as amended, and the

3    California Labor Code, with regard to the payment of minimum wages for hours

4    worked during each Plaintiffs' mandatory training period at the beginning of their

5    employment (for the period that they are required to be in class three (3) days per

6    week), provide that for the three (3) years preceding the filing of this action,

7    Plaintiffs should have been paid minimum wages for all such hours worked,

8    because as employees during such mandatory training periods they were not and

9    are not subject to the exclusion of Labor Code section 1171 as outside

10    salespersons.

11    31.    In addition, Defendants have not paid Plaintiffs the minimum wage

12    for all hours worked during the period that they were in training for three (3) days

13    per week. In violation of state law, Defendants have refused to perform their

14    obligations to properly compensate Plaintiffs at the minimum wage for such hours

15    worked. As a direct and proximate result, Plaintiffs have suffered, and continue to

16    suffer, substantial losses related to the use and enjoyment of such monies, lost

17    interest on such wages, and expenses and attorneys' fees in seeking to compel

18    Defendants to fully perform their obligation under state law, all to their respective

19    damage in amounts according to proof at time of trial. As Defendants' conduct

20    described herein violates the provisions of the California Industrial Welfare

21    Commission Wage Order No. 4-2001, originally and as amended, and the

22    California Labor Code regarding the payment of minimum wages to employees,

23    Plaintiffs are thus entitled to recover all amounts for all such hours worked,

24    penalties pursuant to Labor Code section 203, liquidated damages, interest,

25    attorneys' fees, and court costs and expenses of suit, pursuant to Labor Code

26    sections 1194 and 1194.2, according to proof at time of trial. Plaintiffs are also

27    entitled to recover, in addition to or in lieu of some or all such wages and benefits,

28    nominal, actual and compensatory damages in amounts according to proof at time

1    of trial.

2        32.    WHEREFORE, Plaintiffs request relief as herein provided.

3                **SECOND CAUSE OF ACTION (COUNT TWO):**

4              **FAILURE TO INDEMNIFY AND REIMBURSE**

5                    **FOR BUSINESS EXPENSES,**

6            **AND UNLAWFUL DEDUCTIONS FROM WAGES,**

7          **UNDER THE LAWS OF THE STATE OF CALIFORNIA,**

8      **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

9              **(By All Plaintiffs, Against All Defendants)**

10       33.    Plaintiffs hereby reallege, and incorporate by reference in this Cause

11   of Action as though set forth fully herein, the allegations contained in Paragraphs

12   1 through 32, above.  This cause of action is plead by all Plaintiffs, against all

13   Defendants.

14       34.    Within the three (3) years before the filing of this Complaint,

15   Defendants have employed Plaintiffs as Agents (and/or in similar positions and/or

16   with similar job titles, duties, and responsibilities), pursuant to the TSA Plan

17   Agreement, throughout the State of California, to conduct and transact

18   Defendants' insurance and financial products business. Defendants have

19   unlawfully denied Plaintiffs wages and other benefits of employment, when as a

20   matter of fact and law, Agents are Defendants' employees pursuant to contract. As

21   a result, Plaintiffs are and have been entitled to the protections of the California

22   Labor Code, including but not limited to sections 2802, et al., with regard to

23   indemnification for expenditures and losses in discharge of their duties for

24   Defendants.  Furthermore, Defendants were not permitted to make deductions or

25   set-offs from Plaintiffs' earned wages for items including but not limited to

26   expenses incurred in the performance of their duties, accidents, and/or damages

27   caused while discharging their duties.  Pursuant to California Labor Code section

28   2804, Defendants cannot ask or require Plaintiffs to waive the benefits of

- 15 -

PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT CV 07-518-VBF(VBKx)

1    California Labor Code section 2802. The benefits and protections of such statutes

2    extend to Plaintiffs, even if they were and are otherwise subject to the exclusion of

3    Labor Code section 1171 as outside salespersons.

4       35.    Within the three (3) years before the filing of this Complaint, as

5    Agents (and/or in similar positions and/or with similar job titles, duties, and

6    responsibilities) employed pursuant to the TSA Plan Agreement throughout the

7    State of California, Plaintiffs have been required to, among other items: pay

8    monthly rent on a cubicle in Defendants' offices; pay monthly telephone service

9    charges for a phone line run into their cubicle; pay copy charge fees; and pay for

10   required, specialized software and technical support for that software as a monthly

11   charge. Defendants have also charged Plaintiffs a "commission administration fee"

12   for each policy on which Defendants paid Plaintiffs a commission. These unlawful

13   deductions and/or charges violate California Labor Code §§ 221, 223, 451 and/or

14   2802.

15      36.    In violation of state law, Defendants have refused to perform their

16   obligations to properly indemnify and reimburse Plaintiffs for such items, and

17   avoid making deductions or set-offs from Plaintiffs' earned wages. As a direct and

18   proximate result, Plaintiffs have suffered, and continue to suffer, substantial losses

19   related to the use and enjoyment of such monies, lost interest on such wages, and

20   expenses and attorneys' fees in seeking to compel Defendants to fully perform

21   their obligation under state law, all to their respective damage in amounts

22   according to proof at time of trial. As Defendants' conduct described herein

23   violates the provisions of the California Labor Code regarding indemnification,

24   reimbursement, and unlawful deductions from wages, Plaintiffs are thus entitled to

25   recover all amounts for all such expenses, penalties pursuant to Labor Code

26   section 203, interest, attorneys' fees, and court costs and expenses of suit, pursuant

27   to Labor Code sections 218.6 and 2802, according to proof at time of trial.

28   Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such

- 16 -

1 | expenses and benefits, nominal, actual and compensatory damages in amounts
2 | according to proof at time of trial.

3 |      37.    WHEREFORE, Plaintiffs request relief as herein provided.

4 | **THIRD CAUSE OF ACTION (COUNT THREE):**

5 | **FAILURE TO PROVIDE PROPERLY ITEMIZED WAGE STATEMENTS,**

6 | **UNDER THE LAWS OF THE STATE OF CALIFORNIA,**

7 | **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

8 | **(By All Plaintiffs, Against All Defendants)**

9 |     38.    Plaintiffs hereby reallege, and incorporate by reference in this Cause
10 | of Action as though set forth fully herein, the allegations contained in Paragraphs
11 | 1 through 37, above.  This cause of action is plead by all Plaintiffs, against all
12 | Defendants.

13 |     39.    Within the three (3) years before the filing of this Complaint,
14 | Defendants have employed Plaintiffs as Agents (and/or in similar positions and/or
15 | with similar job titles, duties, and responsibilities) throughout the State of
16 | California, to conduct and transact Defendants' insurance and financial products
17 | business. Defendants have unlawfully denied Plaintiffs wages and other benefits
18 | of employment, when as a matter of fact and law, Agents are Defendants'
19 | "employees" pursuant to contract. As a result, Plaintiffs are, and remain, entitled
20 | to the protections of  the California Industrial Welfare Commission Wage Order
21 | No. 4-2001, originally and as amended, and the California Labor Code, with
22 | regard to the requirements that Defendants provide Plaintiffs with correctly
23 | itemized wage statements at each pay period, but in no event fewer than twice
24 | monthly, including proper payment of wages and expenses, and proper itemization
25 | of employees' pay, and withholding of deductions authorized in writing by
26 | employees, among other items.

27 |     40.    In violation of state law, Defendants have refused to perform their
28 | obligations to provide Plaintiffs with properly itemized wage statements, including

- 17 -

1  proper payment of wages and expenses, and proper itemization of employees' pay,

2  and of deductions authorized in writing by employees.

3      41.    As a direct and proximate result of Defendants' failure to provide

4  Plaintiffs with properly itemized wage statements,, Plaintiffs have suffered, and

5  continue to suffer, substantial losses related to the use and enjoyment of such

6  wages, monies, and wage statements and wage benefits, lost interest on wages and

7  expenses and benefits, and expenses and attorneys' fees in seeking to compel

8  Defendants to fully perform their obligation under state law, all to their respective

9  damage in amounts according to proof at time of trial. Plaintiffs are thus entitled to

10  recover all amounts for all such wages and expenses and benefits on such wage

11  statements, penalties, interest, attorneys' fees, and court costs and expenses of suit,

12  pursuant to Labor Code sections 218.6 and 226, according to proof at time of trial.

13  Plaintiffs are also entitled to recover, in addition to or in lieu of some or all such

14  wages and expenses and benefits, nominal, actual and compensatory damages in

15  amounts according to proof at time of trial.

16      42.    WHEREFORE, Plaintiffs request relief as herein provided.

17  **FOURTH CAUSE OF ACTION (COUNT FOUR):**

18  **WAGES UNLAWFULLY WITHHELD AT TERMINATION,**

19  **UNDER THE LAWS OF THE STATE OF CALIFORNIA,**

20  **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

21  **(By All Plaintiffs, Against All Defendants)**

22      43.    Plaintiffs hereby reallege, and incorporate by reference in this Cause

23  of Action as though set forth fully herein, the allegations contained in Paragraphs

24  1 through 42, above.  This cause of action is plead by all Plaintiffs, against all

25  Defendants.

26      44.    Within the three (3) years before the filing of this Complaint,

27  Defendants have employed Plaintiffs as Agents (and/or in similar positions and/or

28  with similar job titles, duties, and responsibilities) pursuant to the TSA Plan

1   Agreement, throughout the State of California, to conduct and transact

2   Defendants' insurance and financial products business. Defendants have

3   unlawfully denied Plaintiffs wages and other benefits of employment, when as a

4   matter of fact and law, Agents are Defendants' employees pursuant to contract. As

5   a result, Plaintiffs are and have been entitled to the protections of the California

6   Labor Code, with regard to the requirements that Defendants provide Plaintiffs

7   with all earned wages as of the date of each former-employee-Plaintiffs'

8   termination of employment with Defendants.

9       45.    In violation of state law, Defendants have refused to perform their

10  obligations to provide former-employee-Plaintiffs with all earned wages as of the

11  date of each former-employee-Plaintiffs' termination of employment with

12  Defendants.  As a direct and proximate result, Plaintiffs have suffered, and

13  continue to suffer, substantial losses related to the use and enjoyment of such

14  compensation, all to their respective damage in amounts according to proof at time

15  of trial.  As Defendants' conduct described herein violates the provisions of the

16  California Labor Code regarding proper payment of all earned wages as of the

17  date of each former-employee-Plaintiffs' termination of employment with

18  Defendants, Plaintiffs are thus entitled to recover all amounts for all such

19  compensation plus waiting time penalties pursuant to Labor Code sections 200 -

20  203, according to proof at time of trial. Plaintiffs are also entitled to recover, in

21  addition to or in lieu of some or all such compensation and benefits, nominal,

22  actual and compensatory damages in amounts according to proof at time of trial.

23      46.    WHEREFORE, Plaintiffs request relief as herein provided.

24  **FIFTH CAUSE OF ACTION (COUNT FIVE):**

25  **VIOLATION OF CALIFORNIA LABOR CODE**

26  **SECTIONS 221, 450 AND 2802**

27  **(By All Plaintiffs, Against All Defendants)**

28      47.    Plaintiffs hereby reallege, and incorporate by reference in this Cause

- 19 -

1  of Action as though set forth fully herein, the allegations contained in paragraphs

2  1 through 46, above. This cause of action is plead by all Plaintiffs, against all

3  Defendants.

4      48.    Within the preceding three (3) years, Defendants maintained a scheme

5  by which Plaintiffs have been required to pay Defendants for, among other items:

6  pay monthly rent on a cubicle in Defendants' offices; pay monthly telephone

7  service charges for a phone line run into their cubicle; pay copy charge fees; and

8  pay for required, specialized software and technical support for that software as a

9  monthly charge. Defendants have also charged Plaintiffs a "commission

10 administration fee" for each policy on which Defendants paid Plaintiffs' a

11 commission. Further, upon the end of an Agent's employment with Defendants,

12 Defendants demanded immediate payment of any of these business expenses

13 and/or fees assessed against the Agent by Defendants and remaining unpaid at the

14 end of employment, and threatened the Agent with collections action if the Agent

15 failed to make immediate payment. This Cause of Action seeks recovery of such

16 sums paid by Agents (and/or others in similar positions and/or with similar job

17 titles, duties, and responsibilities) after the end of their employment and in

18 response to such threats of collections activity made by Defendants.

19     49.    At all times relevant, California Labor Code sections 221, 450 and

20 2802 were in effect and prohibited Defendants' collection of wages previously

21 paid to employees and/or coercing employees to patronize Defendants by paying

22 rent for cubicles, charges for telephone service, and surcharges for copying,

23 among others. Further, Defendants' attempts to collect these sums from Agents

24 after the end of employment constitutes a further violation of these sections.

25     50.    WHEREFORE, Plaintiffs request relief as herein provided.

26 ///

27 ///

28 ///

- 20 -

PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT CV 07-518-VBF(VBKx)

## SIXTH CAUSE OF ACTION (COUNT SIX):
## UNFAIR BUSINESS PRACTICES IN VIOLATION OF
## CALIFORNIA BUSINESS AND PROFESSIONS CODE
## SECTIONS 17200, ET. SEQ.,
## BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA
### (By All Plaintiffs, Against All Defendants)

51.   Plaintiffs hereby reallege, and incorporate by reference in this Cause of Action as though set forth fully herein, the allegations contained in Paragraphs 1 through 50, above.  This cause of action is plead by all Plaintiffs, against all Defendants.

52.   Defendants engage in business practices, offer their insurance policies and financial products for sale, and advertise their goods and services within the jurisdiction of the State of California.  As such, Defendants have a duty to comply with the provisions of the Unfair Business Practices Act as set forth in California Business & Professions Code sections 17200, *et seq.*, which Act prohibits, *inter alia*, unlawful, unfair, and/or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

53.   By violating the foregoing provisions of California's labor and employment laws, and by failing to take immediate and appropriate measures to address these violations, Defendants' acts constitute unfair business practices under Business and Professions Code sections 17200, *et. seq.*  Defendants' violations of California's labor and employment laws constitute a business practice because they have been done repeatedly over a significant period of time throughout the State of California, and in a systematic manner to the detriment of many Plaintiffs.

54.   As a direct, foreseeable, and proximate result of Defendants' acts and omissions alleged herein, for the four (4) years preceding the filing of this action

- 21 -

1  Plaintiffs, including Named Plaintiffs ORTMANN and OPYRCHAL, have lost

2  money and suffered injuries, and Defendants have also been unjustly enriched as a

3  result of unfair competition. Plaintiffs therefore request restitution of all monies

4  paid to Defendants by the Plaintiffs pursuant to the illegal acts alleged herein, all

5  in an amount according to proof at time of trial, in lieu of or in addition to other

6  types of relief requested herein.

7      55.    WHEREFORE, Plaintiffs request relief as herein provided.

8  **SEVENTH CAUSE OF ACTION (COUNT SEVEN):**

9  **UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF**

10  **CALIFORNIA BUSINESS AND PROFESSIONS CODE**

11  **SECTIONS 17200, ET. SEQ.,**

12  **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

13  **(By All Plaintiffs, Against All Defendants)**

14      56.    Plaintiffs hereby reallege, and incorporate by reference in this Cause

15  of Action as though set forth fully herein, the allegations contained in Paragraphs

16  1 through 55, above. This cause of action is plead by all Plaintiffs, against all

17  Defendants.

18      57.    Defendants engage in business practices, offer their insurance

19  policies and financial products for sale, and advertise their goods and services

20  within the jurisdiction of the State of California. As such, Defendants have a duty

21  to comply with the provisions of the Unfair Business Practices Act as set forth in

22  California Business & Professions Code sections 17200, *et seq.*, which Act

23  prohibits, *inter alia*, unlawful, unfair, and/or fraudulent business acts or practices

24  and unfair, deceptive, untrue, or misleading advertising by any person, firm,

25  corporation, or association within the jurisdiction of the State of California.

26      58.    By violating the foregoing provisions of California's labor and

27  employment laws, and by failing to take immediate and appropriate measures to

28  address these violations, Defendants' acts constitute unlawful business practices

- 22 -

PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT CV 07-518-VBF(VBKx)

1  under Business and Professions Code sections 17200, *et. seq*.  Defendants'

2  violations of California's labor and employment laws constitutes a business

3  practice because they have been done repeatedly over a significant period of time

4  throughout the State of California, and in a systematic manner to the detriment of

5  scores of Plaintiffs.

6      59.    As a direct, foreseeable, and proximate result of Defendants' acts and

7  omissions alleged herein, for the four (4) years preceding the filing of this action

8  Plaintiffs, including Named Plaintiffs ORTMANN and OPYRCHAL, have lost

9  money and suffered injuries, and Defendants have also been unjustly enriched as a

10  result of unfair competition.  Plaintiffs therefore request restitution of all monies

11  paid to Defendants by the Plaintiffs pursuant to the illegal acts alleged herein, all

12  in an amount according to proof at time of trial, in lieu of or in addition to other

13  types of relief requested herein.

14      60.    WHEREFORE, Plaintiffs request relief as herein provided.

15                    **V.  PRAYER FOR RELIEF**

16      61.    Plaintiffs hereby reallege, and incorporate by reference in this Section

17  as though set forth fully herein, the allegations contained in Paragraphs 1 through

18  60, above.

19      WHEREFORE, Plaintiffs pray for judgment as follows:

20      1.    For nominal damages;

21      2.    For actual damages;

22      3.    For compensatory damages;

23      4.    For restitution of all monies, wages, expenses and benefits due to

24  Plaintiffs;

25      5.    For interest accrued to date;

26      6.    For interest pursuant to Labor Code section 218.6, 1194, and 1194.2;

27      7.    For penalties pursuant to Labor Code sections 203 and 226;

28      8.    For liquidated damages pursuant to Labor Code section 1194.2;

1        10.    For costs of suit and expenses incurred herein pursuant to Labor Code

2  sections 226, 1194, and 2802;

3        11.    For reasonable attorneys' fees pursuant to Labor Code sections 226,

4  1194, and 2802, and C.C.P. section 1021.5;

5        12.    For appropriate equitable relief;

6        13.    For appropriate declaratory relief;

7        14.    For all such other and further relief that the Court may deem just and

8  proper.

9

10  Dated: _____             **POPE, BERGER & WILLIAMS, LLP,**

11                                **LAW OFFICES OF DOUGLAS J. CAMPION**
**MARLIN & SLATZMAN**

12                                **SCHWARTZ, DANIELS & BRADLEY**
**LAW OFFICES OF PETER M. HART**

13

14                    By: _____
                                 A. Mark Pope

15                                 Attorneys for Named Plaintiffs OLGA ORTMANN
                               and JUSTIN OPYRCHAL, individually, and on

16                               behalf of all other similarly situated current and
                               former employees of Defendants in the State of

17                               California

18

19

20

21

22

23

24

25

26  ///

27  ///

28  ///

PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT CV 07-518-VBF(VBKx)

1

## DEMAND FOR JURY TRIAL

2        Named Plaintiffs OLGA ORTMANN and JUSTIN OPYRCHAL, individually, and on

3  behalf of all other similarly situated current and former employees of Defendants in the State of

4  California, hereby demand a jury trial.

5

Dated: _____                    **POPE, BERGER & WILLIAMS, LLP**,
6                                           **LAW OFFICES OF DOUGLAS J. CAMPION**
                                            **MARLIN & SLATZMAN**
7                                           **SCHWARTZ, DANIELS & BRADLEY**
                                            **LAW OFFICES OF PETER M. HART**
8

9                            By:_____
                                A. Mark Pope
10                               Attorneys for Named Plaintiffs OLGA
                                 ORTMANN and JUSTIN OPYRCHAL,
11                               individually, and on behalf of all other
                                 similarly situated current and former
12                               employees of Defendants in the State of
                                 California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT CV 07-518-VBF(VBKx)